## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEROME CORSI, an individual<br>Denville, New Jersey[1]<br><br>           Plaintiffs,<br><br>v.<br><br>ROBERT MUELLER, an individual,<br>Individually and in his official capacity as Special Counsel<br>950 Pennsylvania Ave NW<br>Washington, D.C. 20530<br><br>And<br><br>UNITED STATES DEPARTMENT OF JUSTICE<br>950 Pennsylvania Ave NW<br>Washington, D.C. 20530<br><br>And<br><br>FEDERAL BUREAU OF INVESTIGATION<br>935 Pennsylvania Ave NW<br>Washington, D.C. 20530<br><br>And<br><br>NATIONAL SECURITY AGENCY<br>9800 Savage Rd. Suite 6272<br>Ft. George G. Meade MD 20755-6000<br><br>And<br><br>CENTRAL INTELLIGENCE AGENCY<br>1000 Colonial Farm Road<br>McLean, VA 22101<br><br>           Defendants. | **COMPLAINT** |

## I.    INTRODUCTION

---

[1] Plaintiff's address is being withheld for security purposes

Plaintiff Jerome Corsi ("Corsi") brings this Complaint against Defendants Robert S. Mueller ("Mueller"), the U.S. Department of Justice ("DOJ"), the Federal Bureau of Investigation ("FBI"), the National Security Agency ("NSA") and the Central Intelligence Agency ("CIA") for conducting illegal and unconstitutional surveillance, in violation of the Fourth Amendment and both the USA FREEDOM Act and Section 702 of the Foreign Intelligence Surveillance Act ("PRISM"), as well as a violation of the secrecy provision the Fed. R. Crim. Pro 6(e)(2) pertaining to grand jury proceedings.

## II.      JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction).

2.      The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 (Diversity Jurisdiction)

3.      This Court has supplemental jurisdiction over this case pursuant to 28 U.S.C. § 1367.

4.      Venue is proper pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391(b)(2), (3) in that Defendants reside here and are subject to personal jurisdiction in this District.

## III.      PARTIES

### Plaintiff

5.      Jerome Corsi is an individual, natural person, who at all material times was and is a citizen of New Jersey.

### Defendants

6.      Defendant Robert Mueller is an individual and is being sued individually and in his official capacity as Special Counsel into alleged Russian interference in the 2016 Presidential

election and alleged obstruction of justice. He is a citizen of the District of Columbia and resides in Georgetown.

7.      Defendant U.S. Department of Justice is a federal agency that is headquartered in Washington, D.C.

8.      Defendant Federal Bureau of Investigation is a federal agency that is headquartered in Washington, D.C.

9.      Defendant National Security Agency is a federal agency that is headquartered in Fort Meade, Maryland.

10.     Defendant Central Intelligence Agency is a federal agency that is headquartered in Fairfax, Virginia.

## IV.    STANDING

11.     Plaintiff Corsi has standing to bring this action because he has been directly affected and victimized by the unlawful and unconstitutional and other illegal and criminal conduct complained herein. His injuries are proximately related to the conduct of Defendants, each and every one of them, acting in concert jointly and severally.

## V.     FACTS

12.     Plaintiff Corsi is a recognized and distinguished investigative conservative journalist and author who has written two New York Times best-selling books. He is a supporter of President Donald J. Trump.

13.     In March of 2015, Plaintiff Corsi began investigating former Secretary of State Hillary Clinton's forced admission that while at the Department of State she had conducted U.S. Government business through a non-government, private email server. Secretary Clinton stated

that she had turned over 30,490 emails but deleted nearly 32,000 others, among other related issues.

14.     Then, on July 22, 2016, Wikileaks released a portion of the emails that they had downloaded from the Democratic National Convention's ("DNC") server.[2] Wikileaks had announced publically before the July 22, 2016 release that it would be releasing to the public DNC documents in several batches.

15.     Plaintiff Corsi, upon reviewing the documents leaked on July 22, 2016 noticed that emails to and from Hillary Clinton's campaign manager John Podesta were missing. He then logically reasoned and thus speculated that these emails would be released in a future batch, as per Wikileaks' announcement.

