0IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEROME CORSI,
*Plaintiff*,

v.

ROBERT MUELLER, et al  Civil Action No. 1:18-cv-02885
*Defendants*

## PLAINTIFFS' RESPONSE TO COURT'S ORDER OF DECEMBER 12, 2018

Plaintiff Jerome Corsi ("Mr. Corsi") submits the following in response to this Court's order of December 12, 2018 directing Plaintiff to "show cause in writing within 14 days of this Order why this case is related to Klayman v. Obama, C.A. No. 13-cv-851 for the purpose of the Rule 40.5 procedure…." ECF No. 4. A review of this instant complaint ("Corsi Complaint"), as well as the operative complaints in *Klayman v. Obama*, 13-cv-851 ("*Klayman I*") and *Klayman v. Obama* ("*Klayman II*"), and its related case, *Klayman v. Comey*, 17-cv-1074 ("*Klayman III*") (collectively the "*Klayman* Matters") shows that the Corsi Complaint is intricately related to *Klayman I* and its progeny, as it involves a continuing pattern and practice of illegal and unconstitutional misconduct first pled in *Klayman I* and *II* and that has been ongoing for nearly over half a decade now.

Under Local Rule 40.5, related cases are allowed assignment to the same judge, in the interest of judicial economy. A new case will be designated as "related" if both cases (1) relate to common property, or (2) involve common issues of fact, or (3) grow out of the same event or transaction, or (4) involve a patent infringement." *Dale v. Executive Office of the President*, 121 F. Supp. 2d 35, 37 (D.D.C. 2000). Here, Mr. Corsi's designation survives under not just one, but

at least two of the prescribed bases—the two cases clearly involve common issues of fact and law and the two cases grow out of the same continuing events.

*First*, the *Klayman* Matters and the Corsi Complaint are all based fundamentally on illegal, warrantless, and unconstitutional surveillance by the FBI, the Office of Special Counsel of the Department of Justice, and their sister intelligence agencies. For instance, *Klayman I* alleges:

> This is an action for monetary, declaratory, equitable, and injunctive relief as a result of the U.S. Government's illegal and unconstitutional use of electronic surveillance programs in violation of the First, Fourth, and Fifth Amendments to the U.S. Constitution. In addition, this lawsuit challenges the Government's expansive acquisition of Plaintiffs' telephone and Internet metadata under Section 215 of the Patriot Act, 50 U.S.C § 1861 and the Government's bulk collection of Internet content under Section 702 of the Foreign Intelligence Surveillance Act ("FISA") (50 U.S.C. § 1881a). Further, this case challenges the legality of Defendants' participation and conduct in a secret and illegal Government scheme to intercept and analyze vast quantities of domestic and foreign telephonic and Internet communications. ECF No. 145-1, ¶ 1.
>
> This surveillance program was ordered and authorized by President Obama and primarily undertaken by the NSA and the other Defendants, intercepting and analyzing the communication of hundreds of millions of Americans. *Id*. at ¶ 5.

*Klayman III*, which was filed approximately four years later, and which was accepted by this Court as a related matter, alleges the ongoing and continuous nature of the allegations of continuing events set forth in *Klayman I* and *II*:

> Defendants have continued to engage in ongoing illegal, unconstitutional surveillance of millions of Americans, including prominent Americans such as the chief justice of the U.S. Supreme Court, other justices, 156 judges, prominent businessmen and others such as Donald J. Trump, as well as Plaintiffs themselves. Defendants Comey, Rogers, Pompeo, Coats, Obama, Clapper, and Brennan acted outside the scopes of their employment, in their personal capacities, to illegally and unconstitutionally spy on millions of Americans, including Plaintiffs, without probable cause or a warrant, and continue to do so through surrogates in the Obama Deep State. On information and belief, Defendants' ongoing illegal, unconstitutional surveillance continues to occur in numerous ways, including but not limited to, bulk telephony metadata collection similar to the now "discontinued" Section 215 of the USA PATRIOT ACT as well targeted

> "PRISM" collection under Section 702 of the Foreign Sovereignties Immunity Act. Additional, specific mechanisms employed by Defendants will be set forth in discovery. ECF No. 1 ¶¶ 18-20

Now, the newly filed Corsi Complaint alleges a further continuation of the allegations and events originally set forth in *Klayman I*, as it sets forth that the same Defendants, that is parties, are still engaging in unconstitutional and illegal warrantless surveillance without probable cause:

