IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEROME CORSI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 1:18cv2885 |
| ) | |
| ROBERT MUELLER, individually and in his ) | |
| official capacity as Special Counsel, FEDERAL ) | |
| BUREAU OF INVESTIGATION, NATIONAL ) | |
| SECURITY AGENCY, CENTRAL ) | |
| INTELLIGENCE AGENCY, and UNITED ) | |
| STATES DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendants. ) | |

**RESPONSE TO PLAINTIFF'S RELATED CASE NOTICE**

Defendants Federal Bureau of Investigation, National Security Agency, Central Intelligence Agency, United States Department of Justice, and Robert Mueller solely in his official capacity as Special Counsel (together, "the Government"),[1] respectfully submit that Plaintiff has not demonstrated that the above-captioned matter is a case "related" to *Klayman v. Obama*, 13-cv-851, for purposes of the Local Rule 40.5 procedure.

Local Rule 40.5 is an exception to the general rule that "cases shall be assigned to judges of this Court selected at random." Local Civ. R. 40.3(a). Local Rule 40.5 provides that civil cases are deemed "related" when the earliest case is still "pending on the merits in the District Court," and, *inter alia*, the cases "involve common issues of fact" or "grow out of the same event or

---

[1] *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity" that employs the named defendant.).

transaction." Local Civ. R. 40.5(a)(3)(ii)-(iii). Additionally, civil cases "shall be deemed related where a case is dismissed, with prejudice or without, and a second case is filed involving the same parties and relating to the same subject matter." Local. Civ. R. 40.5(a)(4). For purposes of the Rule, "the court has adopted a strict position that ... 'the same parties' means identical parties, not parties in interest." *Dale v. Exec. Office of President*, 121 F. Supp. 2d 35, 37 (D.D.C. 2000) (quoting *Thomas v. Nat'l Football League Players Ass'n*, 1992 WL 43121, *1 (D.D.C. 1992)).

Here, Plaintiff indicated in his notice both that this case was related to a pending case involving common issues of fact, and that this case was related to a dismissed case involving the same parties and relating to the same subject matter. *See* ECF No. 2. That is incorrect. The only purportedly related case that Plaintiff identified in his notice was *Klayman v. Obama*, 13-cv-851 ("*Klayman I*"). *See id.* In his response to the Court's December 12, 2018, order to show cause, Plaintiff suggested that this case was related to *Klayman I* as well as *Klayman v. Obama*, 13-cv-881 ("*Klayman II*") and *Klayman v. Comey*, 17-cv-1074 ("*Klayman III*" or "*Montgomery v. Comey*"). *See* ECF No. 8 at 1.

*Klayman I & II* were dismissed by this Court on November 21, 2017. *See* Order, *Klayman I & II*, 13-cv-851, 13-cv-881 (D.D.C. Nov. 21, 2017), ECF No. 193 (13-851), ECF No. 138 (13-881). That decision is currently on appeal before the D.C. Circuit. *See Klayman v. Obama*, 17-5281, 17-5282 (D.C. Cir. filed Dec. 26, 2017). *Klayman III*, similarly, was dismissed by this Court, *see* Order, *Montgomery v. Comey*, 17-cv-1074 (D.D.C. Mar. 5, 2018), ECF No. 48, and is currently on appeal, *see Montgomery v. Comey*, 18-5097 (D.C. Cir. filed Apr. 11, 2018).[2] Thus,

---

[2] Because Plaintiff did not identify *Klayman III* in his related case notice, Plaintiff's argument that *Klayman III* is a related case under Local Rule 40.5, *see* ECF No. 8, is arguably not properly before the Court. *See* Local Civ. R. 40.5(b)(2). The Government addresses Plaintiff's assertions with respect to *Klayman III* in an abundance of caution.

*Klayman I & II* and *Klayman III* are not currently "pending on the merits" in this Court. *See, e.g., Keepseagle v. Glickman*, 194 F.R.D. 1, 3 (D.D.C. 2000) (noting that, "except in unusual circumstances, a case cannot still be pending on the merits in the district court once an appeal has been properly taken").

None of these dismissed cases can be deemed "related" to Plaintiff's case because none involved the "same parties" and related to the "same subject matter" as Plaintiff's case. Local Civ. R. 40.5(a)(4). The Plaintiff here, Jerome Corsi, was not a party to *Klayman I* or *Klayman II*, and none of the plaintiffs in *Klayman I* (Larry Klayman, Charles Strange, and Mary Ann Strange) or *Klayman II* (Larry Klayman, Michael Ferrari, Charles Strange, Matt Garrison, Jeffrey James Little, J.J. Little & Associates, P.C., and Mary Ann Strange) is a party to this case. *Klayman III* likewise did not involve the same parties as this case—Jerome Corsi was not a party to *Klayman III*, and neither of the plaintiffs in *Klayman III* (Larry Klayman and Dennis Montgomery), is a party to this case. In addition, the primary defendant in this case, the Special Counsel, was not a defendant in either *Klayman I & II* or *Klayman III*. Moreover, none of the prior cases identified by Plaintiff involved a claim alleging improper disclosure of grand jury information, and thus those cases cannot be said to relate to the same "subject matter" as this case. *See generally Montgomery v. Comey*, 300 F. Supp. 3d 158, 162 (D.D.C. 2018) (summarizing *Klayman III* plaintiffs' claims); *Klayman v. NSA*, 280 F. Supp. 3d 39, 42 (D.D.C. 2017) (summarizing *Klayman I & II* plaintiffs' claims); *see, e.g., Washington Alliance of Tech. Workers v. U.S. Dep't of Homeland Sec.*, 16-cv-1170, 2016 WL 11184186, at *2 (D.D.C. June 24, 2016) (explaining that "mere similarity between certain claims does not mean that the case as a whole involves the '*same* subject matter'" and noting that it was not "an instance where the similarities between cases [were] so pronounced that the interest in judicial economy bec[ame] paramount" in part because "numerous issues [were]

unique to one case or the other"). Accordingly, neither *Klayman I & II* nor *Klayman III* can be deemed related to this matter under Local Rule 40.5.

