UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEROME CORSI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 18-2885 (RJL) |
| | ) |
| ROBERT MUELLER, *et al.* | ) |
| | ) |
| Defendants. | ) |
| | ) |

**FILED**

**JAN - 3 2019**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**MEMORANDUM** *And* **ORDER**
(January 3, 2019)

As I wrote in my show cause order, the general rule in this Court is that cases are "assigned to judges of this Court selected at random." LCvR. 40.3(a). This rule exists for good reason: it promotes fairness both in terms of the allocation of caseload to our judges and in terms of how the public perceives the case distribution process. Equally important, if not more so: our random assignment process is designed to minimize, if not eliminate, intentional efforts by litigants to game the system and secure the judge of their choice.

We have, however, created an exception to this background principle—Local Rule 40.5—for so-called "related cases." We created this exception because, where cases are truly related to one another, assigning those cases to different judges would be inefficient and could produce conflicting decisions. So, Rule 40.5 allows a plaintiff to provide notice designating a new case as related to a previous case, as the plaintiff did here.

1

But, a "related case" is not whatever a plaintiff wishes it to be. Rather, in civil matters the word "related" in Rule 40.5(a) requires:

a. An earlier case that is "pending on the merits in the District Court" and the cases in question involve "common issues of fact" or "grow out of the same event or transaction," LCvR 40.5(a)(3); or

b. A previously dismissed case where the new case involves "the same parties and relat[es] to the same subject matter" as the old one. LCvR 40.5(a)(4). "Same parties" in this context means "identical parties." *See Dale v. Executive Office of President*, 121 F.Supp.2d 35, 37 (D.D.C. 2000).

Here, the plaintiff filed a notice stating both that this case "involves common issues of fact" to a "case pending in this" Court and "involves the same parties and same subject matter" as a "case dismissed" by this Court. [Dkt. # 2]. The notice identified *Klayman v. Obama*, No. 13-cv-851 ("*Klayman I*") as the related case. Later, in his response to my show cause order, the plaintiff argued that this case is related to the "*Klayman* matters"— including *Klayman I*'s progeny known as *Klayman II* and *III*. Plaintiff contends that all of these cases share a common foundation in allegedly "illegal, warrantless, and unconstitutional surveillance by" federal law enforcement and intelligence agencies. [Dkt. # 8].

Because I have dismissed each of the *Klayman* cases with prejudice and they are all currently on appeal in the D.C. Circuit, none of those cases is "pending on the merits in the District Court" under Rule 40.5(a)(3). As such, related case status can only attach here under Rule 40.5(a)(4), which pertains to dismissed cases.

Rule 40.5(a)(4) requires that the cases in question involve the same parties and the same subject matter. The plaintiff in this case is Jerome Corsi. Mr. Corsi was not a party to any of the *Klayman* cases. The central defendant in this case is Special Counsel Robert Mueller. Special Counsel Mueller was not a party to any of the *Klayman* cases. Rule 40.5(a)(4) therefore cannot apply.

But even if a *Klayman* case was pending or the parties were identical, this case and the *Klayman* cases do not even come close to sharing the substantive relationship necessary to constitute "related cases" under Rule 40.5(a)(3) or (4). The *Klayman* cases primarily addressed the lawfulness *vel non* of the NSA's bulk telephony metadata program under Section 215 of the USA Patriot Act, a claim that was mooted in 2015 when Congress's USA Freedom Act took effect prohibiting the bulk collection of telephony metadata under Section 215. The cases also challenged FISA's pen-trap provision, and that challenge was similarly mooted by discontinuation of the program. And finally, Klayman's challenge to the FISA PRISM program failed for lack of standing.

This case, by contrast, is about alleged Fourth Amendment and grand jury secrecy rule violations specific to Special Counsel Mueller's investigation of the plaintiff here, Mr. Corsi. The complaint includes a few vague and conclusory allegations about the USA Freedom Act and PRISM, but those allegations—to the extent they are anything more than a blatant attempt to contrive a link to the *Klayman* cases—stem from Special Counsel Mueller's investigation of Mr. Corsi, which has nothing to do with the *Klayman* cases.

The bare invocation of a common statutory authorization—or even a legitimate overlap in the statutory provisions at issue—does not magically convert cases involving

different parties, different facts, and different subject matters into related cases under Rule 40.5. To conclude otherwise would undermine this Court's well-founded random case assignment system and would invite precisely the sort of judge-shopping that the system is designed to avoid.

Thus, I find that this case is not related to any of the *Klayman* cases under Local Civil Rule 40.5.

Accordingly, it is hereby

**ORDERED** that the Clerk of Court shall transfer this matter—*Corsi v. Mueller et al.*, No. 18-cv-2885—to the Calendar and Case Management Committee for random reassignment.

**SO ORDERED.**

*[signature]*
RICHARD J. LEON
United States District Judge