```
                    IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF COLUMBIA

    - - - - - - - - - - - - - - - x
    JEROME CORSI,
                                              CA No:  1:18-cv-02885-RJL
              Plaintiff,
                                              Washington, D.C.
                                              Thursday, January 3, 2019
    vs.                                       3:15 p.m.

    ROBERT MUELLER, et al.,

              Defendants.
    - - - - - - - - - - - - - - - x
    _____

                  TRANSCRIPT OF RELATED CASE HEARING
          HELD BEFORE THE HONORABLE CHRISTOPHER R. COOPER
                     UNITED STATES DISTRICT JUDGE
    _____
    APPEARANCES:

    For the Plaintiff:     LARRY E. KLAYMAN, ESQ.
                           KLAYMAN LAW GROUP, P.A.
                           2020 Pennsylvania Avenue, NW
                           Suite 800
                           Washington, DC 20006
                           (561) 558-5536
                           leklayman@gmail.com

    For the Defendants:    ELIZABETH MURRAY TULIS, ESQ.
                           JAMES J. GILLIGAN, ESQ.
                           U.S. DEPARTMENT OF JUSTICE
                           Civil Division, Federal Programs Branch
                           1100 L Street NW
                           Washington, DC 20005
                           (202) 514-9237
                           elizabeth.tulis@usdoj.gov

    Court Reporter:                Lisa A. Moreira, RDR, CRR
                                   Official Court Reporter
                                   U.S. Courthouse, Room 6718
                                   333 Constitution Avenue, NW
                                   Washington, DC  20001
                                   202-354-3187
    Proceedings recorded by mechanical stenography; transcript
    produced by computer-aided transcription
```

P R O C E E D I N G S

THE COURTROOM DEPUTY: Good afternoon, Your Honor. This afternoon we have Civil Case No. 18-2885, *Jerome Corsi vs. Robert Mueller, et al.*

Will counsel for the plaintiff and the defendants please approach the lectern, identify yourself for the record, and name the party or parties that you represent, please.

MR. KLAYMAN: Good afternoon, Your Honor. Nice to see you again.

THE COURT: Welcome back.

MR. KLAYMAN: Sitting at counsel table with me is Dr. Jerome Corsi, and sitting in the back there in the first row is his wife, Monica Corsi.

THE COURT: Welcome.

MR. KLAYMAN: Thank you.

MS. TULIS: Good afternoon, Your Honor. This is Elizabeth Tulis from the Department of Justice Civil Division. I have with me James Gilligan, also from the DOJ Civil Division.

THE COURT: Welcome.

All right, Counsel, we're here to hear argument on the record to show cause. Each side can have ten minutes. Go first, Mr. Klayman.

MR. KLAYMAN: Thank you, Your Honor.

It's not the first time I've been in front of you with issues like this. We have a long history together, for better or worse, and I might say I admire you and what you've done in the past -- you know that -- and because you did stand up to the government, and you did hold them accountable under our Fourth Amendment, which is sacrosanct, the Constitution.

This, too, is a case at the pinnacle of national importance, and since Your Honor made his initial rulings in what we call *Klayman I* and *Klayman II*, the illegal surveillance continued. We know that. The wiretaps of the Trump Tower, the unmasking under Section 702, the FISA warrants with regard to the individual by the name of Carter Page, it has gone on. Your orders were not respected. In fact, it was like they weren't even there.

And what's happened here in this case with regard to Dr. Corsi is that, of course, he's under the gun with regard to Special Counsel Robert Mueller. He was threatened with indictment unless he pled to one count of perjury. He could not agree to that. He's a religious man. He could not do that in front of his Maker, and he was told that unless he lied he would ultimately be indicted, and we're sitting here with that potential today. We trust that won't happen. We don't think it would be a really smart move by the special counsel to do it, but we can't guarantee that

1   it's not going to.
2          But we can assert our rights, and probably we're
3   the first ones who have asserted their rights with regard to
4   the special counsel, and that's why we're here.
5          Now, Dr. Corsi, if you have any questions, he's
6   prepared to take the witness stand.  If you want to ask him,
7   he'll testify under oath with both regard to the illegal
8   surveillance, but he's seen it most recently with regard to
9   his son-in-law who was questioned by the FBI.  The only way
10  that they could have found out about his son-in-law was by
11  intercepting text messages or emails or whatever.
12         And his son-in-law didn't do anything.  He just
13  was helping him with computer issues.
14         So that's what we're faced with today.  So when we
15  filed this case, I assigned it to you as related because,
16  under Rule 40.5 of the local rules, there are common issues
17  of fact, there are common issues of law, and it's the same
18  transaction.  This is a continuing pattern of illegal
19  surveillance.
20         But as important, Your Honor -- and I'm going to
21  cite some cases here for you; I didn't have a chance to
22  respond because it was New Year's Eve so I came with some
23  cases to what the government filed -- is that because you
24  have such expertise in this matter, to save judicial
25  resources, and because you are the judge who understands the

