**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JEROME CORSI, an individual
Denville, New Jersey[1]

        Plaintiffs,

v.

ROBERT MUELLER, an individual,
Individually and in his official capacity as Special Counsel
950 Pennsylvania Ave NW
Washington, D.C. 20530

And

UNITED STATES DEPARTMENT OF JUSTICE
950 Pennsylvania Ave NW
Washington, D.C. 20530

And

FEDERAL BUREAU OF INVESTIGATION
935 Pennsylvania Ave NW
Washington, D.C. 20530

And

NATIONAL SECURITY AGENCY
9800 Savage Rd. Suite 6272
Ft. George G. Meade MD 20755-6000

And

CENTRAL INTELLIGENCE AGENCY
1000 Colonial Farm Road
McLean, VA 22101

And

JEFF BEZOS
c/o 410 Terry Ave North
Seattle, WA, 98109

**AMENDED COMPLAINT
Civil Action No. 18-cv-02885
(ESH)**

---

[1] Plaintiff's address is being withheld for security purposes

And

THE WASHINGTON POST
1301 K Street NW
Washington, D.C. 20005

And

MANUEL ROIG-FRANZIA
c/o 1301 K Street NW
Washington, D.C. 20005

                    Defendants.

## I.      INTRODUCTION

Plaintiff Jerome Corsi ("Corsi") brings this Amended Complaint against Defendants Robert S. Mueller ("Mueller"), the U.S. Department of Justice ("DOJ"), the Federal Bureau of Investigation ("FBI"), the National Security Agency ("NSA") and the Central Intelligence Agency ("CIA") for conducting illegal and unconstitutional surveillance, in violation of the Fourth Amendment and both the USA Freedom Act and Section 702 of the Foreign Intelligence Surveillance Act ("PRISM"), as well as a violation of the secrecy provision the Fed. R. Crim. Pro 6(e)(2) pertaining to grand jury proceedings and other illegal acts.

Corsi also brings this Amended Complaint against Defendants Jeff Bezos ("Bezos"), The Washington Post ("WaPo") and Manuel Roig-Franzia ("Franzia") for tortuously interfering with Corsi's business and contractual relations, in concert with the other named Defendants, as well as for defamation.

## II.     JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction).

2.      The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 (Diversity Jurisdiction) with regard to Defendants Bezos, Franzia and WaPo in particular.

3.      This Court has supplemental jurisdiction over this case pursuant to 28 U.S.C. § 1367.

4.      Venue is proper pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391(b)(2), (3) in that Defendants reside here and are subject to personal jurisdiction in this District.

## III.    PARTIES

### Plaintiff

5.      Jerome Corsi is an individual, natural person, who at all material times was and is a citizen of New Jersey.

### Defendants

6.      Defendant Robert Mueller is an individual and is being sued individually and in his official capacity as Special Counsel who was allegedly charged with conducting an investigation into alleged Russian interference in the 2016 Presidential election and alleged obstruction of justice. He is a citizen of the District of Columbia and resides in Georgetown.

7.      Defendant U.S. Department of Justice is a federal agency that is headquartered in Washington, D.C.

8.      Defendant Federal Bureau of Investigation is a federal agency that is headquartered in Washington, D.C.

9.      Defendant National Security Agency is a federal agency that is headquartered in Fort Meade, Maryland.

10.     Defendant Central Intelligence Agency is a federal agency that is headquartered in Langley, Virginia.

11.     Defendant Bezos is an individual and is the owner and Chief Operating Officer ("CEO") of The Washington Post ("WaPo").

12.     Defendant WaPo is a news publisher that is headquartered in Washington, D.C.

13.     Defendant Franzia is an individual, a reporter of WaPo working under and at the direction of Defendant Bezos and is on information and belief a citizen of Washington D.C.

## IV.    STANDING

14.     Plaintiff Corsi has standing to bring this action because he has been directly affected and victimized by the unlawful and unconstitutional, criminal and otherwise illegal conduct complained herein. His injuries are proximately related to the conduct of Defendants, each and every one of them, acting in concert, jointly and severally.

