UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JEROME CORSI,**<br><br>                    Plaintiff,<br><br>          v.<br><br>**ROBERT MUELLER,** *et al.*,<br><br>                    Defendants. | Civil Action No. 18-02885 (ESH) |

## MEMORANDUM OPINION AND ORDER

Before the Court is David Andrew Christenson's motion to join plaintiff Jerome Corsi's pending action. (Mot. to Join, Dec. 14, 2018 (ECF No. 5).) Corsi has brought this action against Special Counsel Robert Mueller; various federal agencies; and the Washington Post, its owner, and one of its reporters (collectively, "the Post"). Corsi alleges that these entities and individuals illegally surveilled him and defamed him. He alleges that these violations stemmed from his independent investigation of former Secretary of State Hillary Clinton's use of a private email server and the Special Counsel's probe into alleged collusion between Russia and Donald Trump's 2016 presidential campaign. (*See* Am. Compl. ¶¶ 16-18, Jan. 21, 2019 (ECF No. 15).)

Christenson now moves *pro se* to join Corsi's case, stating in his motion the following:

> Special Counsel/FBI Director Robert Mueller was instrumental in having me classified as a terrorist in 2010. Attorney General Matthew Whitaker was my attorney along with US Attorney Billy Gibbens. Whitaker was rewarded for criminally violating my Constitutional Rights and thus the Constitutional Rights of all Americans. The Patriot Act is still being invoked by the Special Counsel, Department of Justice, Federal Bureau of Investigation, Central Intelligence Agency, Nation [sic] Security Agency, etc. to keep me under surveillance in criminal violation of my Constitutional Rights.

(Mot. to Join at 1.) Attached to Christenson's motion are 125 pages of exhibits, including

motions and amicus briefs he has filed in many other cases and letters to various other federal judges.  Although he does not say so explicitly, Christenson's motion to join appears to be premised on the allegation that he has been a target of surveillance by some of the same defendants named in Corsi's complaint.

Under the Federal Rules of Civil Procedure, a person is entitled to "intervention of right" if he "is given an unconditional right to intervene by a federal statute," or "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Neither of these circumstances apply to Christenson.  He identifies no statutory right to intervene, and the Court is not aware of any such right.  Although Christenson makes vague allegations that he has been surveilled by some of the same entities Corsi claims surveilled him, Christenson makes no claims relating to the property or transaction at issue in Corsi's complaint.[1]  Likewise, there is no reason to believe that any of Christenson's own interests could be "impaired or impeded" by Corsi's lawsuit.  Fed. R. Civ. P. 24(a).

Nor has Christenson established any reason for the Court to grant permissive intervention pursuant to Rule 24(b).  A court may grant permissive intervention to anyone who "is given a conditional right to intervene by a federal statute," or "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).  To satisfy the latter prong, the movant must present an independent ground for subject-matter jurisdiction, file a timely motion, and make a claim that has a question of law or fact in common with the main

---

[1] Christenson makes no claims that could be construed to relate, even tangentially, to Corsi's allegations against the Post.

action.  *See E.E.O.C. v. Nat'l Children's Center, Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998).

The court "enjoys considerable discretion to grant or deny permissive intervention."  *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Engineers*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007) (internal quotation marks and citation omitted); *see also Nat'l Children's Center*, 146 F.3d at 1046 ("[P]ermissive intervention is an inherently discretionary enterprise.").  In its discretion the Court is to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(c).

Christenson cites no federal statute that gives him a right, conditional or otherwise, to intervene, and the Court is unaware of any such statute.  Therefore, the Court must determine whether Christenson's claim "shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b).  Christenson does not articulate a legal claim based on which the Court could determine whether he has presented an independent ground for subject-matter jurisdiction.  Moreover, he makes no showing of a question of law or fact in common with Corsi's action.  There is no discernable factual nexus between, on the one hand, Corsi's claims that he was illegally surveilled in connection with the Special Counsel's probe into alleged Russian interference in the 2016 election, and on the other hand, Christenson's claims.  Specifically, Christenson claims that (1) Mueller "was instrumental in having [Christenson] classified as a terrorist in 2010," when Mueller was FBI Director; (2) his unspecified constitutional rights were violated by Matthew Whitaker, who was Acting Attorney General when Christenson moved to join this action; and (3) he is the target of ongoing government surveillance under the Patriot Act.  (Mot. to Join at 1.)  These allegations have nothing to do with the facts alleged by Corsi.  Corsi's claims do include allegations that he was surveilled in violation of the USA Freedom Act (*see* Am. Compl. at 1, ¶ 30), which extended some provisions of the partially expired Patriot Act;

however, Christenson's bare assertion that government agencies have "invoked" the Patriot Act to justify surveillance of him is far too attenuated to establish any connection to Corsi's claims.

Given the lack of any decipherable common question of law or fact, permitting Christenson to join this action would unduly complicate the present action, and would certainly "delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(c).

Accordingly, it is hereby

**ORDERED** that Christenson's Motion to Join, ECF No. 5, is **DENIED**; and

Since he may not intervene, the Clerk's office is instructed not to file any further pleadings by Christenson in this case.

**SO ORDERED.**

                                                       /s/ Ellen S. Huvelle
                                                      ELLEN SEGAL HUVELLE
                                                      United States District Judge

Date:   March 6, 2019