# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:18–cv–02885–ESH</u>

CORSI v. MUELLER et al
Assigned to: Judge Ellen S. Huvelle
 Case:  1:13–cv–00851–RJL
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 12/09/2018
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**JEROME CORSI**
*an individual*

represented by **Larry E. Klayman**
KLAYMAN LAW GROUP, P.A.
2020 Pennsylvania Avenue, NW
Suite 800
Washington, DC 20006
(310) 595–0800
Fax: (202) 379–9289
Email: <u>leklayman@gmail.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**ROBERT MUELLER**
*an individual, Individually and in his*
*official capacity as Special Counsel*

represented by **Elizabeth Murray Tulis**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
(202) 514–9237
Fax: (202) 616–8470
Email: <u>elizabeth.tulis@usdoj.gov</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**FEDERAL BUREAU OF**
**INVESTIGATION**

represented by **Elizabeth Murray Tulis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**NATIONAL SECURITY AGENCY**

represented by **Elizabeth Murray Tulis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**CENTRAL INTELLIGENCE AGENCY**                    represented by **Elizabeth Murray Tulis**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**UNITED STATES DEPARTMENT OF JUSTICE**            represented by **Elizabeth Murray Tulis**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**JEFF BEZOS**

**Defendant**

**WASHINGTON POST**

**Defendant**

**MANUEL ROIG–FRANZIA**

**Movant**

**DAVID ANDREW CHRISTENSON**                       represented by **DAVID ANDREW CHRISTENSON**
                                                                    P.O. Box 9063
                                                                    Miramar Beach, FL 32550
                                                                    PRO SE

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 12/09/2018 | 1 | | COMPLAINT against ALL DEFENDANTS with Jury Demand ( Filing fee $ 400 receipt number 0090–5829000) filed by JEROME CORSI. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons, # 6 Summons, # 7 Summons)(Klayman, Larry) (Entered: 12/09/2018) |
| 12/09/2018 | 2 | | NOTICE OF RELATED CASE by JEROME CORSI. Case related to Case No. 13–cv–0851. (Klayman, Larry) (Main Document 2 replaced on 1/4/2019) (znmw). (Entered: 12/09/2018) |
| 12/10/2018 | | | Case Assigned to Judge Richard J. Leon. (zmd) (Entered: 12/10/2018) |
| 12/10/2018 | 3 | | SUMMONS (7) Issued Electronically as to CENTRAL INTELLIGENCE AGENCY, FEDERAL BUREAU OF INVESTIGATION, ROBERT MUELLER, NATIONAL SECURITY AGENCY, UNITED STATES DEPARTMENT OF JUSTICE, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Notice and Consent) (zmd) (Entered: 12/10/2018) |
| 12/12/2018 | 4 | | ORDER re 2 Notice of Related Case filed by JEROME CORSI: The plaintiff shall show cause in writing within 14 days of this Order why this case is related to Klayman v. Obama, C.A. No. 13–cv–851 for the purpose of the Rule 40.5 procedure; and it is further ordered that a hearing on plaintiff's notice is |

| | | | |
|---|---|---|---|
| | | | scheduled for 1/3/2019 at 03:00 PM in Courtroom 18 before Judge Richard J. Leon; and it is further ordered that failure to file a timely response to this Order may result in dismissal of this case. Signed by Judge Richard J. Leon on 12/12/18. (tb) (Entered: 12/12/2018) |
| 12/14/2018 | 5 | | MOTION for Joinder by DAVID ANDREW CHRISTENSON (Attachments: # 1 Exhibits)(jf) (Entered: 12/18/2018) |
| 12/26/2018 | 6 | | NOTICE of Appearance by Elizabeth Murray Tulis on behalf of CENTRAL INTELLIGENCE AGENCY, FEDERAL BUREAU OF INVESTIGATION, NATIONAL SECURITY AGENCY, UNITED STATES DEPARTMENT OF JUSTICE (Tulis, Elizabeth) (Entered: 12/26/2018) |
| 12/26/2018 | 7 | | MOTION to Stay *Hearing Date in Light of Lapse of Appropriations* by CENTRAL INTELLIGENCE AGENCY, FEDERAL BUREAU OF INVESTIGATION, NATIONAL SECURITY AGENCY, UNITED STATES DEPARTMENT OF JUSTICE (Tulis, Elizabeth) (Entered: 12/26/2018) |
| 12/26/2018 | 8 | | RESPONSE TO ORDER OF THE COURT re 4 Order,,, Set Hearings,, filed by JEROME CORSI. (Klayman, Larry) (Entered: 12/26/2018) |
| 12/26/2018 | 9 | | RESPONSE re 7 MOTION to Stay *Hearing Date in Light of Lapse of Appropriations* filed by JEROME CORSI. (Attachments: # 1 Exhibit Exhibit 1)(Klayman, Larry) (Entered: 12/26/2018) |
| 12/27/2018 | | | MINUTE ORDER. Upon consideration of defendants' 7 Motion for a Stay of Hearing Date in Light of Lapse of Appropriations, it is hereby ORDERED that the motion is DENIED. The hearing set by this Court's December 12, 2018 Order shall take place as scheduled on January 3, 2019, at 03:00 PM in Courtroom 18 before Judge Richard J. Leon. SO ORDERED. Signed by Judge Richard J. Leon on 12/27/18. (lcrjl1) (Entered: 12/27/2018) |
| 12/31/2018 | 10 | | RESPONSE re 8 Response to Order of the Court, 2 Notice of Related Case filed by CENTRAL INTELLIGENCE AGENCY, FEDERAL BUREAU OF INVESTIGATION, NATIONAL SECURITY AGENCY, UNITED STATES DEPARTMENT OF JUSTICE. (Tulis, Elizabeth) (Entered: 12/31/2018) |
| 12/31/2018 | 11 | | REPLY re 8 Response to Order of the Court filed by JEROME CORSI. (Klayman, Larry) (Entered: 12/31/2018) |
| 01/03/2019 | | | Minute Entry for proceedings held before Judge Richard J. Leon: Show Cause Hearing held on 1/3/2019. For the reasons stated on the record in open Court, it is ORDERED that the Clerk of Court shall transfer this matter to the Calendar and Case Management Committee for random reassignment. (Court Reporter: Lisa Moreira) (jth) (Entered: 01/03/2019) |
| 01/03/2019 | 12 | | MEMORANDUM ORDER that the Clerk of Court shall transfer this matter –– Corsi v. Mueller et al., No. 18–cv–2885 –– to the Calendar and Case Management Committee for random reassignment. SO ORDERED. (See the Order for complete details) Signed by Judge Richard J. Leon on 1/3/2019. (jth) (Entered: 01/03/2019) |
| 01/03/2019 | 13 | | Case randomly reassigned to Judge Ellen S. Huvelle. Judge Richard J. Leon is no longer assigned to the case. (rj) (Entered: 01/03/2019) |
| 01/04/2019 | 14 | | |

