THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

JEROME CORSI,

Plaintiff,

v.

ROBERT MUELLER, *et al.*

Defendants.

Civil Action No. 1:18-cv-02885 ESH

**THE UNITED STATES' MOTION TO DISMISS COUNTS III AND IV AND MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the United States respectfully moves to dismiss Counts III and IV. In support of this motion, the United States refers the Court to the following memorandum.

Dated: April 15, 2019

Respectfully submitted,

C. SALVATORE D'ALESSIO, JR.
Acting Director
Torts Branch, Civil Division

***/s/ Richard Montague***
RICHARD MONTAGUE
Senior Trial Counsel
Torts Branch, Civil Division

***/s/ Laura Katherine Smith***
LAURA KATHERINE SMITH
Senior Trial Attorney
Torts Branch, Civil Division
United States Department of Justice
P.O. Box 7146, Ben Franklin Station
Washington, DC 20044
Tel: (202) 616-0419
Laura.Smith2@usdoj.gov

*Attorneys for the United States*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................ iii

INTRODUCTION ........................................ 2

ARGUMENT ........................................ 3

I. The FTCA's Jurisdictional Requirements Control. ........................................ 3

II. The FTCA's Waiver of Sovereign Immunity Excepts Claims for "Abuse of Process" and "Tortious Interference With Business Relationships." ........................................ 3

III. Corsi Failed to Exhaust His Administrative Remedies. ........................................ 4

IV. Conclusion ........................................ 4

# TABLE OF AUTHORITIES

Cases

*Ali v. Rumsfeld*,
649 F.3d 762 (D.C. Cir. 2011) .......... 3

*Art Metal-U.S.A., Inc. v. United States*,
753 F.2d 1151 (D.C. Cir. 1985) .......... 3

*Bernard v. United States*,
25 F.3d 98 (2d Cir. 1994) .......... 2

*Harbury v. Hayden*,
522 F.3d 413 (D.C. Cir. 2008) .......... 2

*Hui v. Castaneda*,
559 U.S. 799 (2010) .......... 2

*Martinek v. United States*,
254 F. Supp. 2d 777 (S.D. Ohio 2003) .......... 3

*McNeil v. United States*,
508 U.S. 106 (1993) .......... 3

*Moore v. United States*,
213 F.3d 705 (D.C. Cir. 2000) .......... 2

*United States v. Mitchell*,
463 U.S. 206 (1983) .......... 2

*Wasserman v. Rodacker*,
557 F.3d 635 (D.C. Cir. 2009) .......... 3

Statutes

*28 U.S.C. § 2679(b)(1) .......... 1

*28 U.S.C. § 2679(d) .......... 1

*28 U.S.C. § 2680(h) .......... 1, 2

Rules

Fed. R. Civ. P. 8(a)(1).................................................................................................................. 3

Fed. R. Civ. P. 12(b)(1)............................................................................................................. i, 2

## INTRODUCTION

The "*Westfall* Act" makes the Federal Tort Claims Act (FTCA) the exclusive remedy for any claim for negligent or wrongful acts or omissions by a federal employee acting in the scope of office or employment. 28 U.S.C. § 2679(b)(1). It also provides that the Attorney General may certify that an employee acted in the scope of office or employment and that when he does the United States is automatically substituted as the defendant in the employee's place. *See* 28 U.S.C. § 2679(d). Plaintiff Jerome Corsi's claims for alleged "abuse of process" and "tortious interference with business relationships" fall into the category of claims for which the FTCA is the exclusive remedy and employee suits are barred. *See* Dkt. No. 15, First Amended Complaint (FAC) at ¶¶ 54–65. The Attorney General's designee has certified that Special Counsel Robert S. Mueller, III, was acting within the scope of his office or employment at the time of the incidents out of which these claims arose. *See* Robert S. Mueller, III's Motion to Dismiss and Memorandum of Points and Authorities, Ex. A. So they are properly deemed FTCA claims against the United States. *See* 28 U.S.C. § 2679(d)(1).[1] And because the FTCA's limited waiver of sovereign immunity does not apply, they fail for lack of subject-matter jurisdiction. *See* 28 U.S.C. § 2680(h).

---

[1] Section 2679(d)(1) provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

The authority to certify scope of office or employment under the statute has been delegated to United States Attorneys and to the Directors of the Civil Division's Torts Branch. 28 U.S.C. § 15.4(a).

