**0IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JEROME CORSI,
*Plaintiff*,

v.

ROBERT MUELLER, et al
*Defendants*

Civil Action No. 1:18-cv-02885

**PLAINTIFF'S OPPOSITION TO GOVERNMENT'S MOTION TO DISMISS**

Plaintiff Dr. Jerome Corsi ("Plaintiff Corsi") submits the following in opposition to Defendants Federal Bureau of Investigation ("FBI"), National Security Agency ("NSA"), Central Intelligence Agency ("CIA"), United States Department of Justice ("DOJ") and Robert Mueller in his official capacity's ("Mueller") (collectively "Government Defendants") Motions to Dismiss. ECF No. 22 and 28.

Dated: April 29, 2019

Respectfully submitted,
*/s/ Larry Klayman*

Larry Klayman, Esq.
KLAYMAN LAW GROUP, P.A.
2020 Pennsylvania Avenue N.W.
Suite 800
Washington, D.C. 20006
(310) 595-0800
leklayman@gmail.com

# TABLE OF CONTENTS


INTRODUCTION ........................................................................................................1

LEGAL STANDARD....................................................................................................2

Fed. R. Civ. P. 12(b)(6)..............................................................................................2

Standing Under Fed. R. Civ. P. 12(b)(1) ....................................................................3

LEGAL ARGUMENT..................................................................................................4

Plaintiff Corsi Has Standing to Challenge Illegal Government Surveillance ..................4

PRISM Surveillance......................................................................................................4

Other Illegal Surveillance .............................................................................................6

Plaintiff Corsi Has Properly Alleged Violation of Fed. R. Crim. P. (6)(e) ........................7

Plaintiff Corsi's Abuse of Process and Tortious Interference Claims ...............................10

CONCLUSION.............................................................................................................12

**TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (U.S. 2009) .......... 2, 3

*Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138 (U.S. 2013) .......... 3, 5

*Davis v. FEC*, 554 U.S. 724 (U.S. 2008) .......... 3

*Gordon v. United States Capitol Police*, 778 F.3d 158 (D.C. Cir. 2015) .......... 2

*In re Sealed Case*, 331 U.S. App. D.C. 385 (1998) .......... 9

*Johnson v. District of Columbia*, 368 F. Supp. 2d 30 (D.D.C. 2005) .......... 11

*Monsanto Co. v. Geertson Seed Farms*, 177 L. Ed. 2d 461 (U.S. 2010) .......... 3

*Mountain States Legal Found. v. Glickman*, 92 F.3d 1228 (D.C. Cir. 1996) .......... 3

**Statutes**

28 U.S.C. § 2680 .......... 11

FISA § 702 .......... 4, 5, 6

USA Freedom Act .......... 1, 12, 13, 14, 15, 26

Fed. R. Crim. P 6(e) .......... 7, 8, 9, 10

Fed. R. Civ. P. 12(b)(1) .......... 8

Fed. R. Civ. P. 12(b)(6) .......... 9

## MEMORANDUM OF LAW

### I. INTRODUCTION

The Government Defendants have grossly abused their authority in an attempt to steer the result of Defendant Mueller's Russian collusion investigation into a result that they deem favorable – namely the demise of the presidency of Donald Trump. Defendant Mueller and his staff have done so by trying to suborn perjury from Plaintiff Corsi. "Defendant Mueller has threatened to indict Plaintiff Corsi and effectively put him in federal prison for the rest of his life unless Plaintiff Corsi would provide the false sworn testimony under oath that they demanded, even after being informed that the testimony desired would be false." Am. Comp. ¶ 22. "As just one example, Defendant Mueller and his prosecutorial staff have demanded that Plaintiff Corsi falsely testify under oath that he acted as a liaison between Roger Stone and Wikileaks leader Julian Assange concerning the public release of emails obtained from the DNC's servers." Am. Comp. ¶ 23.

Furthermore, Defendant Mueller and his staff, at his direction, have criminally violated Rule 6(e)(2) of the Federal Rules of Criminal Procedure, governing the secrecy requirement of grand jury proceedings. Numerous leaks to media outlets – containing information only known by Defendant Mueller and his staff – intricately describe the grand jury proceedings and the details of Defendant Mueller's investigation. These leaks were done "for the purpose of not just harming the president, but also with regard to persons like Dr. Corsi who have been called before the grand jury and have testified." Am. Comp. ¶ 29.

