**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JEROME CORSI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:18cv2885 (ESH) |
| ) | |
| ROBERT MUELLER, individually and in his ) | |
| official capacity as Special Counsel, FEDERAL ) | |
| BUREAU OF INVESTIGATION, NATIONAL ) | |
| SECURITY AGENCY, CENTRAL ) | |
| INTELLIGENCE AGENCY, UNITED ) | |
| STATES DEPARTMENT OF JUSTICE, JEFF ) | |
| BEZOS, THE WASHINGTON POST, and ) | |
| MANUEL ROIG-FRANZIA, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**THE GOVERNMENT'S MOTION TO DISMISS**

Defendants Federal Bureau of Investigation ("FBI"), National Security Agency ("NSA"), Central Intelligence Agency ("CIA"), United States Department of Justice ("DOJ"), and Robert Mueller in his official capacity as Special Counsel (together, "the Government") respectfully submit this reply memorandum of law in further support of their motion to dismiss the complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## INTRODUCTION

In opposition to the Government's motion to dismiss, plaintiff Jerome Corsi ("Plaintiff" or "Corsi") offers a variety of conclusory assertions but fails to rebut the reasons identified by the Government requiring dismissal of his official-capacity claims. With respect to his Fourth Amendment claim, Plaintiff does not identify any allegations in his complaint that would plausibly support a conclusion that his communications were collected through unlawful Government surveillance, let alone that he has suffered any injury-in-fact for purposes of Article III standing. In support of his claim that the Special Counsel's Office leaked grand jury information to the press, Plaintiff similarly fails to identify any allegations sufficient to plausibly support a conclusion that the Special Counsel's Office engaged in any such conduct. Nor does he rebut the Government's showing that he failed to follow the exclusive procedure by which an individual can bring a civil action for a violation of Fed. R. Crim. P. 6(e). Finally, with respect to his "tortious interference with business relationships" and "abuse of process" claims, Plaintiff does not dispute that the United States has not waived its sovereign immunity with respect to tort claims brought against individual federal agencies and federal officers in their official capacity. Further, he fails to counter the Government's showing that the torts of "abuse of process" and "tortious interference with business relationships" are specifically excluded from the FTCA's limited waiver of sovereign immunity. Plaintiff also fails to demonstrate that he complied with the FTCA's jurisdictional

exhaustion requirement.

Accordingly, the Court should dismiss Plaintiff's claims against the Government pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## ARGUMENT

### I.   Plaintiff Has Failed To Demonstrate That He Has Article III Standing for His Fourth Amendment Claim.

In opposition to the Government's motion to dismiss his Fourth Amendment claim, Plaintiff does not identify allegations sufficient to establish that he has Article III standing to assert such a claim.

Plaintiff cites no case, let alone any controlling authority, suggesting that his vague and conclusory assertion that "he has communicated with individuals located in areas under PRISM surveillance," Pl.'s Opp. to Gov't's Mot. to Dismiss, ECF No. 34 ("Pl. Opp."), at 5 (citing Am. Compl. ¶ 33), is enough to plausibly allege an Article III injury. Indeed, even if that speculative allegation were taken as true (including the supposition that PRISM surveillance is location-based), it still would require a further chain of speculative inferences to reach the conclusion that the individuals with whom Plaintiff communicated were themselves subject to PRISM surveillance, and still further speculation to reach an inference that Plaintiff's communications were among those collected. Contrary to Plaintiff's assertion, *Clapper v. Amnesty International USA*, 568 U.S. 398 (2013), squarely forecloses a finding that he has standing based on such a bare allegation. *See* 568 U.S. at 410-12 (finding that plaintiffs lacked standing where their claim rested on speculation and assumption that the Government might target the communications of foreign contacts for surveillance). Plaintiff's reliance on the *dissent* in *Clapper*, *see* Pl. Opp. at 5-6, merely underlines the futility of his argument.

