THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEROME CORSI, | |
| Plaintiff, | |
| v. | Civil Action No. 1:18-cv-02885 ESH |
| ROBERT MUELLER, *et al.* | |
| Defendants. | |

**REPLY IN SUPPORT OF MOTION TO DISMISS**
**<u>INDIVIDUAL-CAPACITY CLAIMS BY ROBERT S. MUELLER, III</u>**

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

I.  CORSI STILL HAS NOT PROPERLY SERVED SPECIAL COUNSEL MUELLER. ......... 2

II.  CORSI STILL HAS NO CAUSE OF ACTION. ..................................................................... 3

   A.  Corsi Has Not Disputed the Unavailability of Non-Monetary Relief. ............................... 4

   B.  Corsi Identifies No Basis to Recognize an Unprecedented Independent, Private Right of
      Action for Money Damages Under Rule 6(e). ................................................................. 4

   C.  Corsi's "Abuse of Process" and "Tortious Interference" Claims Cannot Evade the
      *Westfall* Act. .................................................................................................................. 6

   D.  Corsi Has Not Demonstrated an Entitlement to a *Bivens* Remedy. ................................ 7

      1.  This Is Not "the Exact Same Type of" Case as *Bivens*. ............................................ 7

      2.  Special Factors Counsel Against Corsi's Fourth Amendment Claim, Even as
         Narrowed. ................................................................................................................. 8

III. CORSI CANNOT OVERCOME QUALIFIED IMMUNITY. ............................................. 10

   A.  Corsi Fails to Plausibly Allege That Mr. Mueller Personally Violated the Law. ............. 10

      1.  Corsi Has Not Plausibly Alleged Mr. Mueller's Personal Participation in "Leaks" or
         "Surveillance." ........................................................................................................ 11

      2.  Corsi Fails to Plausibly Allege That Any Illegal Surveillance Took Place. ................ 12

      3.  Corsi Has Not Plausibly Alleged Grand Jury "Leaks." .............................................. 13

   B.  Corsi Alleges No Violation of Clearly Established Law. ................................................. 13

   C.  Corsi's Unfounded Insistence on Discovery Merely Concedes the Insufficiency of His
      Pleading. ......................................................................................................................... 14

IV. CONCLUSION .................................................................................................................. 15

# TABLE OF AUTHORITIES

**Cases**

*Acosta Orellana v. CropLife Int'l*,
　　711 F. Supp. 2d 81 (D.D.C. 2010) ........................................................................... 11

*Anderson v. Creighton*,
　　483 U.S. 635 (1987) ................................................................................................ 14

*\*Ashcroft v. al-Kidd*,
　　563 U.S. 731 (2011) ................................................................................................ 14

*\*Ashcroft v. Iqbal*,
　　556 U.S. 662 (2009) ................................................................................. 11, 12, 13, 15

*Attkisson v. Holder*,
　　No. 18-1677, 2019 WL 2147243 (4th Cir. May 17, 2019) ...................................... 7, 9

*Behrens v. Pelletier*,
　　516 U.S. 299 (1996) ................................................................................................ 10

*\*Bell Atl. Corp. v. Twombly*,
　　550 U.S. 544 (2007) ................................................................................................ 13

*Bloem v. Unknown Dep't of the Interior Employees*,
　　24 F. Supp. 3d 97 (D.D.C. 2014) .............................................................................. 2

*Brunoehler v. Tarwater*,
　　743 F. App'x 740 (9th Cir. 2018) .............................................................................. 8

*Bryant v. Taylor*,
　　244 F. Supp. 3d 209 (D.D.C. 2017) ......................................................................... 13

*Camm v. Kennickell*,
　　No. CIV. A. 85-3844(CRR), 1990 WL 198621 (D.D.C. Nov. 20, 1990), *aff'd per curiam,* 946
　　F.2d 1563 (D.C. Cir. 1991) ..................................................................................... 4, 5

*Candido v. District of Columbia*,
　　242 F.R.D. 151 (D.D.C. 2007) ................................................................................ 3, 4

*Carpenter v. United States*,
　　138 S. Ct. 2206 (2018) ............................................................................................ 8, 9

*Corr. Servs. Corp. v. Malesko*,
　　534 U.S. 61 (2001) ................................................................................................... 5

*Deutsch v. U.S. Dep't of Justice,*
  881 F. Supp. 49 (D.D.C. 1995), *aff'd*, 93 F.3d 986 (D.C. Cir. 1996) ........................................ 3

*Dukore v. District of Columbia,*
  799 F.3d 1137 (D.C. Cir. 2015) ...................................................................................... 10

*Evans v. Chalmers,*
  703 F.3d 636 (4th Cir. 2012) .................................................................................... 11, 12

*Farah v. Weyker,*
  No. 17-3207, 2019 WL 2440427 (8th Cir. June 12, 2019) .................................................. 4, 7

*Fazaga v. Fed. Bureau of Investigation,*
  916 F.3d 1202 (9th Cir. 2019) ........................................................................................... 8

*Felder v. WMATA,*
  105 F. Supp. 3d 52 (D.D.C. 2015) .................................................................................. 15