16.     Defendant Mueller was appointed as Special Counsel on May 17, 2017 to investigate alleged Russian inference into the 2016 Presidential election.

17.     In the course of his investigation, Defendant Mueller, and others on his staff at his direction have misrepresented the investigative research conducted by Plaintiff Corsi and spun the fake narrative that Plaintiff Corsi "colluded" with Russian intelligence and other services.

18.     This was based upon Plaintiff Corsi's investigative deduction that the emails between Hillary Clinton and John Podesta would probably be released at a later date.

19.     Based on these misrepresentations by Defendant Mueller and his leftist and Democrat partisan prosecutorial and ethically and legally conflicted staff, Defendant Mueller has threatened to indict Plaintiff Corsi and effectively put him in federal prison for the rest of his life

---

[2] Tim Hamburger and Karen Tumulty, *WikiLeaks releases thousands of documents about Clinton and internal deliberations,* The Washington Post, July 22, 2016, https://www.washingtonpost.com/news/post-politics/wp/2016/07/22/on-eve-of-democratic-convention-wikileaks-releases-thousands-of-documents-about-clinton-the-campaign-and-internal-deliberations/.

unless Plaintiff Corsi would provide the false testimony that they demanded, even after being informed that the testimony desired would be false.

20.     As just one example, Defendant Mueller and his prosecutorial staff have demanded that Plaintiff Corsi falsely testify that he acted as a liaison between Roger Stone and Wikileaks leader Julian Assange concerning the public release of emails downloaded from the DNC's servers.

21.     Furthermore, Defendant Mueller and his staff, at his direction, have criminally violated Federal Rules of Criminal Procedure 6(e)(2), governing the secrecy requirement of grand jury proceedings.

22.     Defendant Mueller and his staff have leaked grand jury information to the press concerning Plaintiff Corsi, in violation of Plaintiff Corsi's privacy rights as well as the Federal Rules of Criminal Procedure.

**23.**     For instance, and as just one example,  an article published by ABC News titled *Conspiracy theorist becomes key figure as Mueller builds case* contains confidential information regarding the grand jury proceedings about Plaintiff Corsi that could only possibly have come from Defendant Mueller.[3]

24.     The article reveals intricate details about Defendant Mueller's investigation, including the fact that Plaintiff Corsi had "emerged as a central figure of interest to Mueller as he builds his case" and that Defendant Mueller had "evidence that suggests Corsi may have had advance knowledge that the email account of Clinton's campaign manager, John Podesta, had been hacked and that WikiLeaks had obtained a trove of damning emails from it."

---

[3] Ali Dukakis, *Conspiracy theorist becomes key figure as Mueller builds case*, ABC News, Oct. 31, 2018, available at: https://abcnews.go.com/Politics/conspiracy-theorist-key-figure-mueller-builds-case/story?id=58886291

25.     This grand jury confidential information concerning Defendant Mueller's investigation was at the time only known by Defendant Mueller and his staff, including but not limited to their press secretary, Peter Carr, who periodically disclosed and released grand jury information to "favorable media," at the direction of Defendant Mueller and his prosecutorial staff, and thus meet secretly with the media at Paul Restaurant at 801 Pennsylvania Avenue, N.W., Washington, D.C. There Peter Carr, at the direction of Mueller and his prosecutorial staff disclosed and released this grand jury information without leaving a paper trail.  This is just one example of how this grand jury information is and could only have been leaked by Defendant Mueller and his prosecutorial and media relations staff. See Exhibit 1, which is incorporated herein by reference.

26.     In this regard, Defendants Mueller, DOJ, NSA, CIA, and FBI have engaged in ongoing illegal, unconstitutional surveillance on Plaintiff Corsi, in violation of the Fourth Amendment and the USA FREEDOM Act as well targeted "PRISM" collection under Section 702 of the Foreign Sovereignties Immunity Act at the direction of Defendant Mueller.