> In this regard, Defendants Mueller, DOJ, NSA, CIA, and FBI have engaged in ongoing illegal, unconstitutional surveillance on Plaintiff Corsi, in violation of the Fourth Amendment and the USA FREEDOM Act as well targeted "PRISM" collection under Section 702 of the Foreign Sovereignties Immunity Act at the direction of Defendant Mueller. This illegal and unconstitutional surveillance is being conducted in conjunction with Defendant Mueller's investigation, at the direction of Mueller and his partisan Democrat, leftist, and ethically and legally conflicted prosecutorial staff in order to try to uncover information that can be used by Defendant Mueller to coerce, extort, threaten and/or blackmail Plaintiff Corsi into testifying falsely to implicate the president of the United States in crimes and have him removed from office. ECF No. 1 ¶¶ 26-27.

As demonstrated through these allegations, the Corsi Complaint clearly sets forth continuing events and "involves common issues of law and fact" with the *Klayman* Matters. They all are centered around the illegal and unconstitutional warrantless surveillance programs that the Defendants have been implementing since at least 2013, when *Klayman I* was filed, and which continues to this day. Furthermore, they all involve interpretation of the statutes purportedly regulating surveillance, including but not limited to the USA FREEDOM Act and the Foreign Intelligence Surveillance Act.

*Second*, the Corsi Complaint serves as an example of a specific allegation set forth in *Klayman III*. In *Klayman III*, the undersigned counsel, Larry Klayman ("Mr. Klayman") alleged that:

> As an attorney, Plaintiff Klayman has, in particular, suffered a chilling effect in his First Amendment rights, as Plaintiff Klayman and his clients, including Plaintiff Montgomery are afraid to speak over the phone and communicate

3

otherwise for fear of being surveilled illegally and unconstitutionally by Defendants. ECF No. 1 ¶ 78.

Now, in the Corsi Complaint, Mr. Klayman is representing Mr. Corsi as a client, and it is alleged that Mr. Corsi has been targeted by the Defendants for illegal and unconstitutional surveillance, which in turn, has violated attorney-client privilege and had a chilling effect on Mr. Klayman's communications with Mr. Corsi.  This is exactly what Mr. Klayman feared when he filed *Klayman III*. As such, it is clear that the Corsi Complaint involves a common, continuing question of fact that renders it related to the *Klayman* Matters.

Indeed, given the fact that this Honorable Court has presided over all of the *Klayman* Matters over the past five (5) years, it is best equipped the handle the Corsi Complaint. This Court is intricately familiar with the factual allegations of the *Klayman* Matters and the ongoing and continuous natures of the constitutional violations and other illegalities set forth therein. It is also intimately familiar with the legal analysis regarding the various statutes involved, which will facilitate swift adjudication. This is particularly important in a case where constitutional violations are alleged to have occurred, and which are still ongoing. *See Mills v. District of Columbia*, 571 F.3d 1304, 1312 (D.C. Cir. 2009) ("It has long been established that the loss of constitutional freedoms, `for even minimal periods of time, unquestionably constitutes irreparable injury.'")

Based on the foregoing, Mr. Corsi respectfully requests that this Court affirm the "related case" designation of this related case and allow for it to proceed expeditiously, as serious and credible constitutional violations have been alleged and are continuing and there clearly are common issues of law and fact. Plaintiff and his spouse, who will be present at the scheduled hearing along with the undersigned counsel, will be prepared to elaborate further under oath,

should the Court decide to inquire, on the illegal and unconstitutional surveillance of him, his family, friends and his legal counsel, in addition to the other allegations of the related complaint.

Dated: December 26, 2019                    Respectfully submitted,
                                            */s/ Larry Klayman*
                                            Larry Klayman, Esq.
                                            KLAYMAN LAW GROUP, P.A.
                                            2020 Pennsylvania Avenue N.W.
                                            Suite 800
                                            Washington, D.C. 20006
                                            (310) 595-0800
                                            leklayman@gmail.com

## **CERTIFICATE OF SERVICE**

    I, Larry Klayman, counsel for Plaintiffs hereby certify that on this day, December 26, 2018, a copy of the foregoing was filed via this Court's ECF system and served upon all parties and/or counsel of record.

                                                    */s/ Larry Klayman*
                                                    Larry Klayman