In addition, even if *Klayman I & II* or *Klayman III* were currently "pending on the merits" in this Court, there would be no ground to deem this case related under Local Rule 40.5. Plaintiff alleges (1) that the Special Counsel's Office disclosed grand jury information in violation of Rule 6(e) of the Federal Rules of Criminal Procedure, Complaint, ECF No. 1, ¶¶ 21-25, 36-40, and (2) that he was subjected to unlawful government surveillance in violation of the U.S. Constitution's Fourth Amendment, *id.* ¶¶ 26-35. The factual allegations supporting Plaintiff's putative Fourth Amendment claim consist of three conclusory sentences: First, Plaintiff alleges that "Defendants Mueller, DOJ, NSA, CIA, and FBI have engaged in ongoing illegal, unconstitutional surveillance on Plaintiff Corsi, in violation of the Fourth Amendment and the USA FREEDOM Act as well targeted 'PRISM' collection under Section 702 of the Foreign Sovereignties Immunity Act [sic] at the direction of Defendant Mueller." *Id.* ¶ 26. Second, Plaintiff alleges that the purported surveillance "is being conducted in conjunction with Defendant Mueller's investigation, at the direction of Mueller and his . . . staff" in order to "try to uncover information" that can be used to coerce false testimony from Plaintiff. *Id.* ¶ 27. Third, Plaintiff alleges that he, "as an investigative journalist, routinely speaks with persons located overseas in regions that are surveilled under PRISM." *Id.* ¶ 28.  Plaintiff does not allege when the purported surveillance occurred, the manner in which it was conducted, what communications or information were purportedly collected, or any other facts that would allow the Court to deem the claim non-frivolous.

The general thematic overlap between the *Klayman* cases and Plaintiff's spare putative Fourth Amendment claim is not sufficient to establish that the cases "involve common issues of

fact," let alone that they "grow out of the same event or transaction." *Cf. Dale*, 121 F. Supp. 2d at 37 (agreeing that cases were not all related merely because they all involved the denial of a Privacy Act request). Indeed, Plaintiff's putative Fourth Amendment claim includes no specific factual allegations whatsoever, and appears to be nothing more than an effort to bootstrap this matter to Mr. Klayman's earlier cases for purposes of Local Rule 40.5.

To deem a case related under Local Rule 40.5(a)(3), courts demand much more. For example, *Klayman I & II* and *Klayman III* involved a common plaintiff and defendants, and the plaintiffs in both cases exclusively challenged alleged government surveillance activities: The *Klayman I & II* plaintiffs primarily challenged the NSA's former Section 215 bulk telephony metadata program, and secondarily sought a range of relief related to two other NSA intelligence programs—the discontinued program of bulk Internet metadata collection, carried out under FISA's "pen-trap" provision; and targeted "PRISM" collection conducted under FISA Section 702. *See Klayman v. NSA*, 280 F. Supp. 3d at 43-46. The plaintiffs in *Klayman III*, similarly, alleged that the government had conducted unlawful surveillance "in numerous ways, including but not limited to, bulk telephony metadata collection similar to the now 'discontinued' Section 215 of the USA PATRIOT ACT as well as targeted 'PRISM' collection under Section 702." *Montgomery v. Comey*, 300 F. Supp. 3d at 163 (quoting complaint). Further, while this Court concluded that *Klayman III* was sufficiently related to *Klayman I & II* for the Court to retain jurisdiction, it described that conclusion as a "close call." Minute Order, *Montgomery v. Comey*, 17-1074 (D.D.C. June 27, 2017). Here, the connection between the Plaintiff's claims and the claims of the plaintiffs in *Klayman I & II* and *Klayman III* is substantially more tenuous than the relationship between the claims in the two *Klayman* cases that the Court found just barely met the Local Rule 40.5 standard. Thus, even if *Klayman I & II* or *Klayman III* were still pending on the

5

merits in this Court, there would be no ground to deem this matter a related case under Local Rule 40.5(a)(3).

The Court, litigants, and the public all have an interest in the proper administration of case assignment rules. As the Court recognized in its order to show cause, "[t]he random assignment process 'guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping.'" ECF No. 4 at 1-2 (quoting *Tripp v. Exec. Office of President*, 196 F.R.D. 201, 202 (D.D.C. 2000)). Plaintiff has not carried his burden of showing under Rule 40.5 that this case meets the requirements for exemption from random assignment. For the foregoing reasons, the Government objects to Plaintiff's related case notice.

Dated: December 31, 2018

Respectfully submitted,

JAMES J. GILLIGAN
Acting Branch Director

/s/ Elizabeth Tulis
ELIZABETH TULIS
Trial Attorney
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW
Washington, DC 20005
Tel: (202) 514-9237
Fax: (202) 616-8470
E-mail: elizabeth.tulis@usdoj.gov

*Counsel for Defendants Robert Mueller in his official capacity as Special Counsel, Federal Bureau of Investigation, National Security Agency, Central Intelligence Agency, and United States Department of Justice*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on December 31, 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing to the parties.

/s/ *Elizabeth Tulis*
ELIZABETH TULIS