1  issues the best having dealt with them before, this case
2  properly belongs in front of you.
3           Now, of course, they cited the case *Stewart vs.*
4  *O'Neill.*  Your colleague, Royce Lamberth, a very fine judge
5  as well, found that under unusual circumstances, even if
6  there weren't a case pending, if there was a good
7  possibility that it would still be litigated and come back,
8  that it wouldn't preclude a related case designation.  And
9  I'm going to give Your Honor, if I may, copies of those
10 cases and the other cases that I'm going to raise with you.
11          I'll give a copy to Mr. Gilligan and company.
12          If I may approach the bench?
13          Because since *Klayman I, II*, and *III* were
14 litigated, and of course those matters went up on appeal,
15 the D.C. Circuit -- in fact, Justice Kavanaugh -- wrote a
16 decision on this.  Things have changed.  The *Carpenter*
17 decision that was issued by the Supreme Court effectively
18 allows those cases now to go forward.  That was dealing with
19 tracking locations with cell phones.  You had a majority of
20 the Court, including Chief Justice Roberts, rule that
21 overturning lower court decisions -- and Justice Kavanaugh
22 himself testified, you may remember, during his confirmation
23 hearings, when asked about why he wrote that opinion with
24 regard to your cases, he said, "Well, I made a mistake.  I
25 probably would write it differently now that there was

1   *Carpenter*, okay?  I would come out on the other side."
2           Now, not coincidentally I have an oral argument
3   next week -- you're invited to attend, if you can -- in
4   front of the D.C. Circuit, and I'm raising *Carpenter*.
5   There's a substantial likelihood that these cases will come
6   back because of the Supreme Court ruling.
7           As you know, the D.C. Circuit ruled it was moot
8   because of the USA Freedom Act.  They weren't overturning
9   you on the substance.  It was just they claimed it was moot.
10          So I think that's out of the way, but you can keep
11  it in any event.  And what -- the cases that would stand for
12  the proposition that common issues of law and fact, a
13  continuing series of events, which we have here, of illegal
14  unconstitutional surveillance, judicial economy, and your
15  expertise all cry out for your keeping this case.
16          And the cases which I've just handed to you --
17  *Singh vs. McConville*, 187 F. Supp. 3d 152, decided by Chief
18  Judge Beryl Howell, May 18, 2016, incorporating two
19  decisions that were issued by Judge Royce Lamberth,
20  *Assiniboine and Sioux Tribe of Fort Peck Indian Reservation*
21  *vs. Norton* -- that is 211 F. Supp. 2d 157; it's a 2002
22  case -- and another case by Judge Urbina, which is styled
23  *Autumn Journey Hospital vs. Sebelius,* 753 F. Supp. 135 2010
24  case, both of this court -- in all of these courts, okay,
25  you didn't have an identity of plaintiffs in those cases,

but you had common issues of law and fact.

In Judge Lamberth's case, it was dealing with the Indian trust funds, and there were individual Indian plaintiffs, and there were the tribes.  They were different plaintiffs.  And Judge Lamberth said, "No, it's related.  There's a commonality of law and fact.  I understand the issues better than anybody else.  I'm keeping the case."

In the other case with regard to Judge Urbina, same thing with regard to personal appearance by Department of Defense regulations of servicemen.  Again, different plaintiffs, but common issues of law and fact interpreting the same DOD regulations, dealing with the same series of events.

So for all of these reasons, Your Honor, this is a related case, and you are an independent judge.  We know that, and that's why I admire you so much, because you are independent.

But the government, as they tried with regard to *Klayman III*, doesn't want an independent-minded judge.  They think that they'll get another judge that won't side with the plaintiff, and that's what this is about essentially.