## V.     FACTS

15.     Plaintiff Corsi is a recognized and distinguished investigative conservative journalist and author who has written two (2) New York Times best-selling books. He is a supporter of President Donald J. Trump. Plaintiff Corsi has written 20 books since 2004, seven (7) of which were New York Times best-selling books, and two (2) of which were number one (1) bestselling books

16.     In March of 2015, Plaintiff Corsi began investigating former Secretary of State Hillary Clinton's forced admission that while at the Department of State she had conducted government business through an unsecure non-government, private email server. Secretary Clinton stated that she had turned over 30,490 emails but deleted nearly 32,000 others, among other related issues. Later it was determined that she had sent classified and top secret government information over this server, which server was hacked by at least five adverse (5)

foreign interests or nations, according to then FBI Director James Comey and others at the agency.

17.     Then, on July 22, 2016, Wikileaks released a portion of the emails that it had apparently obtained  from the Democratic National Convention's ("DNC") server.[2] Wikileaks had announced publically before the July 22, 2016 release that it would be releasing to the public DNC documents in several batches. Julian Assange, the founder and CEO of WikiLeaks, announced after July 22, 2016, that he had more Democratic Party emails that he planned to make public in the future

18.     Plaintiff Corsi, upon reviewing the documents leaked on July 22, 2016 noticed that emails which had been made publicly available by Wikileaks to and from Hillary Clinton's campaign manager John Podesta were missing. He then logically reasoned and thus speculated that these emails would be released in a future batch, as per Wikileaks' announcements.

19.     Defendant Mueller was appointed as Special Counsel on May 17, 2017 to investigate alleged Russian inference aka "collusion" into the 2016 Presidential election and alleged obstruction of justice that had allegedly occurred thereafter with the president's firing of FBI Director Comey.

20.     In the course of his investigation, Defendant Mueller, and others on his staff at his direction have misrepresented the investigative research conducted by Plaintiff Corsi and spun the fake narrative that Plaintiff Corsi "colluded" with Russian intelligence and other services.

---

[2] Tim Hamburger and Karen Tumulty, *WikiLeaks releases thousands of documents about Clinton and internal deliberations,* The Washington Post, July 22, 2016, https://www.washingtonpost.com/news/post-politics/wp/2016/07/22/on-eve-of-democratic-convention-wikileaks-releases-thousands-of-documents-about-clinton-the-campaign-and-internal-deliberations/.

21.     This was based upon Plaintiff Corsi's logical investigative deduction in July and August 2016 that the emails belonging to John Podesta constituted the bulk of the remaining Democratic Party emails that Julian Assange and WikiLeaks planned to make public after the initial WikiLeaks release of Democratic Party emails on July 22, 2016.

22.     Based on these misrepresentations by Defendant Mueller and his leftist and Democrat partisan prosecutorial and ethically and legally conflicted staff, Defendant Mueller has threatened to indict Plaintiff Corsi and effectively put him in federal prison for the rest of his life unless Plaintiff Corsi would provide the false sworn testimony under oath that they demanded, even after being informed that the testimony desired would be false.

23.     As just one example, Defendant Mueller and his prosecutorial staff have demanded that Plaintiff Corsi falsely testify under oath that he acted as a liaison between Roger Stone and Wikileaks leader Julian Assange concerning the public release of emails obtained from the DNC's servers.

24.     Furthermore, Defendant Mueller and his staff, at his direction, have criminally violated Rule 6(e)(2) of the Federal Rules of Criminal Procedure, governing the secrecy requirement of grand jury proceedings.

25.     Defendant Mueller and his staff have leaked grand jury information to the press concerning Plaintiff Corsi, in violation of Plaintiff Corsi's privacy rights as well as the Federal Rules of Criminal Procedure.

26.     For instance, and as just one example,  an article published by ABC News titled "*Conspiracy Theorist Becomes Key Figure as Mueller Builds Case*" contains confidential information regarding the grand jury proceedings about Plaintiff Corsi that could only possibly

have come from Defendant Mueller.[3] Consistent with the leaks concerning Plaintiff Corsi, it was recently revealed that a major leak concerning President Donald J. Trump was made by Defendant Mueller to BuzzFeed, namely that the president had ordered his private legal counsel Michael Cohen to lie to congressional committees over the Trump organization's business dealings with Russia. After calls for a U.S. Justice Department investigation of this leak in particular – notwithstanding that the undersigned counsel had already filed complaints on behalf of Plaintiff Corsi and others concerning the Special Counsel's continuing and harmful criminal grand jury leaks among other allegations of prosecutorial misconduct and illegality – Defendant Mueller, to try to cover his illegal tracks and head off a Department investigation by the Office of Professional Responsibility and Inspector General --  falsely repudiated what BuzzFeed had reported were indeed leaks from the Special Counsel.