| | | | |
|---|---|---|---|
| | | | TRANSCRIPT OF RELATED CASE HEARING before Judge Richard J. Leon held on January 3, 2019; Page Numbers: 1–15. Date of Issuance:January 4, 2019. Court Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number 202–354–3187, Transcripts may be ordered by submitting the <u>Transcript Order Form</u>

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 1/25/2019. Redacted Transcript Deadline set for 2/4/2019. Release of Transcript Restriction set for 4/4/2019.(Moreira, Lisa) (Entered: 01/04/2019) |
| 01/21/2019 | <u>15</u> | | AMENDED COMPLAINT against All Defendants with Jury Demand filed by JEROME CORSI.(Klayman, Larry) (Entered: 01/21/2019) |
| 01/22/2019 | <u>16</u> | | NOTICE *of Errata* by JEROME CORSI re <u>15</u> Amended Complaint (Attachments: # <u>1</u> Exhibit)(Klayman, Larry) (Entered: 01/22/2019) |
| 02/07/2019 | <u>17</u> | | Consent MOTION for Extension of Time to *Respond to Amended Complaint* by CENTRAL INTELLIGENCE AGENCY, FEDERAL BUREAU OF INVESTIGATION, NATIONAL SECURITY AGENCY, UNITED STATES DEPARTMENT OF JUSTICE (Attachments: # <u>1</u> Text of Proposed Order)(Tulis, Elizabeth) (Entered: 02/07/2019) |
| 02/07/2019 | | | MINUTE ORDER granting <u>17</u> Consent Motion for Extension of Time: Having considered the Government's Consent Motion for One–Month Extension of Time to Respond to Amended Complaint, it is hereby ORDERED that the motion is GRANTED; and it is further ORDERED that the Government's deadline to answer or otherwise respond to the plaintiff's amended complaint is hereby extended to and including March 19, 2019. Signed by Judge Ellen S. Huvelle on February 7, 2019. (AG) (Entered: 02/07/2019) |
| 02/07/2019 | | | Set/Reset Deadlines: Answer due by 3/19/2019. (gdf) (Entered: 02/08/2019) |
| 03/06/2019 | <u>18</u> | 18 | MEMORANDUM OPINION AND ORDER denying <u>5</u> Motion for Joinder. See Memorandum Opinion and Order for details. Signed by Judge Ellen S. Huvelle on 3/6/19. (lcesh2) (Entered: 03/06/2019) |
| 03/06/2019 | <u>19</u> | | LEAVE TO FILE DENIED– Supplement to Amicus Brief submitted by movant David Andrew Christenson. This document is unavailable as the Court denied its filing. "Leave to file DENIED as motion to intervene denied. No further filings will be accepted by the Clerk" Signed by Judge Ellen S. Huvelle on 03/06/2019. (jf) (Entered: 03/07/2019) |

| 03/11/2019 | 20 | 6 | NOTICE OF APPEAL as to 18 Order on Motion for Joinder by DAVID ANDREW CHRISTENSON. Fee Status: No Fee Paid. Parties have been notified. (jf) (Entered: 03/13/2019) |

| | |
|---|---|
| Movant David Andrew Christenson | Civ. No. 1:18-cv-2885-ESH |
| Jerome Corsi | Related Civil Cases: No. 13-0881, 13-0851, 14-0092 & 16-0262 |
| Plaintiff | |
| v. | COMPLAINT |
| Special Counsel/FBI Director Robert S. Mueller et al., Defendants | Judge Ellen Segal Huvelle |

Notice of Appeal of Memorandum and Order dated March 6th, 2019
*** My Motion was docketed on December 14th, 2018. Neither party objected or responded. ***

Judge Huvelle argues my case for me. On behalf of the American People and the Constitution all she had to do was ask for responses and or objections. Ask FBI Director/Special Counsel if my allegations (Judge Huvelle repeatedly references my "allegations" and then discounts them even though I provided factual proof.) were true. Federal Rules of Civil Procedure require a Response or Objection and if none is filed then the Joinder/Intervention is automatically granted.