## ARGUMENT

The FTCA's limited waiver of sovereign immunity excepts claims for "abuse of process" and "tortious interference with business relationships," as well as those brought by plaintiffs who have not exhausted their administrative remedies. This makes Corsi's Counts III and IV subject to dismissal under Federal Rule of Civil Procedure 12(b)(1).

### I. FTCA Jurisdictional Requirements Control.

"Upon the Attorney General's certification," a "tort suit automatically converts to an FTCA 'action against the United States' . . . . [T]he Government becomes the sole party defendant; and the FTCA's requirements, exceptions, and defenses apply to the suit." *Harbury v. Hayden*, 522 F.3d 413, 416 (D.C. Cir. 2008) (citing 28 U.S.C. § 2679(d)(1)). If the FTCA's limited waiver of sovereign immunity does not apply, the resulting FTCA claim fails under Rule 12(b)(1). *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

### II. The FTCA's Waiver of Sovereign Immunity Excepts Claims for "Abuse of Process" and "Tortious Interference With Business Relationships."

The FTCA's limited waiver of sovereign immunity specifically excludes "[a]ny claim arising out of . . . abuse of process" by prosecutors and other non-law enforcement officers[2] and "interference with contract rights." 28 U.S.C. § 2680(h). This plainly defeats Count III, explicitly titled "abuse of process." FAC at ¶¶ 54-58; *cf. Hui v. Castaneda*, 559 U.S. 799, 805 (2010)

[2] *See, e.g., Moore v. United States*, 213 F.3d 705, 713 n.7 (D.C. Cir. 2000) ("[T]he actions of a prosecutor cannot give rise to an abuse-of-process claim under the FTCA."); *Bernard v. United States*, 25 F.3d 98, 104 (2d Cir. 1994) ("The FTCA authorizes suits for abuse of process based only on the actions of federal investigative or law enforcement officers, not on the actions of government prosecutors.").

(construction of exclusivity-of-remedy provision "begins and ends with the text"). Count IV, even though styled as "tortious interference with business relationships," FAC at ¶¶ 59–65, also fails because it "seeks to recover for the breach of duties identical to those underlying" interference with contract rights. *Art Metal-U.S.A., Inc. v. United States*, 753 F.2d 1151, 1154 (D.C. Cir. 1985); *see also id.* (equating "the duty not to interfere with Art Metal's economic relationship with third parties" with "the duty underlying a claim for interference with contract rights"); *Martinek v. United States*, 254 F. Supp. 2d 777, 790 (S.D. Ohio 2003) (collecting cases establishing that "[i]nterference with business relationships falls within this exclusion").

## III. Corsi Failed to Exhaust His Administrative Remedies.

Additionally, the FTCA "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993) (citing 28 U.S.C. § 2675(a)). Any "failure to exhaust administrative remedies" is a "jurisdictional" flaw. *Ali v. Rumsfeld*, 649 F.3d 762, 775 (D.C. Cir. 2011) (internal citations omitted). Corsi, who is obliged to plead the jurisdictional grounds for his suit, *see* Fed. R. Civ. P. 8(a)(1), makes no allegation that he "filed an administrative claim," so any FTCA claim is subject to dismissal "for lack of subject matter jurisdiction." *Ali*, 649 F.3d at 775; *see also Wasserman v. Rodacker*, 557 F.3d 635, 640 (D.C. Cir. 2009) (United States properly substituted and claims properly dismissed because plaintiff "failed to exhaust his administrative remedies.").

## IV. Conclusion

For the foregoing reasons, the United States respectfully moves for dismissal of Counts III and IV under Rule 12(b)(1) for lack of subject-matter jurisdiction.

Dated: April 15, 2019

Respectfully submitted,

C. SALVATORE D'ALESSIO, JR.
Acting Director
Torts Branch, Civil Division

***/s/ Richard Montague***
RICHARD MONTAGUE
Senior Trial Counsel
Torts Branch, Civil Division

***/s/ Laura Katherine Smith***
LAURA KATHERINE SMITH
Senior Trial Attorney
Torts Branch, Civil Division
United States Department of Justice
P.O. Box 7146, Ben Franklin Station
Washington, DC 20044
Tel: (202) 616-0419
Laura.Smith2@usdoj.gov

*Attorneys for the United States*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 15, 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing to the parties.

/s/ *Laura Katherine Smith*
LAURA KATHERINE SMITH