Lastly, the Government Defendants have "have engaged in ongoing illegal, unconstitutional surveillance on Plaintiff Corsi, in violation of the Fourth Amendment and the USA Freedom Act as well targeted "PRISM" collection under Section 702 of the Foreign

Intelligence Surveillance Act, 50 U.S.C §1881(a) et. seq., at the direction of Defendant Mueller." Am. Comp. ¶ 30. This surveillance is done to try to illegally and unconstitutionally obtain information that they hope can be used my Defendant Mueller to "coerce, extort, threaten and/or blackmail Plaintiff Corsi into testifying falsely to implicate the president of the United States in crimes and have him removed from office." Am. Comp. ¶ 32.

It is clear that this is not was Defendant Mueller and his staff were appointed to do. Despite the fact that Defendant Mueller's report officially found no collusion, it is telling that the investigation took so long to complete. During this time, Defendant Mueller and his staff were engaging in the illegal and unconstitutional behavior set forth in the Amended Complaint in order to try to achieve their goal to remove President Trump. Despite the fact that they have failed to do so, it is incumbent upon this Court to act in order to not only allow Plaintiff Corsi to recover after having been severely damaged in his reputation and otherwise by the Government Defendants, but also as a deterrent to future unconstitutional and illegal conduct.

## II. LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 8(a)(2) states that a pleading need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the court must "accept the complaint's allegations as true and draw all reasonable inferences in favor of the non-moving party." *Gordon v. United States Capitol Police*, 778 F.3d 158, 163-164 (D.C. Cir. 2015).

A complaint "does not require detailed factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009) (internal quotations omitted). To survive a motion to dismiss, a complaint need only "contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Id.* (internal quotations omitted). As such, a motion to dismiss at this stage must be decided solely on what Plaintiffs have plead in their complaint, taken as true, and not upon any factual "contradictions" that Defendants have attempted to insert. Involving such weighing of fact would take the standards of pleading to new heights not contemplated before by any Court.

**B. Standing Under Fed R. Civ. P. 12(b)(1)**

"Article III of the Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies.' As we have explained, '[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.'" *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146 (U.S. 2013). "To establish Article III standing, an injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Id*. at 1147. As the Supreme Court has held, the "imminence" requirement for future injury is an "elastic concept." *Id*. The Supreme Court has found Article III standing where a party merely shows a "reasonable probability" that future harm will occur." *Monsanto Co. v. Geertson Seed Farms*, 177 L. Ed. 2d 461, 466 (U.S. 2010). *See also Davis v. FEC*, 554 U.S. 724, 734 (U.S. 2008) ("A plaintiff may challenge the prospective operation of a statute that presents a realistic and impending threat of direct injury.") "Moreover, courts have often found probabilistic injuries sufficient to support standing." *Amnesty Int'l USA*, 133 S. Ct. at 1162. Even more, the U.S. Court of Appeals for the District of Columbia Circuit has found standing merely upon just an increased risk of future injury. *See Mountain States Legal Found. v. Glickman*, 92 F.3d 1228 (D.C. Cir. 1996). Accordingly, the bar set by this Court and the Supreme Court to find standing for a threatened future injury is undeniably, low.

## III. LEGAL ARGUMENT

### A. Plaintiff Corsi Has Standing to Challenge Illegal Government Surveillance

#### 1. PRISM Surveillance

The Government Defendants falsely allege that Plaintiff Corsi lacks standing to challenge illegal and unconstitutional surveillance under Section 702 of the Foreign Intelligence Surveillance Act ("PRISM") because he has not plausibly alleged that he has suffered, is suffering, or will imminently suffer any concrete and particularized injury with regard to PRISM. The Amended Complaint alleges:

> In this regard, Defendants Mueller, DOJ, NSA, CIA, and FBI have engaged in ongoing illegal, unconstitutional surveillance on Plaintiff Corsi, in violation of the Fourth Amendment and the USA Freedom Act as well targeted "PRISM" collection under Section 702 of the Foreign Intelligence Surveillance Act, 50 U.S.C §1881(a) et. seq., at the direction of Defendant Mueller. Am. Comp. ¶ 30.
>
> Plaintiff Corsi, as an investigative journalist, routinely speaks with persons located overseas in regions that are surveilled under PRISM. Am. Comp. ¶ 33.