Further, Plaintiff does not dispute that the Amended Complaint includes no other

allegations that might plausibly support a conclusion that his communications were collected through Section 702's PRISM program. Instead, he complains that the fact that the scope of PRISM collection is classified prevents him from demonstrating that any of his communications were collected, and asserts that he therefore should be allowed to take discovery on this issue. *Id.* at 4. This argument is unavailing. Even setting aside the classified nature of the information he seeks, discovery may not be used as a fishing expedition, *see, e.g.*, *Mama Cares Found. v. Nutriset Société Par Actions Cimplifiée*, 825 F. Supp. 2d 178, 184 (D.D.C. 2011) (denying jurisdictional discovery because it "would amount to nothing more than a fishing expedition"), and Plaintiff's plea for discovery does not bolster the plausibility of his claim. *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

Plaintiff also fails to show that he has plausibly alleged that he has been injured by any other purportedly unlawful surveillance. Plaintiff argues that his complaint includes sufficient allegations of unspecified "[o]ther [i]llegal [s]urveillance" because it alleges that the Government learned the identity of his stepson, who has a different last name than Plaintiff. Pl. Opp. at 6. But Plaintiff points to no facts that would plausibly support a conclusion that "the only way that [the Government] could have possibly identified [his stepson]" is through "illegally intercepted communications," *id.*, as opposed to via some other means. Plaintiff's contention that the Amended Complaint indicates that the communications allegedly at issue were "with regards to [his stepson]," *id.*, is simply a reformulation of that speculative assertion. Similarly, Plaintiff's argument that he has alleged "direct evidence of attempts by government authorities to intercept electronically [his] telephone conversations which has been gleaned through a security system . . . [called] DEAF," *id.* (quotation marks omitted), is no more than a rephrasing of the fanciful

3

allegations in his complaint, and does not demonstrate that the complaint plausibly alleges that any such attempts occurred.

Accordingly, Plaintiff has not shown that he has plausibly alleged that he was injured or is being injured by any purportedly unlawful Government surveillance, and his Fourth Amendment claim should be dismissed for lack of subject matter jurisdiction.

## II.     Plaintiff Has Not Shown That the Complaint States a Claim for a Violation of Fed. R. Crim. P. 6(e).

Plaintiff also fails to show that he has stated a cognizable claim that the Special Counsel's Office violated Rule 6(e) of the Federal Rules of Criminal Procedure by leaking grand jury information to the press. Most of Plaintiff's discussion of this count consists of verbatim repetition of the allegations in the complaint. *See* Pl. Opp. at 7-9. While Plaintiff contends that these allegations are sufficient to state a claim for a violation of Rule 6(e), *see id.* at 7, this assertion is unsupported by any reasoned explanation, let alone legal authority. In *In re Sealed Case No. 98-3077*, 151 F.3d 1059 (D.C. Cir. 1998), the sole case cited by Plaintiff, the D.C. Circuit reaffirmed its prior holding that an individual can establish a prima facie Rule 6(e) violation on the basis of media reports only where the reports both disclose "information about 'matters occurring before the grand jury'" and indicate that the sources of such information "included attorneys and agents of the Government." *Id.* at 1067 (quoting *Barry v. United States*, 865 F.2d 1317, 1321 (D.C. Cir. 1989)). However, Plaintiff does not point to any such information in the news articles cited in the Amended Complaint.

First, as set forth in the Government's opening memorandum, none of the cited information from the October 31, 2018, ABC News report discloses a "matter occurring before the grand jury." Gov't Mem. at 15-16.  Plaintiff's suggestion that a news article's disclosure of information about the Special Counsel's own investigation is sufficient to support an inference that there was a leak

of grand jury information, Pl. Opp. at 9-10, is contrary to the governing case law. *See, e.g., In re Sealed Case No. 99-3091*, 192 F.3d 995, 1002 (D.C. Cir. 1999) (per curiam) (explaining that, when determining whether a Rule 6(e) violation occurred, "[i]t is . . . necessary to differentiate between statements by a prosecutor's office with respect to its own investigation, and statements by a prosecutor's office with respect to a *grand jury's* investigation, a distinction of the utmost significance" and that "[p]rosecutors' statements about their investigations . . . implicate the Rule only when they directly reveal grand jury matters"). Moreover, Plaintiff points to no language in the ABC News article that attributes the details cited by Plaintiff to sources in the Special Counsel's Office.

Second, as noted in the Government's opening memorandum, the Amended Complaint mischaracterizes the cited Daily Caller article by Chuck Ross. *See* Gov't Mem. at 17. Plaintiff's allegation that Mr. Ross reported that "Dr. Mendelsohn and others who received cancer treatment by him and who [sic] were subpoenaed to testify before the Mueller grand jury," Pl. Opp. at 9 (quoting Am. Compl. ¶ 28), is flatly contradicted by the article itself, and is not entitled to an assumption of truth. *See* Gov't Mem. at 17. Thus, Plaintiff's argument that he has alleged that Chuck Ross told him "that his source [for the article] came from Defendant Mueller's office," Pl. Opp. at 10 (citing Am. Compl. ¶ 28), lends no plausibility to Plaintiff's claim that the Special Counsel's Office violated Rule 6(e).[1]

In addition, Plaintiff cites no authority in support of his suggestion that he need not follow the exclusive procedure for bringing a Rule 6(e) claim recognized by the D.C. Circuit. *See id.* Rather, he argues, without citation to any authority, that the Court should defy Circuit precedent

---

[1] Further, Plaintiff's contention that the identities of witnesses called to testify before the grand jury "are only known by Mueller and his staff," Pl. Opp. at 10 (emphasis omitted), is self-evidently incorrect—the witnesses themselves, for example, would also be aware of that information.