*Gorman v. Ameritrade Holding Corp.,*
  293 F.3d 506 (D.C. Cir. 2002) ......................................................................................... 2

*Haight v. O'Bannon,*
  102 F. Supp. 3d 179 (D.D.C. 2015) ............................................................................... 14

*In re Sealed Case No. 98-3077,*
  151 F.3d 1059 (D.C. Cir. 1998) ....................................................................................... 4

*Kaylor v. Fields,*
  661 F.2d 1177 (8th Cir. 1981) ....................................................................................... 15

*Kelley v. Fed. Bureau of Investigation,*
  67 F. Supp. 3d 240 (D.D.C. 2014) .................................................................................... 8

*Klayman v. Nat'l Sec. Agency,*
  280 F. Supp. 3d 39 (D.D.C. 2017), *aff'd sub nom. Klayman v. Obama*, 759 F. App'x 1 (D.C.
  Cir. 2019) .......................................................................................................................... 7

*Kyle v. Bedlion,*
  177 F. Supp. 3d 380 (D.D.C. 2016) ............................................................................... 10

*Lawrence v. Acree,*
  79 F.R.D. 669 (D.D.C. 1978) ........................................................................................... 3

*Lewis v. Bayh,*
  577 F. Supp. 2d 47 (D.D.C. 2008) .............................................................................. 12, 13

*\*Liff v. Office of Inspector Gen. for U.S. Dep't of Labor,*
  881 F.3d 912 (D.C. Cir. 2018) ......................................................................................... 7

*Marsh v. Kitchen*,
  480 F.3d 1270 (2d Cir. 1973).................................................................... 2

*McQueen v. United States*,
  5 F. Supp. 2d 473 (S.D. Tex. 1998), *aff'd per curiam*, 176 F.3d 478 (5th Cir. 1999)............ 4, 5

*Mitchell v. Forsyth*,
  472 U.S. 511 (1985)........................................................................ 8, 10, 15

*Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*,
  526 U.S. 344 (1999)............................................................................ 2

*New Albany Tractor, Inc. v. Louisville Tractor, Inc.*,
  650 F.3d 1046 (6th Cir. 2011) ............................................................... 15

*Osborn v. Haley*,
  549 U.S. 225 (2007)............................................................................ 6

*Patrick v. District of Columbia*,
  179 F. Supp. 3d 82 (D.D.C. 2016) .......................................................... 14

*Reid v. Hurwitz*,
  914 F.3d 670 (D.C. Cir. 2019), *amended and superseded*, 920 F.3d 828, 835 (D.C. Cir. 2019)
  ........................................................................................... 12

*Schweiker v. Chilicky*,
  487 U.S. 412 (1988)............................................................................ 9

*Simpkins v. District of Columbia*,
  108 F.3d 366 (D.C. Cir. 1997) .............................................................. 10

*Smith v. Clinton*,
  886 F.3d 122 (D.C. Cir. 2018), *cert. denied,* 139 S. Ct. 459 (2018) ........................ 6

*Spagnola v. Mathis*,
  859 F.2d 223 (D.C. Cir. 1988) ............................................................... 9

*Tooley v. Napolitano*,
  586 F.3d 1006 (D.C. Cir. 2009) ............................................................. 12

*United States ex rel. Cody v. Computer Scis. Corp.*,
  246 F.R.D. 22 (D.D.C. 2007)................................................................. 3

*Wilson v. Libby*,
  535 F.3d 697 (D.C. Cir. 2008) ............................................................. 6, 9

*Ziglar v. Abbasi*,
   137 S. Ct. 1843 (2017) ......................................................................................................... 8, 9

**Rules**

Federal Rule of Civil Procedure 4 ................................................................................................. 3

Federal Rule of Civil Procedure 8 .......................................................................................... 11, 15

Federal Rule of Civil Procedure 12 ........................................................................................ 3, 14

Federal Rule of Criminal Procedure 6 ............................................................................... 1, 4, 5, 14

**Other Authorities**

Charles Alan Wright & Arthur R. Miller*, Federal Practice and Procedure* (4th ed. 2015) .......... 2

**INTRODUCTION**

In this case, Jerome Corsi, a self-identified unindicted "figure of interest," raises many complaints about the course of the Special Counsel investigation into Russian interference with the 2016 presidential election. *See, e.g.,* Dkt. No. 15, First Amended Complaint (FAC) ¶ 20 (accusing the Special Counsel's Office of "sp[inning] the fake narrative that Plaintiff Corsi 'colluded' with Russian[s]"). He seeks to resolve these criticisms via *personal-capacity* litigation against Special Counsel Mueller for alleged (1) Fourth Amendment violations, FAC ¶¶ 42–48; (2) grand jury leaks in violation of Federal Rule of Criminal Procedure 6(e)(2), *id.* ¶¶ 49–53; (3) "abuse of process," *id*. ¶¶ 54–58; and (4) "tortious interference with business relationships," *id*. ¶¶ 59–65.