27.     This illegal and unconstitutional surveillance is being conducted in conjunction with Defendant Mueller's investigation, at the direction of Mueller and his partisan Democrat, leftist, and ethically and legally conflicted prosecutorial staff in order to try to uncover information that can be used by Defendant Mueller to coerce, extort, threaten and/or blackmail Plaintiff Corsi into testifying falsely to implicate the president of the United States in crimes and have him removed from office.

28.     Plaintiff Corsi, as an investigative journalist, routinely speaks with persons located overseas in regions that are surveilled under PRISM.

**FIRST CAUSE OF ACTION**
**Fourth Amendment Violation**

29.     Plaintiff Corsi repeats and re-alleges all of the previous allegations of this Complaint with the same force and affect, as if fully set forth herein.

30.     The Fourth Amendment provides that people have a right to be secure in their persons against unreasonable searches and seizures, that warrants shall not be issued but upon probable cause, and that the place of search must be described with particularity. The undersigned counsel previously obtained preliminary injunctions in other related cases before this Court where his clients and himself, such as Plaintiff Corsi, were illegally and unconstitutionally surveilled and attorney-client confidences violated. *See Klayman v. Obama et al*, 1:13-cv-851 (D.D.C), ECF No. 49, 159.

31.     Defendants, each and every one them acting in concert and jointly and severally violated the Fourth Amendment to the U.S. Constitution, as well at the above-mentioned statutes when they unreasonably searched and seized and continue to search Plaintiff's phone and other digital records without a warrant and probable cause.

32.     Defendant Mueller, acting in his official capacity and personally, jointly and severally through his agents such as his prosecutorial staff, without probable cause violated the Fourth Amendment and the above statutes by not describing with particularity the place to be searched or the person or things to be seized, and/or obtaining lawful authorization. Defendant Mueller and his prosecutorial and media staff, acting in their official capacity and personally, also illegally released grand jury information to harm Plaintiff Corsi by attempting to destroy his reputation and personal and professional well-being and livelihood, thus also attempting to drive him into bankruptcy. These illegal and criminal acts by Defendant Mueller by and through his agents such as his prosecutorial and media staff and the other Defendants were intended to coerce, extort, threaten and/or blackmail him into submission and designed to remove the current president

of the United States for political and other improper purposes, and therefore effectively wage a "legal coup d'etat," negating the will of the American voters who elected Donald J. Trump on November 6, 2016.

33.     By reason of the wrongful conduct of Defendants, Plaintiff Corsi has suffered and continues to suffer from severe emotional distress and physical harm, pecuniary and economic damage, loss of services, loss of society and reputation accordingly.

34.     The allegations of illegal and unconstitutional surveillance against Defendant Mueller are compensable personally under *Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

35.     As a direct and proximate result of the intentional and willful actions of Defendant Mueller and the other Defendants, Plaintiff Corsi demands judgment be entered, including an award of compensatory and actual damages, punitive damages, equitable relief, reasonable attorneys' fees, pre-judgment interest, post-interest and costs, and such other relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION
### Violation of Grand Jury Secrecy Provisions
### Defendant Mueller

36.     Plaintiff Corsi repeats and re-alleges all of the previous allegations of the entirety of this Complaint, including but not limited to the Introduction, with the same force and affect, as if fully set forth herein again at length.

37.     Federal Rules of Criminal Procedure 6(e)(2), mandates that grand jury proceedings be held to secrecy requirements.

38.     Defendant Mueller and at his direction his staff, including but not limited to his media spokesperson Peter Carr, have violated Federal Rules of Criminal Procedure 6(e)(2) by leaking grand jury information concerning Plaintiff Corsi to the media.

39.     These leaks are meant to pressure Plaintiff Corsi into providing the false testimony that Defendant Mueller and his staff seek by portraying Plaintiff Corsi negatively through the media, as well as to destroy him if he does not comply.  These leaks are also intended to send a message to other supporters of the president that they had best comply with the unlawful demands of Defendant Mueller and his prosecutorial staff or be indicted or at the least irreparably smeared and destroyed in the public domain.