I just want a judge that's going to interpret the law and the facts, and that's what you've done in the past.  You haven't always ruled in my favor, but I respect you greatly nevertheless.  And in this case where you have

1  someone's constitutional rights at issue, where someone has
2  been threatened and told to lie with regard to facts that
3  they claim he knows but he doesn't know because they are
4  having a hard time with the special counsel's office proving
5  so-called Russian collusion, my client is between a rock and
6  a hard place.  He only has you to potentially protect him
7  from at least illegal surveillance and other issues, and
8  that is why we're here today.
9           This is a case, again, at the pinnacle of national
10 importance.  We cannot have -- I'm a former prosecutor, like
11 you.  I've got to tell you something.  If I had to choose a
12 career today, given what I've seen with the way my alma
13 mater has been behaving, not just with regard to Corsi, but
14 right across the board, I would have started as a criminal
15 defense lawyer.  I've lost my heart on behalf of this
16 Department of Justice.  It's become the Department of
17 Injustice under what's been happening these days, and I want
18 to restore the department to its greatness, as I remember
19 it, and the greatness that we need for this country to
20 continue to survive because, without a system of justice and
21 without judges like you, the American people are left
22 defenseless.
23          And I've said this to you before, that you are the
24 last line of defense.  Judges are the most important public
25 servant.  I believe that.  That's why I started Judicial

1    Watch in 1994.  That's why I ran for the U.S. Senate in
2    2004.  I wanted to play a role in the judiciary committee,
3    and that's why I now have Freedom Watch.  And I'm here in my
4    private capacity as the Klayman Law Group because, like I
5    said, in today's day and age you need a good criminal
6    defense lawyer the way things have been going, and in
7    particular you need an independent-minded judge.
8              I thank you, Your Honor.
9              THE COURT:  Thank you.
10             MS. TULIS:  Your Honor, we're here today for a
11   hearing on the issue of whether this case should be deemed
12   related under Local Rule 40.5 to prior cases, including a
13   case 13-cv-851.  The text of Local Rule 40.5 is clear.
14             The first question for the Court is whether this
15   case could even potentially fall under 40.5(a)(3), which
16   requires that the prior allegedly related case be pending on
17   the merits in the district court.  The two cases that have
18   been identified by the plaintiff in his filing have both
19   been dismissed by this Court and are on appeal with the D.C.
20   Circuit; therefore, they're not pending on the merits.
21             The only potentially applicable portion of Local
22   Rule 40.5 is Subsection (a)(4); however, that section
23   requires that the prior case involve both the same parties
24   and relate to the same subject matter, and the same parties
25   must be identical parties.  Plainly, that's not the case

1   here.  This case, therefore, isn't related under Local Rule
2   40.5, and for the reasons that courts in this district have
3   held numerous times, the integrity of the judicial
4   assignment process requires that this be randomly assigned
5   by the calendar committee.
6            Thank you.
7            THE COURT:  Thank you.
8            Well, the Court's had time to research these
9   issues and take a look at the opinions that have recently
10  come down in our district and circuit about this, and the
11  Court will rule as follows.
12           As I wrote in my show cause order, the general
13  rule in this Court is that cases are assigned to judges of
14  this Court selected at random under Local Rule 40.3(a).
15  This rule exists for good reason.  It promotes fairness both
16  in terms of the allocation of caseload to our judges and in
17  terms of how the public perceives the case distribution
18  process.  Equally important, if not more so, our random
19  assignment process is designed to minimize, if not
20  eliminate, intentional efforts by litigants to gain the
21  system and secure the judge of their choice.
22           We have, however, created an exception to this
23  background principle -- Local Rule 40.5 -- for so-called
24  related cases.  We created this exception because, where
25  cases are truly related to one another, assigning those

1    cases to different judges would be inefficient and could
2    produce conflicting decisions.  So Rule 40.5 allows a
3    plaintiff to provide notice designating a new case as
4    related to a previous case, as the plaintiff did here.
5            A related case is not whatever a plaintiff wishes
6    it to be.  Rather, in civil matters, the word "related" in
7    Rule 40.5(a) requires an earlier case that is, quote,
8    pending on the merits in the District Court, close quote,
9    and the cases in question involve, quote, common issues of
10   fact, close quote, or grow out of the same event or
11   transaction; or a previously dismissed case where the
12   rules -- where the new case involves the same parties and
13   relates to the same subject matter as the old one.  "Same
14   parties" in this context means identical parties.
15           Here the plaintiff filed a notice stating both
16   that the case involves common issues of fact to a case
17   pending in this Court and involves the same parties and same
18   subject matter as a case dismissed by this Court.  The
19   notice identified *Klayman vs. Obama*, 13-cv-851, sometimes
20   referred to as *Klayman I*, as the related case.  Later, in
21   his response to my show cause order, the plaintiff argued
22   that this case is related to the *Klayman* matters, quote-
23   unquote, including *Klayman I's* progeny known as *Klayman II*
24   and *III*.  Plaintiff contends that all of these cases share a
25   common foundation and allegedly, quote, illegal,