27.     The article set forth in paragraph 26 concerning Plaintiff Corsi,  not coincidentally a strong supporter of President Trump, reveals intricate details about Defendant Mueller's grand jury investigation, including the fact that Plaintiff Corsi had "emerged as a central figure of interest to Mueller as he builds his case" and that Defendant Mueller had "evidence that suggests Corsi may have had advance knowledge that the email account of Clinton's campaign manager, John Podesta, had been hacked and that WikiLeaks had obtained a trove of damning emails from it."

28.     Another example of illegal grand jury leaks concerning Plaintiff Corsi was recently revealed and disclosed by Chuck Ross of The Daily Caller, who reported and published that a physician known as Dr. Mendelsohn and others who received cancer treatment by him and

---

[3] Ali Dukakis, *Conspiracy theorist becomes key figure as Mueller builds case*, ABC News, Oct. 31, 2018, available at: https://abcnews.go.com/Politics/conspiracy-theorist-key-figure-mueller-builds-case/story?id=58886291

who were subpoenaed to appear before the Mueller grand jury. This information could only have been leaked by Defendant Mueller.[4] Mr. Ross, who is now a material witness, told Dr. Corsi that he indeed had obtained information about this grand jury testimony from persons working under the direction of Special Counsel Robert Mueller in the Office of the Special Counsel.

29.     This grand jury confidential information concerning Defendant Mueller's investigation was at the time only known by Defendant Mueller and those working at his direction, including but not limited to his press secretary, Peter Carr, who has periodically disclosed and released grand jury information to "favorable media," at the direction of Defendant Mueller and his prosecutorial staff, and thus meet secretly with the media at Paul Restaurant at 801 Pennsylvania Avenue, N.W., Washington, D.C. There, Peter Carr, at the direction of Mueller and his prosecutorial staff disclosed and released this grand jury information without leaving a paper trail.  This is just one example of how this grand jury information is and could only have been leaked by Defendant Mueller and his prosecutorial and media relations staff for the purpose of not just harming the president, but also with regard to persons like Dr. Corsi who have been called before the grand jury and have testified. These persons, like Dr. Corsi, are alleged by Defendant Mueller to have worked with and/or support President Donald J. Trump.  See Exhibit 1, which is incorporated herein by reference.

30.     In this regard, Defendants Mueller, DOJ, NSA, CIA, and FBI have engaged in ongoing illegal, unconstitutional surveillance on Plaintiff Corsi, in violation of the Fourth Amendment and the USA Freedom Act as well targeted "PRISM" collection under Section 702

---

[4] Chuck Ross, *Mueller Target Raised $25,000 in Charity to pay Cancer Doctor Who Doesn't Appear to Exist*, The Daily Caller, Dec. 13, 2018, available at: https://dailycaller.com/2018/12/13/corsi-mueller-doctor-cancer/

of the Foreign Intelligence Surveillance Act, 50 U.S.C §1881(a) et. seq., at the direction of Defendant Mueller.

31.    Examples of this illegal surveillance include, but are not limited to:

(a) Necessarily intercepting Plaintiff's text and other messages without probable cause or a warrant so that they could illegally obtain information about and interrogate Plaintiff Corsi and his stepson, Andrew Stettner, whom they otherwise could not possibly have identified, given that he does not share the family name of Plaintiff.

(b) Author Jim Garrow, who resides in Toronto, Canada, and has developed a "DEAF" system to prevent the electronic surveillance of telephone conversations has applied DEAF to Plaintiff Corsi's cellphone and has evidence of repeated attempts by government authorities to intercept electronically Plaintiff Corsi's telephone conversations.

(c) More instances of illegal and unconstitutional surveillance to be uncovered during discovery.

32.    This illegal and unconstitutional surveillance is being carried out and conducted in conjunction with Defendant Mueller's grand jury investigation, at the direction of Mueller and his partisan Democrat, leftist, and ethically and legally conflicted prosecutorial staff in order to try to illegally and unconstitutionally obtain information that can be used by Defendant Mueller to coerce, extort, threaten and/or blackmail Plaintiff Corsi into testifying falsely to implicate the president of the United States in crimes and have him removed from office.