Judge Huvelle's Memorandum and Order were Preemptory. This harmed all Americans.

How many Air Force Officers are there that have been classified as a terrorist by Mueller? She acted as the Special Counsel.

Judge Huvelle: "(Corsi) illegally surveilled him and defamed him".

I was declared to be a terrorist in a very public marketing campaign by FBI Director/Special Counsel Robert Mueller and it continues today. I am under 24-hour surveillance and constantly harassed. Being an Air Force Officer and declared to be a terrorist is unequivocally slander and deformation.

On March 15th, 2011 I was arrested for cyberstalking an FBI Agent with a Misdemeanor Louisiana Warrant, not Federal. **I WAS NEVER CHARGED WITH A CRIME!** They asked for a $500,000.00 bond but settled on a $300,000.00 bond. They placed me in isolation for 11 days and medicated me against my will. Future Attorney General and ex US Attorney Matthew Whitaker, US Attorney Linda Mott, US Attorney Billy Gibbons, etc. represented me and gave away all of my rights. This gets stranger. Upon my release I was ordered to leave the state of Louisiana and seek treatment for an unspecified mental illness. I was constantly harassed and threatened. Here is how sadistic Mueller is. An FBI Agent put a gun to me head with the safety off and the hammer pulled back. He threatened to kill me if I didn't stop my quest to save Mankind. He laughingly told me he would get away with it. I knew he was telling the truth. Mueller murdered Federal Whistleblower Coast Guard Commander William Goetzee four months after my false arrest using the same technique but before they murdered him, they had him strapped to a wheelchair in Federal Court where they would tase him every time he tried to speak. Mueller did such a great job defaming us that all Federal Judges were afraid of us.

RECEIVED
Mail Room

MAR 1 1 2019

Angela D. Caesar, Clerk of Court
U.S. Bankruptcy Court, District of Columbia

Here is the deformation. The first press release was issued by WDSU and the New Orleans Times Picayune/NOLA which is attached. The Department of Justice/Robert Mueller gave the media this information: "Christenson allegedly sent the e-mails **after** an FBI agent interviewed him last month about "inappropriate" e-mails Christenson sent to judges and their employees, the station reports." I had been filing court pleadings and sending informative emails for years before I was interviewed and threatened. Mueller had convinced the entire Federal Judiciary that I was a terrorist and that I was going to kill Federal Judges. I was barred from entering all Federal Courthouses to file pleadings.

Why? The coverup of the release of chemical warfare contaminates (I call them the Katrina Virus) during Hurricane Katrina and the US Military murdering Americans. I was to be silenced.

Our Government knows that Mankind will cease to exist by October 12th, 2050 and that suicides will outnumber births by then. You see our government was working on the perfect military weapon in New Orleans. That weapon was organic, easy to disperse, dissipated in five days and cause the opposing army to commit suicide. I filed a report with the Rand Corporation which then conducted a study. In the 10 years following Hurricane Katrina suicides increased 300%-400% in New Orleans and South Louisiana.

I have provided Grand Jury testimonies and transcripts that confirm what I am stating.

Judge Huvelle: "(Corsi) "independent investigation".

I am a Federal Whistleblower that has been conducting an independent investigation.

Judge Huvelle: "Christenson's motion to join appears to be premised on the allegation that he has been a target of surveillance by some of the same defendants named in Corsi's complaint."

I have been and continue to be under illegal surveillance by the same defendants. I had to wear an electronic ankle monitor for 120 days. I receive up to 10 phone calls a day from the FBI in New Orleans.

Judge Huvelle: "He identifies no statutory right to intervene, and the Court is not aware of any such right."

The surveillance and deformation are the same for Corsi and myself. The Constitution/First Amendment/Last sentence - *and to petition the Government for a redress of grievances* allow me to join an existing case that has the same defendants. The claims, cause and standing are the same for both of us.

Judge Huvelle: "impaired or impeded"

This is the opposite of what it should be. Corsi and myself were victims of criminally illegal surveillance that resulted in deformation by the same defendants.

Judge Huvelle: "1 Christenson makes no claims that could be construed to relate, even tangentially, to Corsi's allegations against the Post."

This is absolutely not true. I have been communicating (I am a tenacious communicator) with the Washington Post for years. The Washington Post has an ethical and moral obligation to this country and

they receive special privileges because they accept those obligations. The Washington Post was silent and allowed me to be defamed and harmed. This silence harmed all Americans and Mankind. The silence was egregious, malicious and intentional. They are part of the coverup of the Genocide of Mankind.

Judge Huvelle: "The court "enjoys considerable discretion to grant or deny permissive intervention.""

Surely the court had some curiosity about me being a terrorist. Judge Huvelle could have waited to rule until she received objections and or responses. Her Memorandum and Opinion was preemptive.

*** My Motion was docketed on December 14th, 2018. Neither party objected or responded. ***

**The Appeal is based on the preemptive Memorandum Opinion and Order.**

Judge Huvelle's last sentence is the most heinous and does the most harm to the American People because it is pure censorship and a violation of the Constitution and the First Amendment. "Since he may not intervene, the Clerk's office is instructed not to file any further pleadings by Christenson in this case. SO ORDERED."