The Government Defendants' strategy, as it has always been with regard to questions of illegal surveillance, is to hide behind the "classified" argument. The Government Defendants argue, "[i]ndeed, the scope of PRISM collection is a classified fact that the Government has not publicly disclosed." ECF No. 22-1 at 10. Thus, regardless of the amount compelling evidence set forth by Plaintiff Corsi that his communications were collected under the PRISM Program, he would still never be able to demonstrate that their information was <u>actually</u> collected because the information is deemed classified, <u>by the Government Defendants themselves</u>. The inherent flaw in this line of reasoning is readily apparent, and shows why Plaintiff Corsi must be allowed, at a minimum, to conduct discovery. He has specifically alleged that his communications were intercepted under PRISM, and that he routinely speaks with persons "located overseas in regions that are surveilled under PRISM." Am. Comp. ¶ 33. This is enough at the pleading stage.

The Government Defendants' argument under *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138 (U.S. 2013) fails too, as Plaintiff Corsi has met the requirements set forth therein. In *Clapper*, the Supreme Court held that the plaintiffs lacked Article III standing to challenge the PRISM Program because they could that show that the "threatened injury …[was] certainly impending to constitute injury in fact." *Id*. at 1147. However, the majority in *Clapper* based its ruling on the plaintiffs' broad statements that they "believe that some of the people with whom they exchange foreign intelligence information are likely targets of surveillance under [the PRISM Program]" because "they communicate by telephone and e-mail with people the Government 'believes or believed to be associated with terrorist organizations,' 'people located in geographic areas that are a special focus' of the Government's counterterrorism or diplomatic efforts, and activists who oppose governments that are supported by the United States Government." *Id*. at 1145. On the other hand, here, Plaintiff Corsi has specifically alleged that he has communicated with individuals located in areas under PRISM surveillance. Am. Comp. ¶ 33.

The threatened injury in *Clapper*, and here, clearly go far beyond "speculative." "Several considerations, based upon the record along with commonsense inferences, convince me that there is a very high likelihood that Government, acting under the authority of [the PRISM Program], will intercept at least some of the communications just described." *Id*. at 1157 (Dissent).

> First, the plaintiffs have engaged, and continue to engage, in electronic communications of a kind that the 2008 amendment, but not the prior Act, authorizes the Government to intercept…. Second, the plaintiffs have a strong *motive* to engage in, and the Government has a strong *motive* to listen to, conversations of the kind described…. Third, the Government's *past behavior* shows that it has sought, and hence will in all likelihood continue to seek, information about alleged terrorists and detainees through means that include surveillance of electronic communications…. Fourth, the Government has the *capacity* to conduct electronic surveillance of the kind at issue. To some degree this capacity rests upon technology available to the Government.

*Id*. at 1158-59 (Dissent). These factors are all clearly applicable to the facts at bar, and as such, the threatened injury—that the Government will continue to harvest Plaintiff Corsi's data under the PRISM Program—clearly rises about the "speculative" level.

**2. Other Illegal Surveillance**

The Amended Complaint also alleges other specific instances of illegal and unconstitutional surveillance:

> Examples of this illegal surveillance include, but are not limited to: (a) Necessarily intercepting Plaintiff's text and other messages without probable cause or a warrant so that they could illegally obtain information about and interrogate Plaintiff Corsi and his stepson, Andrew Stettner, whom they otherwise could not possibly have identified, given that he does not share the family name of Plaintiff. (b) Author Jim Garrow, who resides in Toronto, Canada, and has developed a "DEAF" system to prevent the electronic surveillance of telephone conversations has applied DEAF to Plaintiff Corsi's cellphone and has evidence of repeated attempts by government authorities to intercept electronically Plaintiff Corsi's telephone conversations. Am. Comp. ¶ 31.