5

and Local Rules, and, effectively, create an alternative procedure that is more convenient for Plaintiff. *See id.* This unsupported contention fails to show that the putative Rule 6(e) count in the operative complaint states a claim upon which relief may be granted.

Accordingly, Plaintiff's claim that the Special Counsel's Office violated Fed. R. Crim. P. 6(e) should be dismissed pursuant to Fed. R Civ. P. 12(b)(6).

### III. Plaintiff's Claims for "Abuse of Process" and "Tortious Interference with Business Relationships" Should Be Dismissed Under Rule 12(b)(1).

Plaintiff has failed to demonstrate that the Court has subject matter jurisdiction over his putative tort claims against the Government.

First, Plaintiff does not dispute that the FTCA does not allow for tort claims against federal agencies or federal officers in their official capacity. *See* Gov't Mem. at 20. Sovereign immunity bars Plaintiff from bringing tort claims against the FBI, CIA, NSA, DOJ, or Special Counsel in his official capacity, *see id.*, and Plaintiff's putative "abuse of process" and "tortious interference with business relationships" claims against the Government may be dismissed on that ground alone.

Second, Plaintiff has failed to rebut the Government's showing that "abuse of process" and "tortious interference with business relationships" claims are excluded from the FTCA's limited waiver of sovereign immunity. *See* 28 U.S.C. § 2680(h) (barring FTCA claims "arising out of . . . abuse of process" by non-law enforcement officers and "interference with contract rights" by any federal employee). Plaintiff protests—in vain—that the exclusions in § 2680(h) do not apply because his suit is based on Special Counsel Mueller's alleged acts "as an 'investigative' officer." Pl. Opp. at 14. This argument is unavailing.

As an initial matter, the bar on "tortious interference" claims does not distinguish among different types of federal employees alleged to have committed that tort. Although § 2680(h) includes a "proviso" clause that allows "assault, battery, false imprisonment, false arrest, abuse of

process, or malicious prosecution" claims when such claims are based on "acts or omissions of investigative or law enforcement officers of the United States," "tortious interference" claims are not included in this proviso. Rather, "tortious interference" claims are addressed only in the first clause of § 2680(h), which plainly bars the claim in Count IV of the Amended Complaint.

As to Count III, for "abuse of process," Plaintiff's argument fails because prosecutorial officers, like Special Counsel Mueller, are not "investigative or law enforcement officers" within the meaning of the statute. Under § 2680(h), "'investigative or law enforcement officer' means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h). The phrase does not embrace every kind of government employee with investigative authority. *See Loumiet v. United States*, 255 F. Supp. 3d 75, 98 (D.D.C. 2017).

Cases interpreting § 2680(h), including decisions by the D.C. Circuit and courts in this district, consistently reject the idea that United States Attorneys and other federal prosecutors are "investigative or law enforcement officers" whose actions can give rise to suit under the "proviso" clause. *See, e.g.*, *Moore v. United States*, 213 F.3d 705, 713 n.7 (D.C. Cir. 2000); *Johnson v. Manzo*, No. 18-cv-2608, 2019 WL 1470991, at *2 (D.D.C. Apr. 2, 2019); *Gray v. Bell*, 542 F. Supp. 927, 933 (D.D.C. 1982), *aff'd* 712 F.2d 490 (D.C. Cir. 1983); *Nogueras-Cartagena v. United States*, 172 F. Supp. 2d 296, 314 (D.P.R. 2001) (collecting cases). The Special Counsel is a federal prosecutor with the functions of a United States Attorney. *See* 28 C.F.R. § 600.6 (providing that, subject to limitations, a special counsel "shall exercise, within the scope of his or her jurisdiction, the full investigative and prosecutorial functions of any United States Attorney"); *see also* 28 U.S.C. § 547 (duties of United States Attorneys). The sole case cited by Corsi in support of his argument on this point, *Millbrook v. United States*, 569 U.S. 50 (2013), did not even address the

7

scope of the "investigative or law enforcement officer" definition in § 2680(h), and is inapposite. *See* 569 U.S. at 55-56 & n.3. (assuming that a federal correctional officer falls within the proviso clause when deciding the different question of whether the statutory immunity waiver's operation requires an "investigative or law enforcement officer" to actually be engaged in executing a search, seizing evidence, or making an arrest at the time of the alleged tort (in that case, a sexual assault)).