These claims fail on a number of overlapping grounds, including: (1) failure to properly serve Mr. Mueller in his personal capacity, *see* Dkt. No. 27, Robert S. Mueller, III's Motion to Dismiss and Memorandum of Points and Authorities (Mem.) pp.9–10; (2) the unavailability of equitable relief from office holders as individuals, *id.* pp.10–11; (3) the absence of any independent, private right of action for money damages under Rule 6(e), *id.* pp.11–12; (4) *Westfall* Act immunity to common-law tort claims, *id.* pp.12–13; (5) "special factors" counseling against recognizing a *Bivens* remedy in this new context, *id.* pp.13–32; and (6) qualified immunity, *id.* pp.32–40. Corsi's Opposition significantly narrows the focus of his Fourth Amendment claim—to encompass only his vague and conclusory allegations of foreign and domestic "unlawful surveillance"—but otherwise fails to offer any meaningful response. *See* Opp. pp.7–8 (disclaiming intent to sue under the Fourth Amendment for "threats of indictment," "grand jury leaks," and "tortious interference with business relationships"). Nor does his

Opposition save any of the rest of his case. Dismissal is now proper.

## I.   CORSI STILL HAS NOT PROPERLY SERVED SPECIAL COUNSEL MUELLER.

Contrary to Corsi's suggestions, "[t]he requirement of service of process is not a mere technicality; a court lacks personal jurisdiction over a defendant until service has been properly effected." *Bloem v. Unknown Dep't of the Interior Employees*, 24 F. Supp. 3d 97, 102 (D.D.C. 2014) (citing *Gorman v. Ameritrade Holding Corp.,* 293 F.3d 506, 514 (D.C. Cir. 2002)). Actual notice is no substitute because "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 350 (1999) (citations omitted). The Opposition apparently concedes Corsi's failure to serve Special Counsel Mueller in his personal capacity before the 90-day deadline ran on March 11. *See* Fed. R. Civ. P. 4(m)[1]; Mem. pp.9–10; Opp. pp.3–4. Yet he argues that service is a "red-herring" because, more than two months late, "[s]ervice was" somehow "effected . . . through the Department of Justice." Opp. p.4.[2] Even setting aside

---

[1] In contrast to what Corsi seems to imply, "[f]iling an amended complaint does not toll the Rule 4(m) service period and thereby provide an additional 90 days for service." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 (4th ed. 2015); *see* Opp. p.3 ("Plaintiff Corsi filed an Amended Complaint on January 22, 2019, which was before the 90 days to serve Defendant Mueller had run.").

[2] Corsi also maintains that on April 12, 2019, a process server belatedly attempted service at the Special Counsel's Office, where unspecified "employees refused service." Opp. p.4. It appears that plaintiff's process server had the wrong workplace; the U.S. Office of Special Counsel (OSC), an independent federal investigative and prosecutorial agency that protects federal employees and applicants from prohibited personnel practices. *See* Dkt. No. 40-1 (indicating that plaintiff's counsel sent a process server to "1730 M. St., NW, #218"); https://osc.gov/Pages/contact.aspx (reporting the OSC's address as "1730 M Street, N.W., Suite 218"). Even if he had visited the correct agency, service on its workers could not have substituted for valid personal service on Special Counsel Mueller, as Department of Justice employees are "are agents of a common principal—the United States—and not of each other," *Marsh v. Kitchen*, 480 F.3d 1270, 1273 (2d Cir. 1973). Corsi does not explain why he never

timeliness, serving the Department in some unspecified manner cannot perfect service on an individual-capacity defendant. *See* Fed. R. Civ. P. 4(i)(3) ("To serve a United States officer or employee sued in an individual capacity . . . a party must serve the United States *and also serve the officer or employee* under Rule 4(e), (f), or (g).") (emphasis added); *Deutsch v. U.S. Dep't of Justice*, 881 F. Supp. 49, 52 (D.D.C. 1995), *aff'd,* 93 F.3d 986 (D.C. Cir. 1996) ("Service on the Attorney General and the United States Attorney . . . 'does not obviate the requirement of personal service'") (quoting *Lawrence v. Acree*, 79 F.R.D. 669, 670 (D.D.C. 1978)).

And Corsi is equally mistaken in proposing that the Court ignore this omission because Special Counsel "Mueller and his attorneys have received notice of this lawsuit, as evidenced by the filing of this instant motion to dismiss." Opp. p.4; *see, e.g., United States ex rel. Cody v. Computer Scis. Corp.*, 246 F.R.D. 22, 26 (D.D.C. 2007) (collecting cases establishing that "simply being on notice of a lawsuit" does not cure service defects); *Candido v. District of Columbia*, 242 F.R.D. 151, 162 (D.D.C. 2007) (collecting cases demonstrating that "[f]ederal courts have firmly established that a court appearance alone can never waive an otherwise valid Rule 12(b)(5) defense"). Corsi's disregard for the need to promptly work out the basic mechanics of service makes dismissal at this juncture appropriate.