40.     Plaintiff Corsi has suffered and will continue to suffer irreparable harm to his reputation and personal and professional well-being as a result of this confidential grand jury information being leaked to the public, which is intended to ruin him financially and otherwise.

WHEREFORE, Plaintiff requests both preliminary injunctive relief as well as permanent injunctive relief and whatever relief this Court deems necessary and proper.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant as follows:

(a) For equitable, declaratory, and injunctive relief.

(b) For general and compensatory damages in excess of $100, 000,000.

(c) For punitive damages in excess of $250,000,000.

(d) Such other relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

**Plaintiffs demand a trial by jury on all counts as to all issues so triable.**

Dated: December 10, 2018

Respectfully submitted,

*/s/ Larry Klayman*
Larry Klayman, Esq.
KLAYMAN LAW GROUP, P.A.
D.C. Bar No. 334581
2020 Pennsylvania Ave. NW, Suite 800
Washington, DC 20006
Tel: (561)-558-5536
Email: leklayman@gmail.com

*Of Counsel:*

David E. Gray
Gray Law Group
760 Rt. 10 West
Suite 204
Whippany, N.J. 07981
Tel: 973-240-7313
dgray@graylawgroupnj.com

Attorneys for Plaintiff

# EXHIBIT 1

**Del Wilber**

| | |
|---|---|
| **From:** | Del Wilber |
| **Sent:** | Monday, July 03, 2017 2:37 PM |
| **To:** | SpecialCounselPress |
| **Subject:** | Re: Where/when should I meet you today? |

230 on wednedsay. cool.

btw, I am not sure why this went to my gmail or from my gmail. sorry

On Mon, Jul 3, 2017 at 2:12 PM, SpecialCounselPress <SpecialCounselPress@usdoj.gov> wrote:

We can try, but my afternoons are often in flux. Like today, I may have to cancel. Let's schedule for 2:30.

**From:** Del Wilber (b) (6)
**Sent:** Monday, July 3, 2017 2:08 PM
**To:** SpecialCounselPress <SpecialCounselPress@jmd.usdoj.gov>
**Subject:** Re: Where/when should I meet you today?

Wednesday afternoon?

Del Wilber

(b) (6) (cell)

202-862-6624 (w)

Twitter: @delwilber

A Good Month for Murder: http://amzn.to/22vNLu4

Rawhide Down: http://amzn.to/29H1l8I

On Jul 3, 2017, at 1:54 PM, SpecialCounselPress <SpecialCounselPress@usdoj.gov> wrote:

I know, sorry. Today hasn't gone at all like I expected.



**From:** Del Wilber [b)(6)]
**Sent:** Monday, July 3, 2017 1:43 PM
**To:** SpecialCounselPress <SpecialCounselPress@jmd.usdoj.gov>
**Subject:** Re: Where/when should I meet you today?

Boo!

Wednesday morning?

Del Wilber

[b)(6)] (cell)

202-862-6624 (w)

Twitter: @delwilber

A Good Month for Murder: http://amzn.to/22vNLu4

Rawhide Down: http://amzn.to/29H1l8l

On Jul 3, 2017, at 1:34 PM, SpecialCounselPress <SpecialCounselPress@usdoj.gov>
wrote:

> Sorry for the delay. I was asked to be in a meeting at 3:15, so can't do 3pm
> anymore today. Can we try for Thursday? I'll be in the full day and we can try for
> a morning meeting. We can meet at Paul on 9th and Penn.
>
> **From:** Del Wilber [b)(6)]
> **Sent:** Monday, July 3, 2017 10:24 AM
> **To:** SpecialCounselPress <SpecialCounselPress@jmd.usdoj.gov>
> **Subject:** Where/when should I meet you today?

Del Wilber

(b)(6) cell)

202-862-6624 (w)

Twitter: @delwilber

A Good Month for Murder: http://amzn.to/22vNLu4

Rawhide Down: http://amzn.to/29H1l8l

--
Del Wilber
Twitter: @delwilber
C) (b)(6)
W) 202-824-8223
A Good Month for Murder
Rawhide Down