1  warrantless, and unconstitutional surveillance, close quote,
2  by federal law enforcement and intelligence agencies.
3        Because I have dismissed each of the *Klayman* cases
4  with prejudice and they are all currently on appeal in the
5  D.C. Circuit, none of these cases is, quote, pending on the
6  merits in the District Court under Local Rule 40.5(a)(3).
7  As such, related case status can only attach here under Rule
8  40.5(a)(4), which pertains to dismissed cases.
9        Rule 40.5(a)(4) requires that the cases in
10 question involve the same parties and the same subject
11 matter.  The plaintiff in this case is Jerome Corsi.
12 Mr. Corsi was not a party to any of the *Klayman* cases.  The
13 central defendant in this case is Special Counsel Robert
14 Mueller.  Special Counsel Mueller was not a party to any of
15 the *Klayman* cases.  Rule 40.5(a)(4) therefore cannot apply.
16        But even if a *Klayman* case was pending or the
17 parties were identical, this case and the *Klayman* cases do
18 not even come close to sharing the substantive relationship
19 necessary to constitute related cases under Rule 40.5(a)(3)
20 or (4).  The *Klayman* cases primarily addressed the
21 lawfulness *vel non* of the NSA's bulk telephony metadata
22 program under Section 215 of the USA Patriot Act, a claim
23 that was mooted in 2015 when Congress's USA Freedom Act took
24 effect prohibiting the bulk collection of telephony metadata
25 under Section 215.  The cases also challenged FISA's pen-

1    trap provision, and that challenge was similarly mooted by
2    discontinuation of that program.  And finally, Klayman
3    challenged the FISA PRISM program, but that failed for lack
4    of standing.
5         This case, by contrast, is about alleged Fourth
6    Amendment and grand jury secrecy rule violations specific to
7    Special Counsel Mueller's investigation of the plaintiff
8    here, Mr. Corsi.  The complaint includes a few vague and
9    conclusory allegations about the USA Freedom Act and PRISM,
10   but those allegations, to the extent they're anything more
11   than a blatant attempt to contrive a link to the *Klayman*
12   case, stem from Special Counsel Mueller's investigation of
13   Mr. Corsi, which has nothing to do with the *Klayman* cases.
14        The bare invocation of a statutory authorization
15   or even a legitimate overlap in the statutory provisions at
16   issue does not magically convert cases involving different
17   parties, different facts, and different subject matters into
18   related cases under Rule 40.5.  To conclude otherwise would
19   undermine this Court's well-founded random case assignment
20   system and would invite precisely the sort of judge-shopping
21   that the system is designed to avoid.
22        Thus, I find that this case is not related to any
23   of the *Klayman* cases under Local Civil Rule 40.5, and,
24   accordingly, it is hereby ordered that the Clerk of the
25   Court shall transfer this matter, *Corsi vs. Mueller, et al.*,

```
 1    18-cv-2885, to the Calendar and Case Management Committee
 2    for random reassignment.
 3              That is my order.
 4              Let me finish with a closing thought.  In my
 5    nearly two decades as a judge on this Court, I've seen more
 6    than a fair share of novel and difficult questions.  This
 7    has not been one of them.  To say the least, this Court's
 8    decision to deny related case status here is far less
 9    difficult than many of the other issues I've been called
10    upon to resolve.  Indeed, whether the Court should
11    henceforth recuse itself from any and all matters involving
12    a counsel who just nine months ago publicly accused it of
13    being harvested, quote-unquote, by federal intelligence
14    agencies and, quote, co-opted by the so-called deep state,
15    would be a far more difficult question if those allegations
16    were not so patently absurd and frivolous that they could
17    not reasonably give rise even to the appearance of ethical
18    or other impropriety.
19              In the meantime, I trust and hope that
20    Mr. Klayman's kind words today reflect a rediscovered
21    appreciation of this Court's independence, fair-mindedness,
22    and fidelity to the rule of law.
23              We will stand adjourned.
24                  (Whereupon the hearing was
25                     concluded at 3:35 p.m.)
```

**CERTIFICATE OF OFFICIAL COURT REPORTER**

I, LISA A. MOREIRA, RDR, CRR, do hereby certify that the above and foregoing constitutes a true and accurate transcript of my stenographic notes and is a full, true and complete transcript of the proceedings to the best of my ability.

Dated this 4th day of January, 2019.

/s/Lisa A. Moreira, RDR, CRR
Official Court Reporter
United States Courthouse
Room 6718
333 Constitution Avenue, NW
Washington, DC 20001