33.    Plaintiff Corsi, as an investigative journalist, routinely speaks with persons located overseas in regions that are surveilled under PRISM.

34.     Defendants have also threatened threatened Amazon.com, a distributor of Plaintiff Corsi's new book, "<u>Silent No More: How I Became a Political Prisoner of Mueller's 'Witch Hunt,</u>'" published by Post Hill Press, with a subpoena to obtain a pre-publication copy of the hardback in-print version of the book when Defendant Mueller and the FBI federal could very easily obtain an already in print copy of the ebook and/or audiobook version of the same book on the internet.

35.     This was done intentionally by Defendants to interfere with Plaintiff's existing business relationships with Amazon and Post Hill Press in order to "intimidate" the publisher and distributor with the intent to get them to stop publishing Plaintiff's book and to harm Dr. Corsi financially so he will not have the necessary funds and resources to defend himself against the illegal and unconstitutional actions of the Special Counsel.

36.     Furthermore, on January 17, 2019, Defendant Franzia on behalf of Defendant WaPo telephoned Plaintiff Corsi to question him about information that Defendant WaPo had obtained from unspecified sources in the Office of the Special Counsel that Defendant Mueller was investigating monthly payments, which were characterized falsely and maliciously published as hush payments to Dr. Corsi so he would not provide "incriminating evidence," about Alex Jones, InfoWars and Roger Stone before Defendant Mueller and the grand jury. These hush money payments to Plaintiff Corsi were maliciously and falsely represented to be made by Dr. David Jones, father of Alex Jones of InfoWars.

37.     Defendant Franzia grilled Plaintiff Corsi about details of his relationship with InfoWars, David Jones, and Alex Jones.  He indicated that his sources in the Office of the Special Counsel, and working under Defendant Mueller's direction, told him Dr.  David Jones was paying Dr. Corsi to influence and/or suppress and/or misrepresent and falsify his testimony

to Defendant Mueller's prosecutors and/or the FBI regarding Alex Jones and/or Roger Stone, as well as other government authorities.

38.   Defendant Franzia told Plaintiff Corsi that Defendant WaPo that he had learned from the Special Counsel that Dr. Corsi was still today being paid $15,000/month by Dr. Jones.

39.   As a direct result of Defendant Franzia and Defendant WaPo's actions, directed by Defendant Bezos and carried out by Defendant Franzia and WaPo, working in concert with Defendant Mueller and the other Defendants, the very next day Plaintiff Corsi learned from Dr. David Jones that he was being terminated and would no longer be receiving $15,000 per month.

40.   Not coincidentally, Defendant WaPo is one of the primary recipients of the leaks from Defendant Mueller and his staff and is rabidly anti-Trump.

41.   Defendants, working together in concert, are attempting to financially deplete Plaintiff Corsi by interfering with his business relationships with his publisher and distributor, as well as with Dr. David Jones, Alex Jones, and InfoWars in order to "bring him to his financial knees" and attempt to leave him with no choice but to provide the false sworn testimony that they seek in order to accomplish their designs to take down President Trump and have him removed from office, if not criminally prosecuted.

**FIRST CAUSE OF ACTION**
**Fourth Amendment Violation**

42.   Plaintiff Corsi repeats and re-alleges all of the previous allegations of this Amended Complaint including the Introduction, with the same force and effect, as if fully set forth herein.

43.   The Fourth Amendment provides that people have a right to be secure in their persons against unreasonable searches and seizures, that warrants shall not be issued but upon probable cause, and that the place of search must be described with particularity. The

undersigned counsel previously obtained preliminary injunctions in other related cases before this Court where he and his clients, such as Plaintiff Corsi, were illegally and unconstitutionally surveilled and attorney-client confidences violated. *See Klayman v. Obama et al*, 1:13-cv-851 (D.D.C), ECF No. 49.

44.     Defendants, each and every one them acting in concert and jointly and severally violated the Fourth Amendment to the U.S. Constitution, as well at the above-mentioned statutes when they unreasonably searched and seized and continue to search Plaintiff's phone and other digital records and transmissions without a warrant and probable cause.