➤ I should have been allowed to cure the defects and address her concerns.

I have attached the Non-Domestic Stay Away Order. 74 people. Mueller is on it. My attorneys, friends, Catholic Bishop, Catholic Ozanam homeless shelter, two US Senators, US Marshals etc. One third are Federal Court Clerks but not one Federal Judge. Review the email addresses.

Godspeed

Sincerely,

David Andrew Christenson
Box 9063
Miramar Beach, Florida 32550
504-715-3086
davidandrewchristenson@gmail.com;
dchristenson6@hotmail.com;

CERTIFICATE OF SERVICE

I hereby certify that on March 8th, 2019 I filed the foregoing with the Clerk of Court and served the pleading on all counsel of record by e-mail and first-class mail.

_____
David Andrew Christenson



Everything New Orleans

# New Orleans man booked on two counts of cyberstalking, TV station reports

**Times-Picayune Staff** By **Times-Picayune Staff**
**Follow on Twitter**
on March 17, 2011 at 8:26 AM, updated March 17, 2011 at 10:28 AM

A New Orleans man is in jail, booked on two charges of cyberstalking after he allegedly sent threatening e-mails to an FBI agent, **WDSU-TV reports**.



David Christenson, 53, was arrested Tuesday and remains jailed on a $300,000 bond, court records show.

Christenson allegedly sent the e-mails after an FBI agent interviewed him last month about "inappropriate" e-mails Christenson sent to judges and their employees, the station reports.

© 2013 NOLA.com. All rights reserved.

Orleans Parish
Sheriff's Office
David Christenson

Just what are inappropriate emails sent to official email addresses? Are inappropriate emails illegal? The 1st Amendment clearly states that an American has the right to petition the Government. NO CHARGES WERE EVER FILED AGAINST DAVID ANDREW CHRISTENSON. THE EMAILS WRRE NEVER SUBMITTED INTO THE COURT RECORD. THIS PRESS RLEASE WAS A MISTAKE BY THE DOJ AND JIM LETTEN.

STATE OF LOUISIANA

VERSUS

*David A. Christenson*
*AKA David Christian*

CRIMINAL DISTRICT COURT

PARISH OF ORLEANS

MAG. NO. *522-444*

## NON-DOMESTIC STAY AWAY ORDER

NOW INTO COURT comes the State of Louisiana, through the undersigned Assistant District Attorney for the Parish of Orleans, respectfully moves the Court to issue a Non-Domestic Stay Away Order and Notice to Appear. This Order prohibits the defendant, *David A. Christenson* *AKA Christian* date of birth *02-21-58* from communicating, directly or indirectly, with the victim, *As listed in comp* date of birth _____ or the victim's family. Additionally, during the pendency of this Stay Away Order the defendant cannot own or possess a firearm. If the defendant violates this Stay Away Order or any of its provisions, the defendant may be arrested, bond may be revoked, a new bond required, and will be held in contempt of court, facing additional charges. If the Court requires the defendant to make a personal appearance concerning this Order, the defendant will do so promptly. If the defendant does not appear, an Order for Arrest will be issued.

This Stay Away Order remains in effect during the pendency of this case or unless and until lifted by the Judge and a minute entry indicating any such action.

## BY ORDER OF THE COURT

IT IS HEREBY ORDERED that the defendant immediately cease any and all communication with the victim and the victim's family during the pendency of this action and abide by all other terms of this Non-Domestic Stay Away Order.

_____
MAGISTRATE/COMMISSIONER

NEW ORLEANS, LOUISIANA, THIS _15_ DAY OF _March_, 20_11_.

## DEFENDANT'S ACKNOWLEDGEMENT OF ORDER AND TERMS

UPON MY RELEASE from the Orleans Parish Criminal Sheriff's Office, I *David Christenson* *aka Christian* do hereby agree to the terms of this Non-Domestic Stay Away Order. I understand that if I fail to abide by the terms of this order, a warrant will be issued for my arrest. I have read and understand the above agreement and terms of my release.

_____
DEFENDANT

NEW ORLEANS, LOUISIANA, THIS _15_ DAY OF _March_, 20_11_.

NAME: _____

ADDRESS: _____

CITY, STATE, ZIP: _____

CELL PHONE: _____

DATE OF BIRTH: _____

SOCIAL SECURITY NO. _____

STATE OF LOUISIANA           CRIMINAL DISTRICT COURT

VERSUS                  PARISH OF ORLEANS

DAVID CHRISTIAN,         MAG. NO. _____
Aka DAVID CHRISTENSON

## ORDER

**IT IS ORDERED** that the defendant stay away from the protected persons listed below until all charges in this matter are concluded by refusal, plea of guilty, trial or dismissal.