Contrary to the Government Defendants' assertions to the contrary, the Amended Complaint does identify "any communications that the Government has allegedly intercepted, the manner in which the Government allegedly is electronically intercepting his communications, or any other facts that would suggest that his claim is "anything other than fanciful." ECF No. 22-1 at 13. The Amended Complaint clearly alleges that the Government Defendants illegally intercepted communications with regards to Andrew Stettner, which is the only way that they could have possibly identified him, as he and Plaintiff Corsi do not share a family name. Am. Comp. ¶ 31. Indeed, this is evidenced by the fact that Mr. Stettner was in fact interrogated by the Government Defendants. The Amended Complaint further alleges that Plaintiff Corsi has direct evidence of attempts by "government authorities to intercept electronically Plaintiff Corsi's telephone conversations" which has been gleaned through a security system, DEAF, developed

by Jim Garrow. The existence of this direct evidence, should, at a minimum, allow for this matter to proceed to discovery.

### B. Plaintiff Has Properly Alleged Violation of Fed. R. Crim. P. 6(e)[1]

The Government Defendants falsely allege that Plaintiff Corsi has not "plausibly alleged that the Special Counsel or any personnel in the Special Counsel's Office "leak[ed] grand jury information concerning Plaintiff Corsi to the media" in violation of Fed. R. Crim. P. 6(e)(2)…because none of the reporting he cites discloses information about "matter[s] occurring before the grand jury," let alone indicates that personnel in the Special Counsel's Office were sources of such information." ECF No. 22-1 at 15. Even a cursory reading of the Amended Complaint, however, shows that this assertion is patently false.

The Amended Complaint alleges:

> Furthermore, Defendant Mueller and his staff, at his direction, have criminally violated Rule 6(e)(2) of the Federal Rules of Criminal Procedure, governing the secrecy requirement of grand jury proceedings.
>
> Defendant Mueller and his staff have leaked grand jury information to the press concerning Plaintiff Corsi, in violation of Plaintiff Corsi's privacy rights as well as the Federal Rules of Criminal Procedure.
>
> For instance, and as just one example, an article published by ABC News titled "*Conspiracy Theorist Becomes Key Figure as Mueller Builds Case"* contains confidential information regarding the grand jury proceedings about Plaintiff Corsi that could only possibly have come from Defendant Mueller.[2] Consistent with the leaks concerning Plaintiff Corsi, it was recently revealed that a major leak concerning President Donald J. Trump was made by Defendant Mueller to BuzzFeed, namely that the president had ordered his private legal counsel Michael Cohen to lie to congressional committees over the Trump organization's

---

[1] There have been other illegal grand jury leaks concerning Plaintiff Corsi, so he will be moving to file a Second Amended Complaint. Defendants Bezos, Washington Post, and Franzia, who further these leaks and defamed Plaintiff Corsi, have consented to this amendment.

[2] Ali Dukakis, *Conspiracy theorist becomes key figure as Mueller builds case*, ABC News, Oct. 31, 2018, available at: https://abcnews.go.com/Politics/conspiracy-theorist-key-figure-mueller-builds-case/story?id=58886291

> business dealings with Russia. After calls for a U.S. Justice Department investigation of this leak in particular – notwithstanding that the undersigned counsel had already filed complaints on behalf of Plaintiff Corsi and others concerning the Special Counsel's continuing and harmful criminal grand jury leaks among other allegations of prosecutorial misconduct and illegality – Defendant Mueller, to try to cover his illegal tracks and head off a Department investigation by the Office of Professional Responsibility and Inspector General -- falsely repudiated what BuzzFeed had reported were indeed leaks from the Special Counsel.
>
> The article set forth in paragraph 26 concerning Plaintiff Corsi, not coincidentally a strong supporter of President Trump, reveals intricate details about Defendant Mueller's grand jury investigation, including the fact that Plaintiff Corsi had "emerged as a central figure of interest to Mueller as he builds his case" and that Defendant Mueller had "evidence that suggests Corsi may have had advance knowledge that the email account of Clinton's campaign manager, John Podesta, had been hacked and that WikiLeaks had obtained a trove of damning emails from it."
>
> Another example of illegal grand jury leaks concerning Plaintiff Corsi was recently revealed and disclosed by Chuck Ross of The Daily Caller, who reported and published that a physician known as Dr. Mendelsohn and others who received cancer treatment by him and who were subpoenaed to appear before the Mueller grand jury. This information could only have been leaked by Defendant Mueller.[3] Mr. Ross, who is now a material witness, told Dr. Corsi that he indeed had obtained information about this grand jury testimony from persons working under the direction of Special Counsel Robert Mueller in the Office of the Special Counsel. Am. Comp. ¶¶ 24 – 28.