Section 2680(h) thus bars any "abuse of process" or "tortious interference with business relationships" claims arising out of acts or omissions by the Special Counsel.

Third, as set forth in the Government's opening memorandum, *see* Gov't Mem. at 21, Plaintiff's "failure to plead a jurisdictionally adequate presentment [of his tort claims]" requires dismissal under Rule 12(b)(1). *Allen v. Brown*, 320 F. Supp. 3d 16, 33 (D.D.C. 2018). Plaintiff does not dispute that the FTCA requires exhaustion of administrative remedies and that he failed to meet this requirement. Instead, he asserts that the Court should excuse him from the FTCA's presentment requirement because administrative exhaustion would be futile. Pl. Opp. at 11. However, he cites no authority supporting the conclusion that a claimant may be relieved of the FTCA's jurisdictional administrative exhaustion requirement on the ground of claimed futility. *See id.* (citing only *Johnson v. District of Columbia*, 368 F. Supp. 2d 30, 49 (D.D.C. 2005), a case involving the District of Columbia Comprehensive Merit Personnel Act, not the FTCA). And, indeed, cases interpreting the FTCA reject the notion of a waivable exhaustion requirement. *See, e.g.*, *Ali v. Rumsfeld*, 649 F.3d 762, 775 (D.C. Cir. 2011) ("We view the failure to exhaust administrative remedies as jurisdictional." (alteration and quotation marks omitted)); *Johnson v. D.C. Metro Transit Auth.*, 239 F. Supp. 3d 293, 296 (D.D.C. 2017) (noting that the FTCA's presentment requirement is jurisdictional); *Hohri v. United States,* 782 F.2d 227, 245-46 n.46 (D.C. Cir.) ("Section 2675(a) . . . applies and cannot be waived."), *reh'g denied,* 793 F.2d 304

(D.C. Cir. 1986), *vacated and remanded on other grounds,* 482 U.S. 64 (1987); *Dorman v. Thornburgh*, 740 F. Supp. 875, 879 (D.D.C. 1990) (noting that the administrative exhaustion requirement is "jurisdictional and cannot be waived"), *aff'd in part, appeal dismissed in part,* 955 F.2d 57 (D.C. Cir. 1992); *Spradley v. Spaniol*, 684 F. Supp. 10, 12 (D.D.C. 1988) (same).

Indeed, unexhausted FTCA claims "are consistently dismissed despite . . . allegations that compliance with the section 2675(a) requirement would be futile." *Hitchcock v. U.S. Air Force*, No. A2-99-90, 2000 WL 33339646, at *2 (D.N.D. Jan. 21, 2000) (citing, among others, *Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994) ("Plaintiffs' assertion that filing [an administrative claim] would have been futile does not excuse [their] failure [to do so] nor does it change the jurisdictional bar.")); *accord In re Katrina Canal Breaches Litig.*, 345 F. App'x 1, 4-5 (5th Cir. 2009) (per curiam) (unpublished); *Villegas v. United States*, 926 F. Supp. 2d 1185, 1205 (E.D. Wash. 2013).[2]

Accordingly, Plaintiff's putative tort claims against the Government should be dismissed pursuant to Rule 12(b)(1).

## CONCLUSION

For the foregoing reasons, and the reasons set forth in the Government's opening memorandum, the Court should dismiss Plaintiff's claims against the Government pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[2] In any case, the operative complaint does not allege that administrative exhaustion would be futile, let alone allege facts sufficient to plausibly support a conclusion of futility.

Dated: May 17, 2019

Respectfully submitted,

JAMES J. GILLIGAN
Acting Branch Director

/s/ Elizabeth Tulis
ELIZABETH TULIS
Trial Attorney
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW
Washington, DC 20005
Tel: (202) 514-9237
Fax: (202) 616-8470
E-mail: elizabeth.tulis@usdoj.gov

*Attorneys for Defendants Federal Bureau of
Investigation, National Security Agency, Central
Intelligence Agency, United States Department of
Justice, and Robert Mueller in his official capacity
as Special Counsel*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 17, 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing to the parties.

/s/ *Elizabeth Tulis*
ELIZABETH TULIS