## II.  CORSI STILL HAS NO CAUSE OF ACTION.

Even if Corsi had properly served Special Counsel Mueller, he has no individual-capacity cause of action. Mem. pp.10–32. The non-monetary relief he appears to seek is unavailable from individual-capacity defendants. *Id.* pp.10–11. The grand jury rules do not contemplate the sort of "leak" case he wishes to pursue. *Id.* pp.11–12. The *Westfall* Act precludes his claims for "abuse of process" and "tortious interference with business relationships." *Id.* pp.12–13. Finally, *Bivens*

---

attempted to make alternate arrangements through undersigned counsel, who entered an appearance just three days later. *See* Dkt. No. 26.

should not be extended to this new context. *Id.* pp.13–32. Corsi's Opposition, long on rhetoric and short on supportive case law, controverts none of these points.

### A. Corsi Has Not Disputed the Unavailability of Non-Monetary Relief.

The complaint appears to seek equitable, declaratory, and injunctive relief from Mr. Mueller on each of the individual-capacity counts. *See* FAC p.18. Such relief is unavailable from individual-capacity federal defendants. *See* Mem. pp.10–11. Corsi does not dispute this point.

### B. Corsi Identifies No Basis to Recognize an Unprecedented Independent, Private Right of Action for Money Damages Under Rule 6(e).

Corsi purports to sue over alleged violations of Federal Rule of Criminal Procedure 6(e). FAC ¶¶ 49–53. As explained in the opening brief, the grand jury secrecy rule does not authorize independent civil suits for money damages over "leaks." Mem. pp.11–12 (citing *In re Sealed Case No. 98-3077*, 151 F.3d 1059, 1070 (D.C. Cir. 1998); *McQueen v. United States,* 5 F. Supp. 2d 473, 482 (S.D. Tex. 1998), *aff'd per curiam*, 176 F.3d 478 (5th Cir. 1999); and *Camm v. Kennickell*, No. CIV. A. 85-3844(CRR), 1990 WL 198621, at *7 (D.D.C. Nov. 20, 1990), *aff'd per curiam,* 946 F.2d 1563 (D.C. Cir. 1991)). Instead, its provisions are enforced exclusively via specialized "ancillary civil proceeding[s]" supervised by the Chief Judge overseeing the grand jury itself. Mem. p.19 (quoting *In re Sealed Case No. 98-3077*, 151 F.3d at 1065). Corsi ignores the case law establishing these points (and the various ways in which the specialized proceedings are better suited than *Bivens* litigation to resolving such disputes),[3] arguing instead that this

---

[3] The Eighth Circuit's recent decision denying a *Bivens* remedy for allegations that "a federal law-enforcement officer lie[d], manipulate[d] witnesses, and falsifie[d] evidence" lends further support to these points. *Farah v. Weyker*, No. 17-3207, 2019 WL 2440427, at *1 (8th Cir. June 12, 2019); *see also id.* at *5 ("The first special factor present here is a variation on one the Supreme Court has already identified: the risk of burdening and interfering with the executive branch's investigative and prosecutorial functions."); *id.* (A "wide-ranging inquiry into the evidence available to investigators, prosecutors, and the grand jury" will "pose a risk of intrusion into executive-branch authority to enforce the law and prosecute crimes, not to mention encroach on the usual secrecy of charging decisions and grand-jury proceedings.").

Court ought to create a brand new remedy for him because the end of the Special Counsel investigation means that "the Mueller grand jury is no longer convened" and he is "left with no means to enforce his Rule 6(e)."[4] Opp. p.4. But Corsi demonstrates no inability to bring these alleged leaks to the attention of the Chief Judge, who is charged with "hear[ing] and determin[ing] all matters related to proceedings before the grand jury." L. Cr. R. 57.14(b). And the end of the Special Counsel's investigation does not warrant creating a new, private right of action. *See, e.g.*, Mem. p.28 (explaining that civil damages litigation over alleged 6(e) violations is "bad policy" because it could encourage a "target of a grand jury investigation to sandbag the reporting of a leak" in favor of a damages claim, thereby depriving the appropriate court "of the opportunity to investigate" in a timely fashion, and because application of civil discovery rules to such claims could compromise grand jury secrecy and independence) (quoting *McQueen*, 5 F. Supp. 2d at 484). And Corsi's "lack of alternative tort remedies" in this regard would not justify the creation of a private right of action under the Constitution itself, much less one under a procedural rule like Rule 6(e). *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 73–74 (2001); *see Camm*, 1990 WL 198621, at *7 (Far from "a constitutional demand," grand jury secrecy rules are "a creature of the Federal Rules of Criminal Procedure."). Corsi's last-ditch claim that "Defendant Mueller does not cite any relevant authority to preclude litigating this alleged violation of grand jury secrecy," Opp. p.5, is of course not true. *See* Mem. pp.11–12, 27–28 (and cases cited therein). Finally, nothing in precedent, logic, or sound policy warrants creating a new species of damages liability grounded on no more than Corsi's sanguine declaration that "[t]here

---

[4] "His" appears to be a typographical error. As explained in the opening brief, Corsi has no individually enforceable rights under Rule 6(e), a procedural rule intended to protect the grand jury process itself. Mem. p.38.

is no harm in . . . allowing this manner to proceed." Opp. p.4.