45.     Defendant Mueller, acting in his official capacity and personally, jointly and severally through his agents such as his prosecutorial staff, without probable cause violated the Fourth Amendment and the above statutes by not describing with particularity the place to be searched or the person or things to be seized, and/or obtaining lawful authorization. Defendant Mueller and his prosecutorial and media staff, acting in their official capacity and personally, also illegally obtained and  released grand jury information to harm Plaintiff Corsi by attempting to destroy his reputation and personal and professional well-being and livelihood, thus also attempting to drive him into bankruptcy. These illegal and criminal acts by Defendant Mueller by and through his agents such as his prosecutorial and media staff and the other Defendants were intended to coerce, extort, threaten and/or blackmail him into submission to provide false sworn testimony to be used to attempt to indict and/or remove the current president of the United States for political and other improper purposes, and therefore effectively wage a "legal coup d'etat," negating the will of the American voters who elected Donald J. Trump on November 6, 2016.

46.     By reason of the wrongful conduct of Defendants, Plaintiff Corsi has suffered and continues to suffer from severe emotional distress and physical harm, pecuniary and economic damage, loss of services, loss of society and reputation accordingly.

47.     The allegations of illegal and unconstitutional surveillance against Defendant Mueller are compensable personally under *Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

48.     As a direct and proximate result of the intentional and willful actions of Defendant Mueller and the other Defendants, acting in concert, Plaintiff Corsi demands judgment be entered, including an award of compensatory and actual damages, punitive damages, equitable relief, reasonable attorneys' fees, pre-judgment interest, post-interest and costs, and such other relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION
### Violation of Grand Jury Secrecy Provisions
### Defendant Mueller

49.     Plaintiff Corsi repeats and re-alleges all of the previous allegations of the entirety of this Amended Complaint, including the Introduction, with the same force and effect as if fully set forth herein again at length.

50.     Federal Rules of Criminal Procedure at Rule 6(e)(2) provides that grand jury proceedings be held to secrecy requirements, mandating that "(B) Unless these rules provide otherwise, the following persons must not disclose a matter occurring before the grand jury: (i) a grand juror; (ii) an interpreter; (iii) a court reporter; (iv) an operator of a recording device; (v) a person who transcribes recorded testimony; (vi) an attorney for the government; or (vii) a person to whom disclosure is made under Rule 6(e)(3)(A)(ii) or (iii).

51.     Defendant Mueller and at his direction his staff, including but not limited to his media spokesperson Peter Carr, have violated Federal Rules of Criminal Procedure at Rule 6(e)(2) by leaking grand jury information concerning Plaintiff Corsi to the media.

52.     These leaks are meant to pressure Plaintiff Corsi into providing the false sworn testimony that Defendant Mueller and his staff seek by portraying Plaintiff Corsi negatively through the media, as well as to destroy him if he does not comply with their demand that he provide false testimony under oath, or be indicted himself.  These leaks are also intended to send a message to other supporters of the president that they had best comply with the unlawful demands of Defendant Mueller and his prosecutorial staff or be indicted or at the least be irreparably smeared and destroyed in the public domain.

53.     Plaintiff Corsi has suffered and will continue to suffer irreparable harm to his reputation and personal and professional well-being as a result of this confidential grand jury information being leaked to the public, which is intended to ruin him financially and otherwise.

WHEREFORE, Plaintiff requests both preliminary injunctive relief as well as permanent injunctive relief and whatever relief this Court deems necessary and proper.

## THIRD CAUSE OF ACTION
### Abuse of Process

54.     Plaintiff Corsi repeats and re-alleges all of the previous allegations of the entirety of this Amended Complaint, including but not limited to the Introduction, with the same force and effect, as if fully set forth herein again at length.

55.     Defendants, each and every one of them, acting in concert jointly and severally, have abused and perverted the Court's judicial processes by threatening Plaintiff Corsi with prosecution and prison if he did not provide sworn testimony that Defendants knew to be false, as well as the other illegal and unconstitutional acts set forth herein.

56.     Plaintiff Corsi informed Defendants that the testimony that they wanted from him was not true.

57.     Despite this, Defendants have insisted on obtaining false sworn testimony from Plaintiff Corsi in order to further their own political and other agendas to indict, harm and/or to have removed, without cause or factual and legitimate basis, the President of the United States, Donald J. Trump, from office. Defendant Mueller has also abused this Court's grand jury and other legal processes by subpoenaing, without any reasonable or probable cause, members of Plaintiff's family, such as his stepson, Andrew Stettner, to appear before the grand jury and/or to be interviewed by his FBI agents, to further intimidate Dr. Corsi and to coerce and extort him into providing the desired false testimony.