Specifically, the defendant is ordered:

- **NOT to abuse, harass, stalk, follow or threaten the protected persons listed below,**

- **NOT to contact the protected persons personally, electronically, by phone, in writing, by email, by text message or through a third party or go within 100 feet of the protected persons,**

- **NOT to contact the protected persons' families personally, electronically, by phone, in writing, by email, by text message or through a third party,**

- **NOT to go to the residence or household of the protected persons, the protected persons' schools or the protected persons' place of employment,**

**Protected Persons:**

| | |
|---|---|
| Amanda J Ballay | amanda_ballay@laed.uscourts.gov |
| Andrew Chow | andrew_chow@laed.uscourts.gov |
| Ann Virgadamo | ann_virgadamo@laeb.uscourts.gov |
| Anna Christman | usalae |
| Archbishop Aymond | Catholic 2, Catholic 1 |
| Bobbi Bernstein | Main DOJ |
| Brad Chauvin | |
| Brad Humpheys | brad_humpheys@laed.uscourts.gov |
| Brian Fair (USMS) | |
| Danielle Moore | danielle_moore@laed.uscourts.gov |
| David Vitter | david_vitter@vitter.senate.gov |
| David W Welker | david.welker@ic.fbi.gov |
| Dewayne J Horner | |
| Diana Surprenant | diana_surprenant@laed.uscourts.gov |
| Erin Arnold | erin_arnold@laeb.uscourts.gov |
| Forrest Christian | |
| Gail Chauvin | gail_chauvin@laed.uscourts.gov |
| Gary Schwabe | gary_schwabe@fd.org |
| Genny May | genny.may@usdoj.gov |

| Name | Email |
|------|-------|
| Geraldine Williams | geraldine_williams@laed.uscourts.gov |
| Glenda Hassan | glenda_hassan@txs.uscourts.gov |
| Glenn Williams | williamsgl@adr.org |
| Gwen Hunter | gwen_hunter@laed.uscourts.gov |
| Joel Gheesling | jgheesling@kepplerspeakers.com |
| Jadon Bigelow | |
| James Crull | james_crull@laed.uscourts.gov |
| James Letten | james.letten@usdoj.gov |
| Jan Mann | jan.mann@usdoj.gov |
| Jason Bigelow | |
| Jennifer Rogers | jennifer_rogers@laed.uscourts.gov |
| John Clark | john.clark@usdoj.gov |
| Jonathan Zweig | jonathan_zweig@laed.uscourts.gov |
| Joseph Downing | |
| Joseph Escandon | joseph_escandon@laed.uscourts.gov |
| Joseph Lavigne | |
| Julia Evans | USALAE |
| Kelly Bryson | |
| Kelly Swenney | kelly_sweeney@cob.uscourts.gov |
| Mary Landrieu | senator@landrieu.senate.gov |
| Lexy Butler | lexy_butler@laed.uscourts.gov |
| Linda Kimes | linda_kimes@cob.uscourts.gov |
| Maria Soriano | sorianom@adr.org |
| Marilyn Shraberg | mshraberg@archdiocese-no.org |
| Marvin Opotowsky | marvin.opotowsky@usdoj.gov |
| Michael Milby | michael_milby@tx.uscourts.gov |
| Nancy Swan | nswan342@gmail.com |
| Neil Hurley | OPR |
| Ozanam Inn | inno@bellsouth.net |
| Pam Radosta | pam_radosta@laed.uscourts.gov |
| Pamela Angelette | pamela_angelette@laed.uscourts.gov |
| Pat Scherer | pat_scherer@laed.uscourts.gov |
| Pat Vance | pvance@joneswalker.com |
| Paula F McCants | |
| Ramsey Prather | ramsey_prather@laed.uscourts.gov |
| Rick Windhorst | rick_windhorst@laed.uscourts.gov |
| Robby Walsh | |
| Robert Bergeron | bob@crescenttitle.com |
| Robert Lantz | robert_lantz@cob.uscourts.gov |
| Robert S Mueller III | robert.mueller@ic.fbi.gov |
| Gen. Russel Honore | russel.honore@gmail.com |
| Ruth Leard | ruth_leard@laed.uscourts.gov |
| Shelia Ashabranne | shelia_ashabranne@txs.uscourts.gov |
| Steve Woodring | steve.woodring@dps.la.gov |
| Steven Hartmann | steven.hartman@usdoj.gov |
| Steven P Rayes | srayes@leo.gov |
| Susan Adams | susan_adams@laed.uscourts.gov |
| Thomas Porteous | |
| Traci Munster | traci_munster@laed.uscourts.gov |
| Tracie L Washington | tlwesq@cox.net |
| Victorian Wu | victorian_wu@laed.uscourts.gov |

Virginia Schlueter
Walter Martin
William Alford       alford@law.harvard.edu
Scott Johnson

**NEW ORLEANS, LOUISIANA**, this the _____ day of _____, 20 11.

                                   _____
                                   Commissioner Harry Cantrell
                                   Criminal District Court, Sec. "M-3"
                                   Parish of Orleans

*My books have been removed/censored/sanitized from the Library of Congress. All references to me and my books have been removed/censored/sanitized from the Library of Congress. My books have Library of Congress Control Numbers (LCCN). This book was placed into the Library of Congress in 2012.*

The United States Supreme Court and The Katrina Virus
A Prelude/Reference Book/Appendix - Book 7
By David Andrew Christenson

The United States Supreme Court and The Katrina Virus
A Prelude/Reference Book/Appendix - Book 7
By David Andrew Christenson
ISBN 978-0-9846893-8-5 Hardback SCKV
ISBN 978-0-9846893-9-2 EBook SCKV
LCCN 2012933074
Copyright 1-724163643
Persimmon Publishing
Box 9063
Miramar Beach, Florida 32550

An Epic Constitutional Crisis. I am talking about the political destruction of all three branches (Executive, Judicial and Legislative) of our Federal Government. One hundred and fifty five million Americans and Canadians may be infected with The Katrina Virus. Did the United States Supreme Court participate in the criminal cover-up? Misprision is a crime/felony. In simple terms it means that you had knowledge of a crime and did nothing. Did the Supreme Court have knowledge? YES! I gave them the knowledge. The real question is: what did the Supreme Court do with the knowledge of The Katrina Virus and the cover-up?