The Government Defendants' argument is two-fold: (1) that the information pled in the Amended Complaint does not "directly reveal…grand jury matters" and (2) that the Amended Complaint does not "support a reasonable inference that the Special Counsel's Office leaked grand jury information to the media.

With regard to the Government Defendants' first argument, it is clear that the Amended Complaint expressly alleges leaked information that directly revealed grand jury matters. Crucially, all that Plaintiff Corsi needs to create a *prima facie* case is news reports. "This

---

[3] Chuck Ross, *Mueller Target Raised $25,000 in Charity to pay Cancer Doctor Who Doesn't Appear to Exist*, The Daily Caller, Dec. 13, 2018, available at: https://dailycaller.com/2018/12/13/corsi-mueller-doctor-cancer/

determination will typically be based solely on an assessment of news articles submitted by the plaintiff; indeed, we acknowledged in *Barry* that a Rule 6(e)(2) plaintiff could not be "expected to do more at this juncture of the litigation" given that he or she would "almost never have access to anything beyond the words of the [news] report." *In re Sealed Case*, 331 U.S. App. D.C. 385, 151 F.3d 1059, 1067 (1998)

As set forth in the Amended Complaint, Chuck Ross of The Daily Caller reported that as “Dr. Mendelsohn and others who received cancer treatment by him and who were subpoenaed to appear before the Mueller grand jury.” Am. Comp. ¶ 28. The identities of persons subpoenaed to testify before the Mueller grand jury clearly “directly reveals grand jury matters.” The Amended Complaint also alleges the fact that the author, Mr. Ross “told Dr. Corsi that he indeed had obtained information about this grand jury testimony from persons working under the direction of Special Counsel Robert Mueller in the Office of the Special Counsel.” Am. Comp. ¶ 28. This is clearly not a legal conclusion, as the Government Defendants disingenuously assert. This is a factual allegation, and one that directly pertains to Mueller’s grand jury. Furthermore, the Amended Complaint alleges that ABC News reported that “Plaintiff Corsi had ‘emerged as a central figure of interest to Mueller as he builds his case’ and that Defendant Mueller had ‘evidence that suggests Corsi may have had advance knowledge that the email account of Clinton’s campaign manager, John Podesta, had been hacked and that WikiLeaks had obtained a trove of damning emails from it.’” Am. Comp. ¶ 27. This is also clearly directly linked to Mueller’s grand jury. The Government Defendants’ argument appears to try to separate Defendant Mueller’s “investigation” from the “grand jury,” but this argument is disingenuous at best. The Government Defendants are simply hoping that the fact that grand jury proceedings are meant to be held in secret will now save them, despite their own willful disregard for the same

secrecy provision. However, it is clear that Defendant Mueller's "investigation" is inextricably tied to his grand jury proceedings. Put another way, it makes no sense that a "central figure" of his investigation would not be involved in the actual grand jury proceedings.

The Government Defendants' second argument fares no better. The intricate details of their investigation and grand jury proceedings, such as who is a "central figure" and the names and identities of witness called before the grand jury are only known by Defendant Mueller and his staff. There is no other possible source of this information. The Government Defendants do not, and can not, provide any possible alternative source of this information either. In any event, as pled in the Amended Complaint, Mr. Ross expressly told Plaintiff Corsi that his source came from Defendant Mueller's office. Am. Comp. ¶ 28.