### C. Corsi's "Abuse of Process" and "Tortious Interference" Claims Cannot Evade the *Westfall* Act.

Corsi acknowledges that the *Westfall* Act "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." Opp. p.5 (quoting *Osborn v. Haley*, 549 U.S. 225, 229 (2007)). He does not dispute that "abuse of process" and "tortious interference with business relationships" are common-law torts, or that he sues exclusively for acts undertaken in Mr. Mueller's capacity as Special Counsel. *See* Opp. pp.5–6. But, citing no authority whatsoever, he nonetheless maintains that Special Counsel Mueller was not within the scope of employment for *Westfall* Act purposes because he allegedly engaged in intentional misconduct. Opp. pp.5–6 (claiming that the Special Counsel "actively circumvent[ed] grand jury secrecy provisions and tr[ied]to obtain false sworn testimony," "the opposite of what Defendant Mueller was appointed to do"). "Extensive precedent" says otherwise, "mak[ing] clear that alleging a federal employee violated policy or even laws in the course of her employment . . . does not take that conduct outside the scope of employment." *Smith v. Clinton*, 886 F.3d 122, 126 (D.C. Cir. 2018), *cert. denied,* 139 S. Ct. 459 (2018). "[C]ourts" must "look beyond alleged intentional torts themselves," to "the underlying conduct," and there is no escaping the fact that the underlying conduct here—dealing with grand jury information and handling witnesses—was indisputably within the scope of employment. *Wilson v. Libby*, 535 F.3d 697, 711–12 (D.C. Cir. 2008) (citation and quotation omitted). So no individual-capacity claim for "abuse of process" or "tortious interference with business relationships" can survive.

**D. Corsi Has Not Demonstrated an Entitlement to a *Bivens* Remedy.**

Corsi's Fourth Amendment claim, as broadly pleaded, diverges from Supreme Court precedent recognizing a *Bivens* remedy. *See* Mem. pp.14–16 (Corsi sues over alleged improprieties in a criminal investigation, including grand jury proceedings but not a physical search or arrest, and injuries arising out of rumors, unrealized "threats" of indictment, digital "surveillance," and grand jury leaks). Additionally, a "constellation" of alternative processes and other special factors counsel against recognizing a *Bivens* remedy for a "figure of interest" against a prosecutor. *See* Mem. pp.16–32 (quoting *Liff v. Office of Inspector Gen. for U.S. Dep't of Labor*, 881 F.3d 912, 920 (D.C. Cir. 2018)). Corsi attempts to sidestep that problem by narrowing the scope of the claim to include only allegations of warrantless digital surveillance. *See* Opp. pp.7–8 (disclaiming intent to sue over "threats of indictment," "grand jury leaks," and "tortious interference with business relationships"); *id.* p.8 ("[T]he only actual relevant inquiry is whether 'allegations of illegal and unconstitutional surveillance against Defendant Mueller are compensable personally under *Bivens* . . . .'"). But this is not enough to bring it within the scope of Supreme Court-recognized *Bivens* remedies or to overcome all of the special factors that foreclose his claim.

**1. This Is Not "the Exact Same Type of" Case as *Bivens*.**

In asserting that warrantless surveillance allegations present "the exact same type of" case as *Bivens*, Corsi ignores common sense and significant authority to the contrary. Opp. p.9; *see* Mem. pp.15–16 & n.19; *Weyker*, 2019 WL 2440427, at *3 (investigator's "information-gathering and case-building activities are a different part of police work than the apprehension, detention, and physical searches at issue in *Bivens*"). "[A] claim based on unlawful electronic surveillance presents wildly different facts and a vastly different statutory framework from a warrantless search and arrest." *Attkisson v. Holder*, No. 18-1677, 2019 WL 2147243, at *11 (4th

Cir. May 17, 2019); *Klayman v. Nat'l Sec. Agency*, 280 F. Supp. 3d 39, 58 n.14 (D.D.C. 2017),

*aff'd sub nom. Klayman v. Obama*, 759 F. App'x 1 (D.C. Cir. 2019) (noting that *Ziglar v.*

*Abbasi*, 137 S. Ct. 1843 (2017), "makes it unclear whether plaintiffs could even maintain a

*Bivens* action" for illegal surveillance); *see also Brunoehler v. Tarwater*, 743 F. App'x 740, 743

(9th Cir. 2018) ("declin[ing] to extend *Bivens* in this context" of wiretapping); *Fazaga v. Fed.*

*Bureau of Investigation*, 916 F.3d 1202, 1241 (9th Cir. 2019) (questioning "whether a *Bivens*

remedy is available" for the claim "that the Agent Defendants engaged in unlawful electronic

surveillance violative of the Fourth Amendment" before ruling on other grounds).[5] The context

is new, and Corsi has no way around the "special factors" bar to his unprecedented Fourth

Amendment *Bivens* claim.[6]

## 2. Special Factors Counsel Against Corsi's Fourth Amendment Claim, Even as Narrowed.

By narrowing his Fourth Amendment claim, Corsi avoids only some of the alternative

processes and other special factors cited in the opening brief. *See* Mem. pp.16–32. Still-relevant

alternatives to *Bivens* litigation include Attorney General oversight, *id.* pp.17–18; potential

injunctive and other statutory relief under existing comprehensive schemes governing digital

---

[5] *See also Mitchell v. Forsyth*, 472 U.S. 511, 542 (1985) (Stevens, J., concurring) ("[I]t is highly doubtful whether the rationale of *Bivens* . . .  even supports an implied cause of action for damages after Congress has enacted legislation comprehensively regulating the field of electronic surveillance but has specifically declined to impose a remedy for the national security wiretaps"); *Kelley v. Fed. Bureau of Investigation*, 67 F. Supp. 3d 240, 271 (D.D.C. 2014) (declining to imply a *Bivens* remedy for "the government's unlawful search and seizure of emails").