58.     Defendants conduct is a deliberate misuse of the Court's grand jury and other judicial processes for all of the reasons set forth in this Amended Complaint and its preceding paragraphs, as well as the exhibits hereto.

### FOURTH CAUSE OF ACTION
**Tortious Interference with Business Relationships**

59.     Plaintiff Corsi repeats and re-alleges all of the previous allegations of the entirety of this Amended Complaint, including but not limited to the Introduction, with the same force and effect, as if fully set forth herein again at length.

60.     Plaintiff Corsi has existing business and contractual relationships with Post Hill Press and Amazon to publish and sell his book, Silent No More: How I Became a Political Prisoner of Mueller's "Witch Hunt".

61.     Plaintiff had an existing business and contractual relationship with Dr. David Jones, Alex Jones, and InfoWars.

62.     Defendants knew of the existence of these business and contractual relationship.

63.     Defendant Mueller, working in concert with the other Defendants, intentionally and/or negligently tortuously interfered with Plaintiff's existing business relationships by recently threatening one or more of these publishers and sellers of his book with a subpoena or other legal action and by threatening and intimidating and having published and publishing false information Dr. David Jones, Alex Jones, InfoWars and Plaintiff Corsi, maliciously and falsely claiming that Dr. David Jones, Alex Jones and InfoWars was paying hush money to keep him quiet about their actions, with the intent to get them to terminate their business relationships with Plaintiff, thus depriving Plaintiff of income to pay his legal fees and expenses as well as for him and his family to survive generally. The actions of Defendant Jeff Bezos, the ultra- leftist and vehemently anti-Trump owner and publisher of WAPO, whose net worth is reported to be about 170 billion dollars, and at his direction his pliant reporter Defendant Manuel Roig-Franzia, were also intended and did tortuously interfere, with and destroy the business relationships of Plaintiff Corsi with Dr. David Jones, Alex Jones and InfoWars, thereby severely damaging Dr. Corsi. Defendant Jeff Bezos directed this tortious interference with the business relationships of Dr. Corsi, as he, in conjunction and acting in concert with Defendant Mueller, is bent on having indicted and/or removed from office President Trump, who Dr. Corsi has strongly supported.

64.     This continuing tortious conduct by Defendants is also intended and designed to coerce, extort and in effect blackmail the Plaintiff into providing false testimony with the corrupt design to harm and attempt to indict and/or remove President Donald J. Trump from his duly elected office.

65.     As a result, Plaintiff Corsi has suffered pecuniary and other losses and damages in an amount to be determined at trial.

///

**FIFTH CAUSE OF ACTION**
*Defamation*
*Defendants Bezos, Franzia, and WaPo*

66.     Plaintiff Corsi repeats and re-alleges all of the previous allegations of the entirety of this Amended Complaint, including but not limited to the Introduction, with the same force and effect, as if fully set forth herein again at length.

67.     Defendants Franzia and WaPo made false and defamatory statements concerning Plaintiff Corsi that he was accepting "hush money" from Dr. David Jones, Alex Jones, and InfoWars. This was done at the direction of Defendant Bezos, who is the owner of Defendant WaPo, working in concert with the other named Defendants.

68.     Money that Plaintiff Corsi received from Dr. David Jones, Alex Jones and InfoWars was not "hush money" but instead legitimately earned compensation.

69.     Defendants Franzia and WaPo, acting at Defendant Bezos's direction, made these statements to various news and media outlets, as evidenced by the fact that the very next day, Plaintiff Corsi learned from Dr. David Jones that he was being terminated and would no longer be receiving $15,000 per month. This was done at the direction of Defendant Bezos, who is the owner of Defendant WaPo, working in concert with the other named Defendants.

70.     Defendants Bezos, Franzia and WaPo acted with actual malice and/or with recklessness in making and publishing these false and defamatory statements in this district, domestically and internationally as they knew or had reason to know that Plaintiff Corsi was not accepting "hush money" and/or recklessly disregarded the falsity of this statement.