There was no simple way to present this story. I fully acknowledge that the material is presented in an incoherent manner. What you are reading is a compilation of my communications with the Supreme Court since my arrest for cyberstalking FBI Special Agent Steven Rayes on March 15th, 2011. It must be emphasized that I was arrested on a Louisiana Warrant (not a Federal Warrant as one would expect.) and I have never been charged with a crime. A Louisiana Search and Seizure Warrant was used by the FBI to steal my evidence, documentation, etc. of what happened in New Orleans after Hurricane Katrina. In simplistic terms chemical warfare contaminates were released from DOD and CIA classified facilities. The United States Military conducted operational missions in violation of Federal Law and killed Americans. 1500 Americans are still missing. Were the contaminated bodies recovered, analyzed and burned in Federal Government incinerators? Are some of the bodies being kept alive in vegetative states so that the Federal Government can study the long term effects of the Katrina Virus? (Remember the Syphilis Studies in Alabama and Guatemala.)

This is a Prelude/Reference Book/Appendix. The end of the story has not been written. Judgment must not be passed upon the Supreme Court at this time. The Supreme Court may have actually protected me. Think about it. Who could the Supreme Court have turned to? Congress and the Executive Branch are responsible for the murder, genocide, treason and crimes against humanity. The only option for the Supreme Court may have been to provide me with the protection needed, to not only uncover the truth about the Katrina Virus, but to bring it to the attention of American and Canadian people.

*My books have been removed/censored/sanitized from the Library of Congress. All references to me and my books have been removed/censored/sanitized from the Library of Congress. My books have Library of Congress Control Numbers (LCCN). This book was placed into the Library of Congress in 2012.*

Updated 10/31/2011 DAC 05:32
An Unedited Synopsis.
Please Google all names.

THE RELUCTANT PATRIOT
By Captain David Andrew Christenson
(*Book Nine in a nine part series.*)
*Library of Congress LCCN 2011940256*
*ISBN 978-0-9846893-0-9 Hardback*
*ISBN 978-0-9846893-1-6 EBook*

<u>Factual, documented and verifiable</u> account of what happened to (The Author) Captain David Andrew Christenson, United States Air Force, on March 15th, 2011.

On the morning of March 15th, 2011 the FBI brought a 30 man SWAT team, with shoot to kill orders, to arrest Captain David Andrew Christenson for a non-violent, non-domestic, non-drug misdemeanor charge (Equivalent of a DUI or DWI.) of cyber stalking FBI Agent Steven Rayes. This was done under the authority of FBI Director Robert Mueller. Misinformation was provided to the press.  Six months earlier on October 14th, 2010 (This is a very important date, see below) FBI Agent Steven Rayes contacted Captain David Andrew Christenson. Why did Agent Rayes contact Captain Christenson? Agent Rayes was a member of the uniformed Violent Crimes Task Force and he was not a true investigative type FBI Agent. Captain Christenson had been communicating with FBI Director Robert Mueller, Agents David Welker, Dewayne Horner, Joseph Downing, Kelly Bryson and Paula McCants. Agent Rayes was selected by Director Mueller to be the enforcer. Agent Rayes was an ex-enlisted Marine and street cop with no conscious and was someone who would blindly follow orders understanding the illegal mission. Agent Rayes was zealous and sadistic in carrying out his orders. Agent Rayes ordered Captain Christenson to email him at his official FBI email addresses. Agent Rayes commenced to harass, stalk, threaten, intimidate and assault Captain Christenson. On November 10th, 2010 Agent Rayes assaulted Captain Christenson at the Hilton Hotel in New Orleans. There was a DVD of the assault. The FBI used a Louisiana State arrest warrant and a Louisiana State search and seizure warrant. **The FBI did not use Federal Warrants. This needs to be said again. The FBI did not use Federal warrants. Captain David Andrew Christenson has never been charged with a crime.** The FBI claimed that two out of more than 500 emails sent to at least 10 different FBI Agents, including FBI Director Robert Mueller, by Captain Christenson were threatening. The emails were not threating and were consistent with previous informative and political emails. Captain Christenson never received an arraignment, a show cause hearing or a preliminary examination as is required by law. Orleans Parish District Attorney Leon Cannizzaro asked for a $500,000.00 bond. The Orleans Parish Criminal Court gave Captain Christenson a

record bond of $300,000.00. Captain Christenson should have been released on his own recognizance or a $10,000.00 bond. (An armed carjacker received a $75,000.00 bond.) Captain Christenson was held for 11 days in the Orleans Parish Prison without being charged with a crime. After day three Captain Christenson was placed in isolation on the psychiatric floor of the house of detention (HOD) where he was medicated without his knowledge or consent. Attorney General Eric Holder directed Assistant US Attorney Billy Gibbens to represent Captain Christenson, which he did. Criminal defendants are not represented by US Attorneys. Billy Gibben's mission was to discredit Captain Christenson and to keep him in prison. The court record confirms this. Captain Christenson was to be permanently detained in a psychiatric hospital, medicated and discredited. The Louisiana State search and seizure warrant was used to steal evidence, legal files, the DVD of FBI Agent Rayes assaulting Captain Christenson, the DVD of the Danziger Bridge murders, etc. from Captain Christenson. United States Supreme Court files and communications and evidence of "The Katrina Virus" and pending Genocide were stolen as well.