Finally, with regard to the "exclusive procedure" to enforce Rule 6(e), the Mueller grand jury is no longer convened, as Defendant Mueller's investigation has now concluded. Thus, Plaintiff Corsi would be left with no means to enforce his Rule 6(e) if this Court chooses not to do so. Indeed, this case thus presents a unique circumstance, given the fact that the grand jury at issue is no longer convened. There is no harm in therefore allowing this manner to proceed in this Court, while taking necessary measures, such a filing under seal, to safeguard any truly necessary secrecy concerns. Indeed, this is the same district court that Defendant Mueller's grand jury was convened in, as it was supervised by the Honorable Beryl Howell. Furthermore, allowing this matter to proceed would create important precedent that will likely deter future violations of Rule 6(e) in the future.

**C. Plaintiff Corsi's Abuse of Process and Tortious Interference Claims**

Plaintiff Corsi's final two claims are for Abuse of Process and Tortious Interference. With regard to the Government Defendants' argument that Plaintiff Corsi's claims must be

dismissed for failure to exhaust administrative remedies, well settled case law squarely dictates that "an 'exception to the exhaustion requirement … is where any resort to [administrative remedies] would have been futile.' *Johnson v. District of Columbia*, 368 F. Supp. 2d 30, 49 (D.D.C. 2005) (internal citations omitted). "The D.C. Circuit explains that the resort to administrative remedies is 'futile,' for the purposes of this exception, where there is 'certainty of an adverse decision; from the administrative agency." *Id*. (internal citations omitted). Indeed, given the fact that the Government Defendants have exhibited a clear, willful disregard for the law and the Constitution, and have then repeatedly lied about it, and have gone to extreme lengths to cover up their gross illegal and unconstitutional conduct, it is absolutely futile for Plaintiff Corsi to "exhaust administrative remedies." Requiring Plaintiff Corsi to do so will only serve to delay justice and allow the Government Defendants more time to potentially cover up their illegality.

Furthermore, Plaintiff Corsi's Abuse of Process and Tortious Interference claims are not precluded by the Federal Tort Claims Act under 28 U.S.C. § 2680, which allows explicitly allows both types of claims to proceed with regard to "the acts or omissions of investigative or law enforcement officers of the United States Government." "For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." Crucially, as set forth by the Supreme Court in *Millbrook v. United States*, 569 U.S. 50 (2013), this exception applies to any conduct take by investigative or law enforcement officers in the scope of their office or employment, and not only when they are executing searches, seizing evidence, or making arrests. Here, it is clear that Defendant Mueller is an "investigative" officer, as he was appointed to "investigate" Russian collusion in the 2016

Presidential election. The tortious conduct set forth herein were also clearly performed within the scope of his office or employment:

> Defendants, each and every one of them, acting in concert jointly and severally, have abused and perverted the Court's judicial processes by threatening Plaintiff Corsi with prosecution and prison if he did not provide sworn testimony that Defendants knew to be false, as well as the other illegal and unconstitutional acts set forth herein. Am. Comp. ¶ 55.
>
> Defendants have insisted on obtaining false sworn testimony from Plaintiff Corsi in order to further their own political and other agendas to indict, harm and/or to have removed, without cause or factual and legitimate basis, the President of the United States, Donald J. Trump, from office. Defendant Mueller has also abused this Court's grand jury and other legal processes by subpoenaing, without any reasonable or probable cause, members of Plaintiff's family, such as his stepson, Andrew Stettner, to appear before the grand jury and/or to be interviewed by his FBI agents, to further intimidate Dr. Corsi and to coerce and extort him into providing the desired false testimony. Am. Comp. ¶ 57.

As such, Plaintiff Corsi's claims under the FTCA must be allowed to proceed.

## IV. CONCLUSION

Based on the foregoing, Plaintiff Corsi respectfully requests that this Court deny the Government Defendants' Motion to Dismiss and allow this matter to proceed expeditiously forthwith to discovery.

Dated: April 29, 2019

Respectfully submitted,

*/s/ Larry Klayman*
Larry Klayman, Esq.
KLAYMAN LAW GROUP, P.A.
2020 Pennsylvania Avenue N.W.
Suite 800
Washington, D.C. 20006
(310) 595-0800
leklayman@gmail.com

**CERTIFICATE OF SERVICE**

I, Larry Klayman, counsel for Plaintiffs hereby certify that on this day, April 29, 2019, a copy of the foregoing was filed via this Court's ECF system and served upon all parties and/or counsel of record.

*/s/ Larry Klayman*
Larry Klayman