[6] Corsi's sole authority on this point did not consider the availability of *Bivens* remedies for Fourth Amendment violations at all, much less "significantly alter[] the landscape of the law" in this regard. Opp. pp.9–11; *see Carpenter v. United States*, 138 S. Ct. 2206, 2211 (2018) ("This case presents the question whether the Government conducts a search under the Fourth Amendment when it accesses historical cell phone records that provide a comprehensive chronicle of the user's past movements."); *id.* at 2220 ("Our decision today is a narrow one. We do not express a view on matters not before us[.]").

privacy, *id.* pp.20–23; and professional ethics rules, *id.* p.24. And most importantly, Congress has never authorized the sort of cause of action Corsi wishes to pursue, either by creating "a specific damages remedy" against federal employees, Mem. p.25 (quoting *Abbasi*, 137 S. Ct. at 1854), or by augmenting existing "implemented schemes to regulate the surveillance of individuals such as Plaintiff Corsi," Opp. p.12. *See Attkisson*, 2018 WL 2147243, at *11 ("It is sufficient . . . to note that Congress has legislated extensively in the area of electronic surveillance and intrusions into electronic devices without authorizing damages for a Fourth Amendment violation in such circumstances."). That is important because "[t]he question" raised by his proposed *Bivens* extension "is 'who should decide' whether to provide for a damages remedy, Congress or the courts?" and "[t]he answer most often will be Congress." *Abbasi*, 137 S. Ct. at 1857.

Corsi mistakenly insists that alternative processes and the legislative schemes surrounding them cannot preclude a *Bivens* remedy unless they provide him, personally, complete relief in the form of money damages. *See* Opp. pp.12–13 (arguing, without citation to any precedent, that "where *Bivens* has expressly permitted a financial recovery, it is clear that mere injunctive relief does not qualify as an alternative remedy"). The cases contradict this notion. *See, e.g., Abbasi*, 137 S. Ct. at 1865 ("[A]lternative remedies" could include "a writ of habeas corpus," an "injunction," or "some other form of equitable relief."); *Wilson*, 535 F.3d at 706 ("[T]he availability of *Bivens* remedies does not turn on the completeness of the available statutory relief."); *Spagnola v. Mathis*, 859 F.2d 223, 227 (D.C. Cir. 1988) ("[I]t is the comprehensiveness of the statutory scheme involved, not the 'adequacy' of specific remedies extended thereunder, that counsels judicial abstention.") (citing *Schweiker v. Chilicky*, 487 U.S. 412 (1988)).

## III. CORSI CANNOT OVERCOME QUALIFIED IMMUNITY.

Even if Corsi could sue over general claims of grand jury "leaks" and alleged "warrantless surveillance" in this context, Special Counsel Mueller would still be entitled to qualified immunity because Corsi makes no plausible allegation that he personally violated any clearly established law. Mem. pp.32–40; *see Behrens v. Pelletier*, 516 U.S. 299, 306 (1996) ("Unless the plaintiff's allegations state a violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.") (quoting *Mitchell*, 472 U.S. at 526). Corsi's Opposition falls far short of showing otherwise. *See Dukore v. District of Columbia*, 799 F.3d 1137, 1145 (D.C. Cir. 2015) ("It is [plaintiffs'] burden to show that the particular right in question—narrowly described to fit the factual pattern confronting the officers . . . —was clearly established."); *Kyle v. Bedlion*, 177 F. Supp. 3d 380, 388 (D.D.C. 2016) ("[O]nce the defense is asserted, the burden of proof . . . falls to the plaintiff to show that the official is not entitled to qualified immunity.") (citation and quotation omitted).

### A.  Corsi Fails to Plausibly Allege That Mr. Mueller Personally Violated the Law.

Corsi at least acknowledges that clearing the first prong of qualified immunity requires plausible allegations "that the defendant federal official was personally involved" in "illegal conduct." Mem. pp.32–33 (quoting *Simpkins v. District of Columbia*, 108 F.3d 366, 369 (D.C. Cir. 1997)); Opp. pp.17–19. That he failed to do is underscored by his basic pleading theory: (1) "Neither Plaintiff Corsi nor this Court knows exactly the detailed inner workings of Defendant Mueller and his staff absent discovery;" (2) "[h]owever it is clear that Defendant Mueller was put in charge of the Russian collusion investigation;" and (3) "[i]t thus logically follows, at least at this point in the case, that the actions of his staff were taken at his direction." Opp. p.18. That amounts to sheer speculation that Mr. Mueller might be responsible for something he or his staff allegedly did wrong, and Corsi needs discovery to find out. Whether viewed as an impermissible

theory of "supervisory liability," *see Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009), or as "an unadorned, the-defendant-unlawfully-harmed-me accusation," *id*. at 678, it is not enough to show a plausible claim. And "[b]ecause [Corsi's] complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise." *Id*. at 686.