71.     Defendants' statements were made without privilege

72.     As a direct and proximate result of Defendants' published statements, Plaintiff Corsi has suffered pecuniary damage, as well as injury to reputation, impairment to standing in

the community, personal humiliation, pain and suffering, and emotional distress. As the published statements falsely and/or recklessly represented that Plaintiff Corsi was committing a crime, this constitutes defamation per se, for which damages are presumed.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief and judgment collectively against Defendants, all of whom acted in concert as joint tortfeasors, as follows:

(a) For equitable, declaratory, and injunctive relief.

(b) For general and compensatory damages in excess of $250, 000, 000.00 million USD with regard to all of the Defendants, jointly and severally,

(c) For punitive damages in excess of $1, 350,000,000, 000.000 billion USD against all of the Defendants, which includes in excess of $800, 000, 000.00 million USD in punitive damages against Defendant Bezos's (5% of his net worth) alone.

(d) Such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**Plaintiffs demand a trial by jury on all counts as to all issues so triable.**

Dated: January 22, 2019                          Respectfully submitted,

*/s/ Larry Klayman*
Larry Klayman, Esq.
KLAYMAN LAW GROUP, P.A.
D.C. Bar No. 334581
2020 Pennsylvania Ave. NW, Suite 800
Washington, DC 20006
Tel: (561)-558-5536
Email: leklayman@gmail.com

*Of Counsel:*

David E. Gray
Gray Law Group
760 Rt. 10 West

Suite 204
Whippany, N.J. 07981
Tel: 973-240-7313
dgray@graylawgroupnj.com

Attorneys for Plaintiff

# EXHIBIT 1

**Del Wilber**

| | |
|---|---|
| **From:** | Del Wilber |
| **Sent:** | Monday, July 03, 2017 2:37 PM |
| **To:** | SpecialCounselPress |
| **Subject:** | Re: Where/when should I meet you today? |

230 on wednedsay. cool.

btw, I am not sure why this went to my gmail or from my gmail. sorry

On Mon, Jul 3, 2017 at 2:12 PM, SpecialCounselPress <SpecialCounselPress@usdoj.gov> wrote:

We can try, but my afternoons are often in flux. Like today, I may have to cancel. Let's schedule for 2:30.

**From:** Del Wilber (b) (6)
**Sent:** Monday, July 3, 2017 2:08 PM
**To:** SpecialCounselPress <SpecialCounselPress@jmd.usdoj.gov>
**Subject:** Re: Where/when should I meet you today?

Wednesday afternoon?

Del Wilber

(b) (6)          (cell)

202-862-6624 (w)

Twitter: @delwilber

A Good Month for Murder: http://amzn.to/22vNLu4

Rawhide Down: http://amzn.to/29H1l8l

On Jul 3, 2017, at 1:54 PM, SpecialCounselPress <SpecialCounselPress@usdoj.gov> wrote:

I know, sorry. Today hasn't gone at all like I expected.



**From:** Del Wilber 
**Sent:** Monday, July 3, 2017 1:43 PM
**To:** SpecialCounselPress <SpecialCounselPress@jmd.usdoj.gov>
**Subject:** Re: Where/when should I meet you today?

Boo!

Wednesday morning?

Del Wilber

(b) (6)          (cell)

202-862-6624 (w)

Twitter: @delwilber

A Good Month for Murder: http://amzn.to/22vNLu4

Rawhide Down: http://amzn.to/29H1l8l

On Jul 3, 2017, at 1:34 PM, SpecialCounselPress <SpecialCounselPress@usdoj.gov> wrote:

> Sorry for the delay. I was asked to be in a meeting at 3:15, so can't do 3pm anymore today. Can we try for Thursday? I'll be in the full day and we can try for a morning meeting. We can meet at Paul on 9[th] and Penn.
>
> **From:** Del Wilber
> **Sent:** Monday, July 3, 2017 10:24 AM
> **To:** SpecialCounselPress <SpecialCounselPress@jmd.usdoj.gov>
> **Subject:** Where/when should I meet you today?

Del Wilber

(b)(6)          cell)

202-862-6624 (w)

Twitter: @delwilber

A Good Month for Murder: http://amzn.to/22vNLu4

Rawhide Down: http://amzn.to/29H1I8I

--
Del Wilber
Twitter: @delwilber
C) (b)(6)
W) 202-824-8223
A Good Month for Murder
Rawhide Down