## The Department of Justice classified Captain David Andrew Christenson as a terrorist. This was done to bypass Federal Law and the Federal Judiciary. It was relayed to Captain Christenson that if he did not stop his research and quest for justice that he would be assassinated as a terrorist.

The FBI attempted to murder/assassinate Captain David Andrew Christenson while he was being held in isolation in the Orleans Parish Prison. Coast Guard Commander William Wesley Goetzee was not so lucky. He was murdered in the Orleans Parish Prison on August 7th, 2011. The FBI failed with Captain Christenson but succeeded with Commander Goetzee.

What was so important that the United States Government had to classify Captain David Andrew Christenson as a terrorist and then attempt to murder/assassinate him?

Chemical warfare ingredients, "THE KATRINA VIRUS", were released during Hurricane Katrina. The end result will be GENOCIDE for the residents of New Orleans. ("The Katrina Virus" represents all of the contaminants that were released from government research/laboratory, manufacturing and storage facilities. These facilities were controlled directly and indirectly by the Department of Defense and the Central Intelligence Agency and included public institutions such as local hospitals and medical schools. The Harvard University Medical School has been tasked with studying and tracking the long term health/medical issues and "The Katrina Virus".

The United States Military killed, executed and murdered Americans during Hurricane Katrina and after. A side note. Secretary of Defense Donald Rumsfeld had a very public disagreement with President George Bush concerning the use of the military. Captain Christenson does not recall there ever being a public disagreement between the President and the Secretary. What is strange is that the press never picked up on the disagreement. Secretary Rumsfeld already knew about what the military had done and was concerned about the liabilities. President Bush had to order Secretary Rumsfeld to send in the troops. General Russel Honore and the troops arrived five days after Hurricane Katrina. General Honore

confirmed to me that he was only responsible for what the military did after he arrived and not before. He was adamant about that. Both he and Coast Guard Admiral Mary Landry lost promotions, their next star and were forced to retire. Why the five day delay when plans and procedures require the securing of an urban area within 72 hours after a catastrophe. There were several reasons for the delay. "The Katrina Virus" would disperse. The DOD and the CIA, in connection with the United States Navy, could clean up the mess without having the press around. It was brilliant the way the Federal Government kept the press occupied with the rescue missions, the superdome and the convention center. Louisiana Governor Kathleen Blanco was intentionally manipulated by the Federal Government and made into a scapegoat. FEMA Director Michael Brown was manipulated as well.

The BP oil spill. To be Written.

The Danziger Bridge. To be written.

Books Seven and Eight will start in September, 2005. The US Military arrives in New Orleans in the days preceding Hurricane Katrina. The units were issued millions of dollars in cash in satchels. Confirmed by Teresa McKay, Director of Department of Defense Finance and Accounting Service (DFAS). Teresa's husband, Jeffery McKay, and I attended the Air Force Academy together and were roommates in flight school. JK works in the Pentagon and is also one of my sources. In the days following Hurricane Katrina President Bush and Air Force One did a flyover of New Orleans but did not land. The White House issued a press release stating that security was not in place and that the President's landing would detract from the rescue missions. As an Air Force Pilot I flew support missions for the President, Air Force One and the Secret Service. I am intimately familiar with their procedures and protocols. President Bush and Air Force One did not land because The White House did not want to infect the President and his staff with "The Katrina Virus" as was confirmed by Ambassador Donald Ensenat. Security was in place and Belle Chase Naval Air Station was operational and secure. The senior leadership in New Orleans gave blood and DNA samples. This as well as other connections to "The Katrina Virus" were confirmed by Mayor Ray Nagin. After the Hurricane, USAA Insurance (A military insurance company run by Generals and Admirals with strong ties to the Pentagon.) informed us that they would be paying our claim because of the long term health issues that we would face. What did USAA know? In February, 2006 we purchased a condominium, under fraudulent circumstances, from Louis (Lee) Madere. He was the Louisiana State Grand Jury Foreman for the Danziger Bridge Murders. (*I cannot invent the truth*) The Catholic Church had filed a class action video voyeurism lawsuit against him. Madere entered the Federal Witness Protection Program on October 15th, 2010 (The important date from above.). Secretary of HUD, Mayor and Judge Moon Landrieu, the father of Senator Mary Landrieu and Mayor Mitch Landrieu, was a major source of information.

State Farm Insurance and the murder of prominent Los Angeles attorney James Robie of the Robie Matthai Law Firm. To be written. Please review your homeowner's policy. The medical liability provision of the homeowner's policy is substantial larger than the property loss provision. A $100,000.00 home could have a $5,000,000.00 medical liability provision. The loss to the insurance companies would be trillions of dollars if it was shown that "The Katrina Virus" was released.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEROME CORSI,

        Plaintiff,

        v.

ROBERT MUELLER, *et al.*,

        Defendants.