### 1. Corsi Has Not Plausibly Alleged Mr. Mueller's Personal Participation in "Leaks" or "Surveillance."

A plaintiff must identify "how '*each* defendant, through the official's *own individual actions*, has violated the Constitution.'" Mem. pp.33–34 (quoting *Evans v. Chalmers*, 703 F.3d 636, 661 (4th Cir. 2012), and *Iqbal*, 556 U.S. at 676 (emphasis added)). Corsi disputes neither this nor Special Counsel Mueller's extensive case law establishing the inadequacy of collective allegations against groups of defendants, references to a particular defendant's supervisory authority, and conclusory claims about what a defendant "directed." *See* Mem. pp.33–34 (collecting cases); *Iqbal*, 556 U.S. 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *Acosta Orellana v. CropLife Int'l*, 711 F. Supp. 2d 81, 112 (D.D.C. 2010) ("[T]o show that . . . action was taken at the direction of another requires more than just the conclusion that that is what occurred.").

Yet in arguing that he "pled in detail Defendant Mueller has directed illegal and unconstitutional surveillance" (but not, curiously, "leaks") he cites no portion of the complaint attributing any particular act to Special Counsel Mueller. Opp. p.19. Indeed, there is none. Again Corsi acknowledges that his theory of liability is simply that "Defendant Mueller was put in charge of the Russian collusion investigation" so it "logically follows . . . that the actions of his staff were taken at his direction." Opp. p.18. And again that is precisely the style of pleading that *Iqbal* rejected. *See* 556 U.S. at 680–81; Mem. p.33 ("[T]he serious burdens of defending against

this sort of lawsuit are visited upon a . . . supervisor only when the complaint 'plausibly suggest[s]' that the supervisor engaged in 'his or her *own* misconduct.'") (quoting *Evans*, 703 F.3d at 661, and *Iqbal*, 556 U.S. at 677) (emphasis added)).

### 2.   Corsi Fails to Plausibly Allege That Any Illegal Surveillance Took Place.

As demonstrated in the opening brief, the "bare legal conclusion" that "illegal and unconstitutional surveillance" happened carries no presumption of truth and so falls short of stating a viable Fourth Amendment claim. Mem. p.36 (quoting *Reid v. Hurwitz*, 914 F.3d 670, 679–80 (D.C. Cir. 2019)).[7] None of the allegations offered in support plausibly suggests wrongdoing: The first, that officials allegedly identified Corsi's stepson as someone to interview is fully consistent with the obvious alternative explanation that investigators performed their jobs competently; the second, that a Canadian "author" has somehow collected unspecified "evidence of repeated" yet apparently unsuccessful "attempts by" unspecified "government authorities to intercept electronically Plaintiff Corsi's telephone conversations," is as speculative and far-fetched as those previously rejected in this district as "patently insubstantial" and "essentially fictitious." Mem. p.36 (citing, *e.g.*, *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009); *Lewis v. Bayh*, 577 F. Supp. 2d 47, 54–55 (D.D.C. 2008)). And, as the United States has explained, Corsi's cryptic, passing references to "PRISM"[8] fail to plausibly suggest "any

---

[7] *Reid* has been amended and superseded on other grounds. *See* 920 F.3d 828, 835 (D.C. Cir. 2019) ("[W]e do not pass judgment on whether Reid has plausibly stated policy and individual challenges that survive a Rule 12(b)(6) motion on the merits."). It remains true that allegations that "are no more than conclusions . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

[8] *See, e.g.,* FAC p.1 ("Plaintiff Jerome Corsi ('Corsi') brings this Amended Complaint . . . for . . . illegal and unconstitutional surveillance, in violation of the Fourth Amendment and both the USA Freedom Act and Section 702 of the Foreign Intelligence Surveillance Act ('PRISM')[.]"); *id.* ¶ 30 ("Defendants Mueller, DOJ, NSA, CIA, and FBI have engaged in ongoing illegal, unconstitutional surveillance . . . in violation of the Fourth Amendment and the USA Freedom Act as well [*sic*] targeted 'PRISM' collection[.]").

concrete and particularized injury" as a result of that program, which "does not permit the targeting of U.S. persons." Dkt. No. 22-1, Memorandum of Law in Support of The Government's Motion to Dismiss (Gov't Mem.) pp.10–14.

Corsi contends with none of this case law. Instead, he doubles down, arguing that he offers "factual allegations" rather than "legal conclusions." Opp. p.19. But as already explained, that is not so. And Corsi cites no authority accepting analogous pleading as sufficient to state a claim or overcome qualified immunity. *Id.* He also asks the Court to ignore "possible 'alternative explanations' . . . at the motion to dismiss stage," *id.*, a request patently at odds with *Iqbal*, 556 U.S. at 682, and other relevant authority. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 567 (2007); *Bryant v. Taylor*, 244 F. Supp. 3d 209, 212 (D.D.C. 2017) ("Particularly where the defendant's allegedly unlawful conduct has 'an obvious alternative explanation,' the complaint must allege facts that 'plausibly suggest[]'—and are 'not merely consistent with'—the defendant's liability.") (quoting *Twombly*, 550 U.S. at 557, 567). None of this suffices to allege a Fourth Amendment search at all, let alone a constitutionally unreasonable one.