Civil Action No. 18-02885 (ESH)

## MEMORANDUM OPINION AND ORDER

Before the Court is David Andrew Christenson's motion to join plaintiff Jerome Corsi's pending action.  (Mot. to Join, Dec. 14, 2018 (ECF No. 5).)  Corsi has brought this action against Special Counsel Robert Mueller; various federal agencies; and the Washington Post, its owner, and one of its reporters (collectively, "the Post").  Corsi alleges that these entities and individuals illegally surveilled him and defamed him.  He alleges that these violations stemmed from his independent investigation of former Secretary of State Hillary Clinton's use of a private email server and the Special Counsel's probe into alleged collusion between Russia and Donald Trump's 2016 presidential campaign.  (*See* Am. Compl. ¶¶ 16-18, Jan. 21, 2019 (ECF No. 15).)

Christenson now moves *pro se* to join Corsi's case, stating in his motion the following:

> Special Counsel/FBI Director Robert Mueller was instrumental in having me classified as a terrorist in 2010. Attorney General Matthew Whitaker was my attorney along with US Attorney Billy Gibbens. Whitaker was rewarded for criminally violating my Constitutional Rights and thus the Constitutional Rights of all Americans. The Patriot Act is still being invoked by the Special Counsel, Department of Justice, Federal Bureau of Investigation, Central Intelligence Agency, Nation [sic] Security Agency, etc. to keep me under surveillance in criminal violation of my Constitutional Rights.

(Mot. to Join at 1.)  Attached to Christenson's motion are 125 pages of exhibits, including

1

motions and amicus briefs he has filed in many other cases and letters to various other federal judges. Although he does not say so explicitly, Christenson's motion to join appears to be premised on the allegation that he has been a target of surveillance by some of the same defendants named in Corsi's complaint.

Under the Federal Rules of Civil Procedure, a person is entitled to "intervention of right" if he "is given an unconditional right to intervene by a federal statute," or "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Neither of these circumstances apply to Christenson. He identifies no statutory right to intervene, and the Court is not aware of any such right. Although Christenson makes vague allegations that he has been surveilled by some of the same entities Corsi claims surveilled him, Christenson makes no claims relating to the property or transaction at issue in Corsi's complaint.[1] Likewise, there is no reason to believe that any of Christenson's own interests could be "impaired or impeded" by Corsi's lawsuit. Fed. R. Civ. P. 24(a).

Nor has Christenson established any reason for the Court to grant permissive intervention pursuant to Rule 24(b). A court may grant permissive intervention to anyone who "is given a conditional right to intervene by a federal statute," or "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). To satisfy the latter prong, the movant must present an independent ground for subject-matter jurisdiction, file a timely motion, and make a claim that has a question of law or fact in common with the main

---

[1] Christenson makes no claims that could be construed to relate, even tangentially, to Corsi's allegations against the Post.

2

action.  *See E.E.O.C. v. Nat'l Children's Center, Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998).

The court "enjoys considerable discretion to grant or deny permissive intervention." *Nat'l Ass'n*

*of Home Builders v. U.S. Army Corps of Engineers*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007)

(internal quotation marks and citation omitted); *see also Nat'l Children's Center*, 146 F.3d at

1046 ("[P]ermissive intervention is an inherently discretionary enterprise.").  In its discretion the

Court is to "consider whether the intervention will unduly delay or prejudice the adjudication of

the original parties' rights."  Fed. R. Civ. P. 24(c).

 Christenson cites no federal statute that gives him a right, conditional or otherwise, to

intervene, and the Court is unaware of any such statute.  Therefore, the Court must determine

whether Christenson's claim "shares with the main action a common question of law or fact."

Fed. R. Civ. P. 24(b).  Christenson does not articulate a legal claim based on which the Court

could determine whether he has presented an independent ground for subject-matter jurisdiction.

Moreover, he makes no showing of a question of law or fact in common with Corsi's action.

There is no discernable factual nexus between, on the one hand, Corsi's claims that he was

illegally surveilled in connection with the Special Counsel's probe into alleged Russian

interference in the 2016 election, and on the other hand, Christenson's claims.  Specifically,

Christenson claims that (1) Mueller "was instrumental in having [Christenson] classified as a

terrorist in 2010," when Mueller was FBI Director; (2) his unspecified constitutional rights were

violated by Matthew Whitaker, who was Acting Attorney General when Christenson moved to

join this action; and (3) he is the target of ongoing government surveillance under the Patriot

Act.  (Mot. to Join at 1.)  These allegations have nothing to do with the facts alleged by Corsi.

Corsi's claims do include allegations that he was surveilled in violation of the USA Freedom Act

(*see* Am. Compl. at 1, ¶ 30), which extended some provisions of the partially expired Patriot Act;

3

however, Christenson's bare assertion that government agencies have "invoked" the Patriot Act to justify surveillance of him is far too attenuated to establish any connection to Corsi's claims.

Given the lack of any decipherable common question of law or fact, permitting Christenson to join this action would unduly complicate the present action, and would certainly "delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(c).

Accordingly, it is hereby

**ORDERED** that Christenson's Motion to Join, ECF No. 5, is **DENIED**; and

Since he may not intervene, the Clerk's office is instructed not to file any further pleadings by Christenson in this case.

**SO ORDERED.**

ELLEN SEGAL HUVELLE
United States District Judge

Date: March 6, 2019

4