### 3. Corsi Has Not Plausibly Alleged Grand Jury "Leaks."

Grand jury "leaks" are not constitutional violations. Mem. p.38. Corsi does not disagree, and he reframes the "leak" claim as "not brought under *Bivens*." *See* Opp. pp.7–8 & n.1. That is dispositive of his "leak" claim. But even setting aside the absence of either a cause of action or any plausible allegations of personal involvement, the complaint fails to plausibly allege that any "leak" actually took place. *See* Gov't Mem. pp.14–18; Dkt. No. 38, Reply Memorandum of Law in Further Support of The Government's Motion to Dismiss, pp.4–6.

### B. Corsi Alleges No Violation of Clearly Established Law.

Corsi sets out no violation of law at all, much less a clearly established one. *See* Mem. p.38. Corsi responds only that "[t]he Fourth Amendment is indisputably a 'clearly established'

right that any reasonable official would have understood." Opp. p.19. This reflects the classic

error of "defin[ing] clearly established law at a high level of generality," something the Supreme

Court has "repeatedly told courts" not to do. *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011); *see*

*also Anderson v. Creighton*, 483 U.S. 635, 640–41 (1987). And Corsi simply ignores the wide

latitude the law gives prosecutors, especially pre-indictment, *see* Mem. pp.38–39, and the

absence of any clearly established law that could have put Mr. Mueller on notice of the potential

for damages for violations of Rule 6(e), *id.* pp.39–40. So there can be no question Corsi has

failed to carry his burden as to qualified immunity prong two.

**C. Corsi's Unfounded Insistence on Discovery Merely Concedes the Insufficiency of His Pleading.**

Corsi repeatedly insists on discovery, maintaining that "at a minimum, this case must

proceed to discovery to determine the scope of the misconduct taken at Defendant Mueller's

direction." Opp. p.18; *see also id.* ("[N]either Plaintiff Corsi nor this Court knows exactly the

detailed inner workings of Defendant Mueller and his staff absent discovery."); *id.* p.20 ("[T]his

case must proceed to discovery."). "But this argument essentially concedes that [his] complaint

merely speculates" that Special Counsel Mueller personally did something wrong. *See Haight v.*

*O'Bannon*, 102 F. Supp. 3d 179, 182 (D.D.C. 2015) (rejecting request for discovery into "which,

*if any*, policies permitted [defendant] to violate Plaintiff's constitutional rights"); *see also Patrick*

*v. District of Columbia*, 179 F. Supp. 3d 82, 89 (D.D.C. 2016) ("[B]y arguing that he requires

discovery at the motion-to-dismiss stage, Mr. Patrick essentially concedes that his allegations

against the District are based on speculation.").

Corsi evinces a fundamental misunderstanding of the state of the law as to both Rule 12

and qualified immunity. "A plaintiff may not . . . use discovery to obtain the facts necessary to

establish a claim that is plausible on its face . . . — even when those facts 'are only within the

head or hands of the defendant[].'" *Felder v. WMATA*, 105 F. Supp. 3d 52, 59 (D.D.C. 2015)

(quoting *New Albany Tractor, Inc. v. Louisville Tractor, Inc.,* 650 F.3d 1046, 1051 (6th Cir.

2011)); *see also Iqbal,* 556 U.S. at 678–79 ("Rule 8 . . . does not unlock the doors of discovery

for a plaintiff armed with nothing more than conclusions[.]"); *Kaylor v. Fields,* 661 F.2d 1177,

1184 (8th Cir. 1981) ("Discovery should follow the filing of a well-pleaded complaint. It is not a

device to enable a plaintiff to make a case when his complaint has failed to state a claim."). And

an individual-capacity defendant who demonstrates an entitlement to qualified immunity "is

*entitled* to dismissal before the commencement of discovery." Mem. p.32 (quoting *Mitchell*, 472

U.S. at 526) (emphasis added). The answer to insufficient pleading is dismissal, not discovery.

## IV. CONCLUSION

The claims asserted against Special Counsel Mueller in his personal capacity should be
dismissed.

Dated: June 17, 2019          Respectfully submitted,

C. SALVATORE D'ALESSIO, JR.
Acting Director
Torts Branch, Civil Division

*/s/ Richard Montague*
RICHARD MONTAGUE
Senior Trial Counsel, Torts Branch
Civil Division

*/s/ Laura Katherine Smith*
LAURA KATHERINE SMITH
Senior Trial Attorney, Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 7146, Ben Franklin Station
Washington, DC 20044
Tel: (202) 616-0419
Laura.Smith2@usdoj.gov

*Attorneys for Defendant Robert S. Mueller, III,*
*in his individual capacity*

15

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 17, 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing to the parties.

/s/ *Laura Katherine Smith*
LAURA KATHERINE SMITH